Diane Killian Allan
1152 W 475 S
Farmington, Utah
Email: diane@movinutah.com
*801-390-0970*

FILED US District Court-UT
SEP 09 '22 PM 03:17

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

|  |  |
|---|---|
| **Diane Killian Allan,**<br><br>*Plaintiff,*<br><br>*v.*<br><br>**Dane Hanson, Eric Johnsen, Wayne Hansen, David Cole, Troy Rawlings, John Carl Ynchausti, FARMINGTON CITY, a Corporation, Davis County Attorney's office, a Corporation and DAVIS COUNTY JUSTICE COURT, a Corporation dba DAVIS COUNTY DRUG COURT, INC.**<br><br>*Defendants.* | **PETITION AND REQUEST FOR EMERGENCY PRELIMINARY INJUNCTIVE RELIEF &**<br>**AND PETITION FOR DECLARATORY JUDGEMENT & VERIFIED CLAIM FOR DAMAGES**<br><br>Case: 1:22–cv–00117<br>Assigned To : Romero, Cecilia M.<br>Assign. Date : 9/9/2022<br>Description: Allan v Hanson et al<br><br>**TRIAL BY JURY DEMANDED** |

## PETITION AND REQUEST FOR EMERGENCY PRELIMINARY INJUNCTIVE RELIEF, PETITION FOR DECLARATORY JUDGEMENT AND VERIFIED CLAIM FOR DAMAGES

*NOW COMES* Plaintiff, **DIANE KILLIAN ALLAN,** hereinafter referred to as "Allan" or "Plaintiff," in this

court of record, being one of the sovereign people of Utah neither in the capacity as a citizen of the

STATE OF UTAH nor as a citizen of the United States, and files this Request for Emergency Injunctive

Relief and Original Petition for Declaratory Judgement and Claim for damages to freely exercise her right

to a trial by jury in a suit at common law guaranteed to her by the seventh amendment to the United States

Constitution.  Plaintiff will show that she was subjected to deprivation of rights under the color of state

law secured by the United States Constitution and Utah Constitution. Plaintiff will show that said

deprivation of constitutionally secured rights amounted to predicate acts, practiced and participated in, by

all Defendants who are public servants, who violated their sacred oaths of office, and who exceeded their

scope and authority granted to them by We The People. This action is brought pursuant to 42 U.S.C. §

1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States

Constitution, complaining of Defendants **DANE HANSON, ERIC JOHNSEN, WAYNE HANSEN, TROY**

**RAWLINGS, DAVID COLE, JOHN CARL YNCHAUSTI, FARMINGTON CITY, DAVIS COUNTY ATTORNEYS**

**OFFICE, and DAVIS COUNTY JUSTICE COURT**; respectively;  *and for cause of action would respectfully*

*show unto this Honorable Court the following Injunctive Relief.*

## **PARTIES**

1.  The Plaintiff, DIANE KILLIAN ALLAN, (Herein after Plaintiff) is a Private Citizen of Utah "state"

    and owns a piece of land situated within, but outside, the limits and jurisdiction of THE STATE OF

    UTAH, and can sue or be sued.

2.  The Defendant, DANE HANSON in his private and official capacity, (Herein after Defendant or

    Defendants collectively) is a citizen of the State of Utah, and can sue and be sued.

3.  The Defendant, ERIC JOHNSEN in his private and official capacity, (Herein after Defendant or

    Defendants collectively) is a citizen of the State of Utah, and can sue and be sued.

4.  The Defendant, WAYNE HANSEN in his private and official capacity, (Herein after Defendant or

    Defendants collectively) is a citizen of the State of Utah, and can sue and be sued.

5.  The Defendant, TROY RAWLINGS in his private and official capacity, (Herein after Defendant or

    Defendants collectively) is a citizen of the State of Utah, and can sue and be sued.

6. The Defendant, DAVID COLE in his private and official capacity, (Herein after Defendant or Defendants collectively) is a citizen of the State of Utah, and can sue and be sued.

7. The Defendant, JOHN CARL YNCHAUSTI in his private capacity, (Herein after Defendant or Defendants collectively) is a citizen of the State of Utah, and can sue and be sued.

8. The Defendant, FARMINGTON CITY and other interested Parties (Herein after Defendant or Defendants collectively) is a political subdivision of the "State" of Utah, and can sue and be sued.

9. On information and belief, Defendants DANE HANSON, ERIC JOHNSEN AND WAYNE HANSEN are, or were at the time of the events complained of herein, employed by the FARMINGTON CITY as Police Officers, or acting under the authority and orders of the FARMINGTON CITY and FARMINGTON POLICE.

10. The FARMINGTON CITY is a political subdivision of the "State" of Utah within the District of Utah.

11. On information and belief, Defendant JOHN CARL YNCHAUSTI is or was at the time of the events complained of herein, employed by the DAVIS COUNTY JUSTICE COURT, dba DAVIS COUNTY DRUG COURT, INC.

12. On information and belief, Defendants TROY RAWLINGS AND DAVID COLE are or were at the time of the events employed by the DAVIS COUNTY ATTORNEYS OFFICE.

13. At all times material to this Complaint, the Defendants were acting under color of state law, ordinance, and/or regulation, statutes, custom, and usage of the FARMINGTON CITY POLICE, DAVIS COUNTY JUSTICE COURT AND DAVIS COUNTY ATTORNEY'S OFFICE.

14. The DAVIS COUNTY ATTORNEYS OFFICE is a political subdivision of the "State" of Utah within the District of Utah.

15. The DAVIS COUNTY JUSTICE COURT is a private for profit corporation doing business as DAVIS COUNTY DRUG COURT, INC.

## VENUE

16. On information and belief, all parties are either reside in, or are a political subdivision of, the District of Utah, State of Utah, and the events giving rise to the claims asserted herein occurred within said district, therefore, venue is proper.

## JURISDICTION

17. This Court has subject matter jurisdiction over this case pursuant to title 28 U.S.C. § 1331, as this action arises under violations of the First, Fourth, Fifth, Sixth, Seventh, and Ninth Amendments to the United States Constitution by named Defendants; under title 28 U.S.C. § 1343(a)(3), in that it is brought to prevent imminent deprivations, under color of state law, of rights, privileges, and immunities secured by the United States Constitution; under title 28 U.S.C. § 1343(a)(4), in that it seeks to recover damages and secure equitable relief under an Act of Congress, specifically, title 42 U.S.C. § 1983, which provides a cause of action for the protection of civil and constitutionally secured rights; under title 28 U.S.C. § 2201 and 2202, to secure preliminary and injunctive relief from imminent deprivations of Plaintiff's right in property.

18. Plaintiff is NOT a member of the B.A.R. Association and is proceeding in propria persona in this action. Furthermore, the courts have held that action that is brought by sovereign individuals, is not to be held to the same high standards as action brought by licensed attorneys. All that is required is that the pleading be in a format that "*any reasonable person could understand*" which this pleading conforms to.

## FACTS OF THE CASE

19. Plaintiff is one of the people of Utah State. As such, she is guaranteed certain unalienable rights which are guaranteed to her by the United States Constitution and the Utah Constitution. At all times

during the course of this action, these rights were in place for the enjoyment of the Plaintiff as all are equal under the law and under the eyes of God.

20. Exhibit-3 Citizen's Un-rebutted Affidavit of Truth and unsigned, Rescissioned citation is included by reference as though fully stated herein.

21. Defendants DANE HANSON, ERIC JOHNSON, WAYNE HANSEN, TROY RAWLINGS, DAVID COLE, JOHN CARL YNCHAUSTI, FARMINGTON CITY, DAVIS COUNTY ATTORNEYS OFFICE, and DAVIS COUNTY JUSTICE COURT have violated Plaintiff's Constitutional rights and continue to maliciously prosecute Plaintiff for unconstitutional 'codes' and 'statutes'.

22. On or about April 7th, 2022, Plaintiff was traveling in her private automobile in the geographic region knows as Farmington, Utah.  Plaintiff reasonably expects to be able to access the public roads without her Liberty restrained as this is an inherent right.

23. Non-emergency use of emergency vehicle lights and sirens is a felony.  "State police power extends only to immediate threats to public safety, health, welfare, etc." Michigan v Duke; "The police power of the state must be exercised in subordination to the provisions of the U.S. Constitution" Bacahanan vs Wanley, 245 US 60.

24. Defendant DANE HANSON turned on his emergency lights on his police vehicle and forced Plaintiff off the road.

25. At about this time, Plaintiff turns on her cell phone and begins recording the events.

26. DEFENDANT HANSON approached the passenger side of Plaintiff's Automobile.

27. Defendant HANSON is presumed to be armed with deadly weapons.

28. There was no Emergency and Defendant DANE HANSON stated his reason for stopping Plaintiff was for expired registration.   HANSON unlawfully detained and falsely arrested Plaintiff without justification or probable cause.

29. There was no charging instrument, upon which the Defendant acted.

30. There was no probable cause and no evidence upon which the Defendant acted.

31. There was no affidavit of probable cause upon which the Defendant acted.

32. Defendants wrongfully claim to have the right to enforce traffic codes in the face of Plaintiff's Constitutional Rights.

33. Defendant HANSON then demanded Plaintiff's drivers license and insurance information. Plaintiff informed Defendant she was not operating under a license and that she was traveling in private, and not operating in commerce.

34. Defendant then asked "Do you have your insurance information?" Plaintiff replied "I'm not going to answer that". Defendant then said "What about registration", Plaintiff replied "I'm not going to answer that". Plaintiff had her liberty to move about unlawfully restrained by Defendant, despite the Defendants knowledge there was no probable cause for doing so.

35. Defendant HANSON then asked for other documents which Plaintiff had in her hand which included Plaintiff's passport and a copy of the Constitution for the United States. Plaintiff provided these documents. Plaintiff then asked the officer for a level 2 officer to scan the passport and informed the officer she had a right to travel in her private property.

36. Defendant returned to his police vehicle and after some time another officer arrived on the scene. The second officer LT. ERIC JOHNSEN upon exiting his vehicle put on his bullet proof vest and then conversed with the other officer behind my automobile.

37. DEFENDANT JOHNSEN is presumed to be armed with deadly weapons.

38. Defendant HANSON returned to my automobile and asked for my date of birth. Plaintiff replied "I'm not going to answer that".

39. At this time Defendant HANSON returned to his vehicle.

40. After some time passed HANSON returned to Plaintiffs automobile and stated "As I said the reason I stopped you was for the expired registration from September last year". Plaintiff then questioned

"What was your probable cause for stopping me?"  DEFENDANT HANSON replied "for the expired registration", Plaintiff replied "That's not probable cause".

> People v. Nothaus, 1447 Colo. 210. "No State government entity has the power to allow or deny passage on the highways, byways, nor waterways...transporting his vehicles and personal property for either recreation or business...Travel is not a privilege requiring licensing, vehicle registrations, or forced insurances".

41. Defendant HANSON then replied "OK" and continued speaking stating " I stopped you for expired registration and driving without a license.  Plaintiff then informed DEFENDANT he should know it's not probable cause and that if he had been properly trained you should know that". DEFENDANT continued "as I said before it was for expired registration and driving without a license".  Plaintiff handed the officer information about 18 USC §§ 241 and 242 and information about right to travel and told him to read it.

42. DEFENDANT HANSON ignored the information he was requested (18 USC §§ 241 and 242 and a right to travel document) to read then pulled a slip of paper off of his clip board, presumed to be a citation.  Plaintiff then stated "You are violating my rights under color of law Title 18 USC §§ 241 and 242, you are in violation of my rights".

43. DEFENDANT HANSON ignored Plaintiff and then threw the paper citation through Plaintiff's window stating Plaintiff was to call the court between 5-14 business days and walked away. DEFENDANT HANSON did not ask Plaintiff to sign the citation.  Defendant issued Plaintiff a citation for expired registration, Utah Code 41-1A-1303 and Utah Code 53-3-217 (1) (A)  No drivers license in possession, both infractions.

44. DEFENDANTS HANSON AND JOHNSEN continued to both stand right at Plaintiffs bumper of her automobile.  DENFENDANT JOHNSEN moments later approached Plaintiffs window and asked if I had questions.  Plaintiff asked "Am I being detained?" to which DEFENDANT JOHNSEN

stated "you are free to go".  Plaintiff also asked if the DEFENDANTS had scanned her passport to which DEFENDANT JOHNSON stated "Why would I do that?"  and then he walked away.

45. DEFENDANT WAYNE HANSEN, acting as Chief of Police for Farmington City has either failed to train the other defendant officer properly or failed to supervise leading to their violations of rights.

46. Plaintiff is not a member of Farmington City nor Farmington City Police nor is Plaintiff employed by anyone within this organization and is under no obligation or duty to follow "codes or statues" as a private state Citizen.

47. Defendants by their own admission do not possess proper authorization to enforce traffic codes under the Department of Transportation.  (See exhibit 1 Gramma Request response)

48. Defendants by and through their own admissions state they have no contracts held, no obligations, nor any authority to violate Plaintiff's rights.  (See exhibit 2 Gramma Request response)

49. A few hours later Plaintiff went to the FARMINGTON CITY POLICE DEPARTMENT with a witness, (Chase Allan) and hand delivered the Rescissioned citation.  The Clerk seemingly unaware stated she would get an officer to handle it.

50. It is a Fact that a rescission to this citation was also sent via Registered Mail # RF368325391US, RF 368325374US, and RF 368325388US along with an Affidavit of Status and Affidavit of Truth and Fact to each Defendant.  Affidavit and Proof of delivery documents attached as Exhibit 3.

51. DEFENDANT LT ERIC JOHNSEN came out to the lobby and asked how he could help plaintiff.

52. Plaintiff stated she was there to Rescission the citation DEFENDANT JOHNSEN then proceeded to crumple the citation into a ball and started to throw it in the trash can nearby and then refrained.

53. Plaintiff then tried to show him on her passport where he is directed by the Secretary of State to "allow citizens/national of the United States named herein to pass without delay or hinderance and in case of need to give all lawful aid and protection".

54. DEFENDANT JOHNSEN then stated "I don't have jurisdiction over a passport".

55. He then insisted the citation/summons would not go away and that if I didn't show up to court Plaintiff would have a warrant issued for her arrest".

56. DEFENDANT JOHNSEN stated that the moment Plaintiff enters the public roadway that Plaintiff is subject to the codes and Statues of the State of Utah and that Plaintiff must abide by these or be penalized.

57. DEFENDANT JOHNSEN stated that Plaintiff must register her vehicle in order to use the public roadways.

58. Plaintiff explained to DEFENDANT JOHNSEN that her car was a private automobile and the public roadways are open to all to use freely to travel.

59. DEFENDANT JOHNSEN then stated that if Plaintiff didn't register her vehicle it would be impounded.  The witness then stated "that's a threat" to which DEFENDANT JOHNSON replied "no, it's a promise, it's a promise".

60. DEFENDANT JOHNSON made a direct threat to Plaintiff when he stated "Your car is going to be impounded" and "we're going to take it away from you".

61. DEFENDANT JOHNSEN made a direct threat to me when he stated "Not if, we will impound your vehicle".

62. DEFENDANT JOHNSEN was informed that a such comments are a declaration of war against Plaintiff.  Plaintiff notified DEFENDANT JOHNSEN that she had come into the department to resolve this matter peaceably.

63. Plaintiff indicated to DEFENDANT JOHNSEN that the codes and statutes are for him to follow.

64. DEFENDANT JOHNSEN was asked if he had sworn an Oath to the Constitution to which he replied he had sworn an oath to the Constitution and to the Utah Constitution.

65. It is a FACT that on April 7, 2022, Plaintiff sent, Registered Mail # RF 368325365 US a notarized original of the same document to the Davis County Justice Court with a Motion to Dismiss for lack of jurisdiction.  Proof of delivery of document is attached in Exhibit 3.

66. It is a FACT that upon calling the court on they confirmed receipt of Plaintiffs documents and indicated the cause was "frozen".

67. It is a FACT that, Plaintiff then received a 'NOTICE OF PRETRIAL CONFERENCE" dated May 2, 2022 (Document attached as Exhibit 4).

68. It is a FACT that the PLAINTIFF has never received service of process for any claim.

69. It is a FACT that a court may not summon Plaintiff for anything other than a hearing or a trial.

70. It is a FACT that the court did not respond to Plaintiffs first Motion to Dismiss.

71. It is a FACT that there is no Real Party in interest.

72. It is a FACT that there is no Corpus Delecti.

73. It is a fact that the Davis County Justice Court Judge John Carl Ynchausti and Prosecutor David Cole held said conference was YNCHASTI issued a continuance.

74. It is a FACT that the certified copy of the court record indicates perjury on the record that alleged defendant "refused to sign".  Plaintiff was never asked to sign anything.

75. It is a FACT that Plaintiff did submit a second Motion to Dismiss on June 8, 2022, challenging subject matter jurisdiction and in personam jurisdiction, see Exhibit 5.

76. It is a FACT that UCRP 12 (h) (2) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court **shall** dismiss the action.

77. It is a FACT that the prosecutor did not respond or object to Plaintiffs motion to dismiss.

78. It is a FACT that the court did issue an order DENYING Plaintiffs Motion to Dismiss on its own accord.  Jurisdiction has NOT been proven.  See Exhibit 6

79. It is a FACT that the Plaintiff requested Findings of Fact and Conclusions of Law from Judge JOHN CARL YNCHASTI. See Exhibit 7.

80. It is a FACT that JUDGE JOHN CARL YNCHAUSTI did refuse to provide Findings of Fact and Conclusions of Law.

81. It is a FACT that the Clerk, Jennifer Nicholas did communicate JOHN CARL YNCHASTI'S refusal to provide Findings of Fact and Conclusions of Law via phone.  Clerk indicated DEFENDANT YNCHASTI would only discuss at a Pretrial Conference.  Plaintiff requested the response in writing.  Clerk refused and said she would only put it in an email.

82. It is a FACT that Clerk Jennifer Nicholas then made a presumption the Plaintiff was recording the call then stated "It's against the law to record this call, I'm hanging up now".  Clerk did disconnect the call with Plaintiff.

83. It is a FACT that the Court is showing clear bias and prejudice toward the Plaintiff.

84. It is a FACT that Plaintiff filed a Motion to Reconsider on August 4, 2022 and has received no response.  See Exhibit 8.

85. It is a FACT that pursuant to URCRP Rule 25 (b) (4) Mandatory dismissal – The court **shall** dismiss the information or indictment when the court is without jurisdiction.

86. It is a FACT that on August 24, 2022 Plaintiff did attend a Pre-Trial Conference as other attempts to resolve this matter to date had been unsuccessful.

87. It is a FACT that Plaintiff appeared *Specially* and at Arms Length to the Court to challenge jurisdiction.

88. It is a FACT that Judge JOHN CARL YNCHAUSTI then stated "Sir you need to step back behind the po, uh bar" to my lawful assistance of council.  My council then stated "she has assistance of council."  DEFENDANT YNCHAUSTI then stated "You're not council, unless you can show me a BAR license".  DEFENDANT YNCHAUSTI then instructed the deputies to ask Plaintiffs council to seat back in the gallery.  Plaintiff then spoke up and said "He is fine where he is I am entitled to lawful assistance of council".

89. It is a FACT that DEFENDANT YNCHAUSTI said "Let's go off the record right now" to the clerk.  Then to Plaintiffs council "Sir, I'm going to give you once chance to do what I am ordering you to do.

90. Plaintiff then asked DEFENDANT YNCHAUSTI, "is this a court of record?" to which he said it was a court of record.

91. It is a FACT that *the Justice* court is NOT a court of record pursuant to Utah Code 78a-*1-101 (2)* All courts are courts of record, except the justice courts, which are courts not of record.

92. It is a FACT DEFENDANT JOHN CARL YNCHAUSTI then said "Sir I'm going to give you one chance to comply with what I'm ordering you to do and then I'm going to ask the deputy to remove you" Assistance of council then asked "Under Title 18 § 1583 are you committing slavery and involuntary servitude?"

93. It is a FACT DEFENDANT YNCHAUSTI then ordered the deputies to remove Plaintiffs council from the room. Two deputies then drug him out of the court room against his will and against Plaintiffs wishes, to which neither Plaintiff or council consented. Council then cited "Self v Rhay Wn 2d 261, codes and statutes are not law they are corporate by laws".

94. Deputies then locked the doors closing the court to the public with no other witnesses or public in the room or able to access the room.

95. It is a FACT that all courts are to be open to the public at all times.

96. Upon Plaintiff Motion to Dismiss for lack of jurisdiction DEFEENDANT YNCHASTI DENIED the motion of his own accord.

97. It is a FACT that Jurisdiction has NOT been proven on the record and DEFENDANT YNCHASTI did refuse to provide FINDINGS OF FACT AN CONCLUSIONS OF LAW. Plaintiff motioned the court to dismiss for lack of jurisdiction multiple times all of which were Denied by DEFENDANT YNCHAUSTI.

98. It is a FACT that DEFENDANT YNCAUSTI did not do what the law commands him to.

99. Jurisdiction is a threshold issue. This court may not proceed in any matter until jurisdiction has been proven. Jurisdiction has not been proven. Pursuant to USC 556 (d) and URCRP Rule 25 (b)(4) it must be dismissed.

Jurisdiction, once challenged, is to be proven, not by the court, but by the party attempting to assert jurisdiction. The burden of proof of jurisdiction lies with the asserter. The court is only to rule on the sufficiency of the proof tendered. See, McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936). The origins of this doctrine of law may be found in MAXFIELD v. LEVY, 4 U.S. 330 (1797), 4 U.S. 330 (Dall.) 2 Dall. 381 2 U.S. 381 1 L.Ed. 424

100.     It is a FACT that DEFENDANT JOHN CARL YNCHAUSTI did refuse to recuse himself for prejudice and bias upon Plaintiffs motions.

101. It is a FACT that Plaintiff did state that on and for the record that all of my affidavits are stated in full herein.

102. It is a FACT that the DEFENDANT RAWLINGS acting in his role as Prosecutor did admit that there was no affidavit of probable cause, charging instrument and no information on the record.

103. It is a FACT that pursuant to URCRP Rule 7b (c) the magistrate MUST dismiss the information and discharge the defendant.

104. It is a FACT that DEFENDANT YNCHASTI did grant DEFENDANT TROY RAWLINGS more time to submit an information on the record even though there has been no RATIFICATION OR COMENCEMENT and DEFENDANTS DANE HANSON, ERIC JOHNSEN, WAYNE HANSEN and FARMINGTON CITY are Estopped from pursuing this cause as they have defaulted and the affidavit has gone unrebutted mailed via registered mail # RF 368325391US, RF 368325374US and RF 368325388US , Received on April 12 , 2022  and acquiesced and are in default.

105. It is a FACT that DEFENDANT YNCHAUSTI did set a Trial date without any Ratification and Commencment and no proof of Jurisdiction.

106. It is a FACT that DEFENDANT YNCHAUSTI did sterotype and/or discriminate and state "I've dealt with people like you before".

# FIRST CAUSE OF ACTION: DECLARATORY JUDGEMENT AND FEDERAL QUESTION

107. Plaintiff adopts and re-alleges paragraphs 1 through 106 of this complaint as though fully stated herein.

108. The Defendants did enforce a 'code' under the color of law that is in conflict with the Constitutional right to be secure in your persons, papers and effects to enforce upon and extinguish the rights of the Plaintiff, to the bitter end of forcing Plaintiff into involuntary servitude. The 'code' enforced by the Defendants is in conflict with the Utah Constitution Article I, Section 14. Said codes were also misconstrued to include private travelers. The code enacted by the State of Utah does not appear on its face to be in compliance with 18 USC 31 and 49 U.S. Code § 31301.

109. The Defendants, DANE HANSON and ERIC JOHNSON on or about April 7th, 2022 did trespass upon Plaintiff's rights, without due process of law, without probable cause and without a proper warrant, to deprive the Plaintiff of her constitutionally secured rights and in violation of title 18 § U.S.C. 241 and 242 as well as Utah Code Ann § 76-8-201 .

   MURDOCK v. PENNSYLVANIA, 319 U.S. 105 "No state may convert a secured liberty into a privilege, and issue a license and fee for it."

   18 U.S. Code § 245 (b) (2) (e) - Federally protected activities

   (e) traveling in or using any facility of interstate commerce, or using any vehicle, terminal, or facility of any common carrier by motor, rail, water, or air;

110. To make a civil infraction out of the use of, and the right to, access public road ways and travel in private, is an arbitrary and capricious abuse of discretion, without due process of law, such conduct is a direct assault on the Plaintiff's rights without consideration and in disregard of the facts.

111. On or about April 7th, 2022 the Defendants did deny rights clearly belonging to Plaintiff, under the guise of state laws and federal laws, among others, without just compensation.

112. **1st Federal Question:** When in the course of the business affairs of the Defendants, coming against the rights belonging to Plaintiff, are the Defendants subject to uphold Plaintiffs' constitutionally guaranteed rights? Plaintiff contends yes, but Defendants did not.

113. Therefore, the Plaintiff is entitled to injunctive relief against Defendants, to enjoin the Defendants from enforcing un-constitutional 'codes' and 'statutes' against Plaintiff.

114. **2nd Federal Question:** Must the Defendants comply with Federal law, Utah law, the United States Constitution, and the Constitution of the State of Utah? The Plaintiff contends yes, but Defendants did not.

115. Therefore, the Plaintiff is entitled to injunctive relief against Defendants, to enjoin the Defendants from enforcing un-constitutional, unlawful actions against Plaintiff.

116. **3rd Federal Question:** Must laws enacted by the State of Utah and adopted by the Defendants, be in compliance with Article 1 § 3 of the Utah Constitution and the 4th Amendment to the Constitution for the United State of America? Plaintiff contends yes, but said laws are contrary to the Utah Constitution.

117. **4th Federal Question:** Must police officers enforcing traffic codes be authorized under Federal law and the Department of Transport and be properly trained before enforcing transportation codes? The Plaintiff contends yes, but Defendants did not.

118. Wherefore, Plaintiff requests judgment against Defendants.

## SECOND CAUSE OF ACTION: 42 USC § 1983 FALSE ARREST

119. Plaintiff adopts and re-alleges paragraphs 1 through 118 of this complaint as though fully stated herein.

120. As described in the preceding paragraphs, the Defendants unlawfully detained and falsely arrested Plaintiff without legal justification or probable cause.

121. Defendants knew that Plaintiff had not committed any crimes and still continued to effectuate the arrest, detention, and prosecution of Plaintiff for the charge.

122. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

123. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights, specifically the First, Fourth, Sixth, Seventh, Ninth and Fourteenth Amendments and Section 9 and 10 of the Constitution for the United States, and hence 42 U.S.C. § 1983.

124. As a result of the unjustified violation of Plaintiff's rights by the Defendants, Plaintiff has suffered injury of anxiety, emotional distress, loss of enjoyment of life, time lost to address this matter and economic damages.

## THIRD CAUSE OF ACTION: 42 USC § 1983 UNREASONABLE SEARCH AND SEIZURE

125. Plaintiff adopts and re-alleges paragraphs 1 through 124 of this claim as though fully stated herein.

126. As a direct or proximate result of the Defendants actions under color of law Plaintiff was deprived of Plaintiff's Constitutionally-protected rights to due process of law.

127. As a direct or proximate result of the Defendants actions Plaintiff was deprived of her to equal protection under the law, to be free from unreasonable search and seizure without warrant and to privacy.

128. As a result of the unjustified violation of Plaintiff's rights by the Defendants, Plaintiff has suffered injury, anxiety, emotional distress, loss of enjoyment of life, time lost to address this matter and economic damages.

## FOUTH CAUSE OF ACTION: 42 USC § 1983 CONSPIRACY TO COMMIT CONSTITUTIONAL VIOLATIONS

129. Plaintiff adopts and re-alleges paragraphs 1 through 128 of this complaint as though fully stated herein.

130. As discussed in greater detail above, the Defendants conspired with each other to cause damage to the Plaintiff by:

131. Knowingly participating in violation of plaintiffs Constitutionally protected rights;

132. By making threats of kidnapping and theft of private property;

133. By destroying and concealing documents with the intent to cause further injury to Plaintiff, 18 USC 2071 – Concealment, removal or mutilation generally.  The aforementioned actions of the Defendant Officers were the direct and proximate cause of the violations of the United States Constitution discussed above, Plaintiff has suffered injury, anxiety, emotional distress, loss of enjoyment of life, time lost to address this matter and economic damages.

134.  Defendants did violate Plaintiffs rights under Amendment 4 to the Constitution "to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, shall not be violated, and no Warrant shall issue but upon probable cause to be supported by oath or affirmation".

135. Defendant did violate Amendment 6 to the Constitution "and to be informed of the nature and cause of the accusations; to be confronted with the witnesses against him".

136. Defendant did violate Amendment 7 to the Constitution " In suits at common law where the controversy shall exceed twenty dollars, the right to trial by jury shall be preserved.

137. Defendant did violate Amendment 5 to the Constitution "…nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law, nor shall private property be taken for public use without just compensation".

138. Defendants did violate Section 9 of the Constitution "No Bill of Attainder, Ex Post Facto law"; and Section 10 "No State shall … pass any bill of Attainder or Ex Post Facto laws" when they issued a citation against Plaintiff.

139. Defendant did violate the Utah Constitution Article 1 Section 14, " The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, particularly describing the place to be searched, and the person or thing to be seized.

140. The court erred in application of procedure and law as the Defendants failed to state a cause of action, provide probable cause, a signed information sworn under penalty of perjury, signed affidavit, or any other proper evidence hence, pursuant to Fed. R. Civ. P. 12(b)(6) **it must be dismissed**.

## FIFTH CAUSE OF ACTION:

## 18 USC §§ 241, 242 CONSPIRACY AGAINST RIGHTS

141. Plaintiff adopts and re-alleges paragraphs 1 through 140 of this petition as though fully stated herein.

142. Defendants knowingly participating in violation of plaintiffs Constitutionally protected rights;

143. Defendants did arrest Plaintiff without probable cause, without a proper warrant, and without reasonable articulatable suspicion of a crime and no corpus delecti.

144. Defendants did make a threat of kidnapping.

145. Defendants did make threats of theft of private property;

146. Defendants did destroy and concealing documents with the intent to cause further injury to Plaintiff.

147. Defendants did perjure themselves on the record.

148. Defendants did violate their Oaths to the Constitution for the United States and the Utah Constitution.

149. Defendant ERIC JOHNSON did either willfully conceal his signed oath of office or has not sworn and subscribed an oath of office. See Exhibit 9.

150. The aforementioned actions of the Defendant Officers were the direct and proximate cause of the violations of the United States Constitution discussed above, Plaintiff has suffered injury, anxiety, emotional distress, loss of enjoyment of life, time lost to address this matter and economic damages.

## SIXTH CAUSE OF ACTION: PREJUDICE AND BIAS

151. Plaintiff adopts and re-alleges paragraphs 1 through 150 of this petition as though fully stated herein.

152. This court may not proceed in any matter until jurisdiction has been proven.  Jurisdiction has not been proven.  Pursuant to URCRP Rule 25 (b)(4) it must be dismissed.

*Jurisdiction, once challenged, is to be proven, not by the court, but by the party attempting to assert jurisdiction. The burden of proof of jurisdiction lies with the asserter. The court is only to rule on the sufficiency of the proof tendered. See, McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936). The origins of this doctrine of law may be found in MAXFIELD v. LEVY, 4 U.S. 330 (1797). 4 U.S. 330 (Dall.) 2 Dall. 381 2 U.S. 381 1 L.Ed. 424*

153. Plaintiff did not receive service of process of any alleged matter.  There has never been proper service of process.  "The essential elements of due process are notice and an opportunity to defend."  Simon v Craft, 182 US 427.  Without lawful notice, there is no personal jurisdiction and all proceedings prior to filing of a proper trial document in compliance with the elements of jurisdiction is void.

154. Burden of proof: The Defendant(s) has the burden of production to come forward with facts demonstrating a prima facie case.  Per 5 USC 556 (d) The burden of proof rests with the prosecutor in this traffic citation cause, like all others, to prove all elements of the charge.   They have provided no proof and have not objected to the Motions to Dismiss.

155. There exists no probable cause, no affidavit of probable cause and no proper information filed with

the court.  Pursuant to URCRP Rule 7B (c) the magistrate **must** dismiss the information and discharge the defendant.

156. All information provided to date from FARMINGTON CITY and by and through the prosecutor is heresay.  No direct evidence of any crime has been presented. Informations are not due process of law.  There exists no accusation that has been made under Penalty of Perjury nor has a first hand witness come forward.  Information acquired from software and/or computer data bases is not based on facts or evidence and is third party information and heresay and does not comply with the Federal Rule of Evidence 602 need for personal knowledge.

## SEVENTH CAUSE OF ACTION: 42 USC § 1983 FAILURE TO INTERVENE

157. Plaintiff adopts and re-alleges paragraphs 1 through 156 of this complaint as though fully stated herein.

158. As described more fully above, one or more of the Defendants had a reasonable opportunity to prevent the violations of Plaintiff's constitutional rights as set forth above.

159. As a result of the Defendants' failure to intervene, Plaintiff suffered loss of Liberty, as well as anxiety, emotional distress.

160. The Defendants' actions were undertaken intentionally with malice and reckless indifference to Plaintiff's rights.

161. The misconduct described in this Count was undertaken by the Defendants within the scope of their employment and under color of law.

## EIGTH CAUSE OF ACTION: 42 USC § 1983 MALICIOUS PROSECUTION

162. Plaintiff adopts and re-alleges paragraphs 1 through 161 of this complaint as though fully stated herein.

163. As described more fully above, the Defendants commenced, caused to be commenced, and/or continued a criminal proceeding against Plaintiff for which Defendants knew there was no probable cause, and no charging instrument, and no crime.

164. Traffic infractions are not crimes.    *"Traffic Infractions Are NOT CRIME" (emphasis added) "Being subject to only local regulation, ie. safety, caution, traffic lights, speed limits, etc, travel is not a privilege requiring licensing, vehicle registration or forced insurances."* **Chicago Coach Co. v. City of Chicago.**

165. The Defendants' actions were undertaken intentionally, with malice and reckless indifference to the rights of others—specifically, the Plaintiff's.

166. As a result of the Defendants' malicious prosecution, Plaintiff has suffered injury, anxiety, emotional distress, loss of enjoyment of life, time lost to address this matter and economic damages.

167. Said Defendants continue to prosecute Plaintiff on false evidence or heresay.

168. Said Defendants continue to prosecute Plaintiff with no real party in interest.

169. Said Defendants continue to prosecute Plaintiff with no Corpus Delecti.

170. **There is no injured party (Corpus Delecti). For a crime to exist, there must be an injured party (Corpus Delicti) There can be no sanction or penalty imposed on one because of this Constitutional Protected Right."** Sherer v. Cullen 481 F. 945:

171. Said Defendants continue to administrate Plaintiff and her property without right.

172. It is a FACT that there is no contract that would obligate Plaintiff to perform. Clearfield Trust Co. vs United States 318 US 363-371 (1942)   "Governments descend to the Level of a mere private corporations and take on characteristics of a mere private citizen…where private corporate commercial paper [Federal Reserve Notes] and securities [checks] is concerned…For purposes of suit, such corporations and individuals are regarded as entities separate from government".

## NINTH CAUSE OF ACTION:

## STATE LAW CLAIM: ARMED ASSAULT

173. Plaintiff adopts and re-alleges paragraphs 1 through 172 of this complaint as though fully stated herein.

174. At that time, Plaintiff had a reasonable apprehension that she was in considerable danger and would be subjected to great bodily harm. Additionally, Defendants were presumed to be armed with deadly weapons. Plaintiff had a reasonable belief that those deadly weapons would be used against her if she did not comply.

175. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others—specifically, the Plaintiff.

176. As described in the preceding paragraphs, the conduct of the Defendants, acting under color of law and within the scope of their employment, was undertaken willfully and wantonly, proximately causing Plaintiff's injuries.

## TENTH CAUSE OF ACTION: SIMULATION OF LEGAL PROCESS

177. Plaintiff adopts and re-alleges paragraphs 1 through 176 of this complaint as though fully stated herein.

178. The DEFENDANTS issuing securities against Plaintiff when no contract exists and no crime or affidavit of probable cause is a simulation of legal process and abuse of process.

179. Locking court doors during business hours and locking Plaintiff inside is simulation of legal process intended to harass, injure, threaten and defraud Plaintiff.  Per the Constitution for the United States and the Utah State Constitution, all courts are to be open to the public.

180. DEFENDANTS moving a fraudulent case against Plaintiff for unjust enrichment of DEFEDANTS without any appearance of Due Process or the Rule of Law is a simulation of legal process.

181.    DEFENDANTS proceeding in this fraudulent action with no jurisdiction is a simulation of a legal process and violation of Plaintiffs rights to due process and protections under the Constitution for the United States.

## ELEVENTH CAUSE OF ACTION: STATE LAW CLAIM: *RESPONDEAT SUPERIOR*

182. Plaintiff adopts and re-alleges paragraphs 1 through 181 of this complaint as though fully stated herein.

183. In committing the acts alleged in the preceding paragraphs, the Defendants were acting as members and agents of FARMINGTON CITY POLICE acting at all relevant times within the scope of their employment.

184. Defendants FARMINGTON CITY is liable as principal for all torts committed by its agents when acting as its agent.

## TWELTH CAUSE OF ACTION: STATE LAW CLAIM: *INDEMNIFICATION*

185. Plaintiff adopts and re-alleges paragraphs 1 through 184 of this complaint as though fully stated herein.

186. Utah law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

187. The Defendants are employees of the FARMINGTON CITY POLICE, DAVIS COUNTY ATTORNEYS OFFICE AND DAVIS COUNTY JUSTICE COURT respectively and who acted within the scope of their employment in committing the misconduct described herein.

## DAMAGES

188. Plaintiff adopts and re-alleges paragraphs 1 through 187 of this petition as though fully stated herein.

189. Plaintiff suffered actual, compensatory, special, punitive, and treble damages.

190. As a result of the nature and consequences of her damages, Plaintiff suffered mental anguish, emotional distress, loss of enjoyment of life, time lost to address this matter and economic damages.

191. Plaintiff seeks such recovery together with all damages to which Plaintiff may show to be justly entitled, which amounts are in excess of the minimum jurisdictional limits of this Court.

192. Defendants may be liable for additional damages that may come to light during the discovery process or at trial.

## INTEREST

193. Plaintiff adopts and re-alleges paragraphs 1 through 192 of this petition as though fully stated herein.

194. Plaintiff pleads entitlement to pre-judgment interest at the rate allowed by law, and no more than is allowed by law, on any damages awarded by this Court to them.

195. Plaintiff further pleads that if Plaintiff is not allowed such pre-judgment interest he will not be fully compensated.

196. In addition, Plaintiff pleads entitlement to post-judgment interest in the maximum amounts allowed by law, and no more than is allowed by law, until the judgment is paid.

## REQUEST FOR EMERGENCY INJUNCTIVE RELIEF

197. Plaintiff adopts and re-alleges paragraphs 1 through 196 of this petition as though fully stated herein.

198. Plaintiff seeks to enjoin the Defendants from the following:

   a) Conducting or participate in conference, hearings or trial or in issuing any orders related to or involving Plaintiff;

   b) Taking any action to kidnap Plaintiff.

   c) Taking any action to take property in use by Plaintiff.

## THREAT IS IMMINENT

199. Accordingly, Plaintiff respectfully requests that the Emergency Temporary Restraining Order issue without notice.

## IRREPARABLE HARM

200. In addition, Plaintiff has and will suffer continued defamation of character.

201. Plaintiff is likely to prevail on the merits of this petition and claim.

**WHEREFORE** PREMISES CONSIDERED Plaintiff Diane Killian Allan requests:

202. A temporary restraining order be issued without notice to the Defendants, restraining Defendants, their attorneys, trustees, agents, servants, representatives, assignees, substitutes, and employees and the Davis County Justice Court and their attorneys, trustees, agents, servants, representatives, assignees, substitutes, and employees from:

   a) Conducting or participate in conference, hearings or trial or in issuing any orders related to or involving Plaintiff;

   b) Taking any action to kidnap Plaintiff.

   c) Taking any action to take property owned or in use by Plaintiff.

203. Defendants be cited to appear and show cause and that on such hearing, a preliminary injunction be issued, enjoining Defendants, their attorneys, trustees, substitute trustees, agents, servants, representatives, assignees, substitutes, and employees from:

   a) Conducting or participate in conference, hearings or trial or in issuing any orders related to or involving Plaintiff;

   b) Taking any action to kidnap Plaintiff.

c)  Taking any action to take property owned or in use by Plaintiff.

204. A permanent injunction be ordered on final trial of this cause, enjoining Defendants, their attorneys, trustees, substitute trustees, agents, servants, representatives, assignees, substitutes, and employees from:

205. Conducting or participate in conference, hearings or trial or in issuing any orders related to or involving Plaintiff;

206. Taking any action to kidnap Plaintiff.

207. Taking any action to take property owned or in use by Plaintiff.

208.  Actual, compensatory, special, and exemplary damages;

209.  Statutory penalties, if any;

210. Costs of court and bringing of this suit;

211. All further relief, general or specific, at law or equity, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

**WHEREFORE**, Plaintiff, DIANE KILLIAN ALLAN, respectfully requests that this Court enter judgment in her favor against Defendants, DANE HANSON, ERIC JOHNSEN, WAYNE HANSEN, FARMINGTON CITY, TROY RAWLINGS, DAVID COLE, DAVIS COUNTY ATTORNEYS OFFICE, JOHN CARL YNCHAUSTI and DAVIS COUNTY DRUG COURT, INC. awarding compensatory damages and fees, along with punitive damages against the DEFENDANTS in their individual capacity, as well as any other relief this Court deems just and appropriate.

## TRIAL BY JURY DEMAND

Plaintiff, **DIANE KILLIAN ALLAN**, hereby demands a trial by jury pursuant to Federal Rule of Civil

Procedure 38(b) as well as pursuant to the seventh amendment to the United State Constitution on all issues

so triable.

*RESPECTFULLY SUBMITTED THIS ____9____ Day of September, 2022*

By: Diane Killian Allan

Diane Killian Allan