MATTHEW D. CHURCH #15574
**PLANT, CHRISTENSEN & KANELL**
136 East South Temple, Suite 1700
Salt Lake City, Utah 84111
 (801) 363-7611
mchurch@pckutah.com
*Attorney for Dane Hanson, Eric Johnsen, Wayne Hansen, and Farmington City*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DIANE KILLIAN ALLAN<br><br>  Petitioner,<br><br>v.<br><br>DANE HANSON, ERIC JOHNSEN, WAYNE HANSEN, DAVID COLE, TROY RAWLINGS, JOHN CARL YNCHAUSTI, FARMINGTON CITY CORPORATION, DAVIS COUNTY ATTORNEY'S OFFICE, DAVIS COUNTY JUSTICE COURT DBA DAVIS COUNTY DRUG COURT INC.<br><br>  Respondents. | **MOTION TO DISMISS ALL CLAIMS AGAINST THE FARMINGTON CITY DEFENDANTS**<br><br>Case No. 1:22-CV-00117<br><br>Judge Dale A. Kimball<br>Magistrate Judge Cecilia M. Romero |

Defendants Dane Hanson, Eric Johnsen, Wayne Hansen, and Farmington City Corporation (together the "Farmington City Defendants"), move this Court to dismiss all claims directed against them. This motion is made under Fed. R. Civ. P. 12(b)(6) because the plaintiff has failed to state a claim upon which relief can be granted. Farmington City Defendants also reserve their right to bring future motions under the doctrine of qualified immunity or the Utah Governmental Immunity Act.

## RELIEF SOUGHT AND GROUNDS FOR THE MOTION

This Court should dismiss Plaintiff's Petition against the Farmington City Defendants because it fails to plead any causes of action on which relief could be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). But a "broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

Despite the length of her Petition, Plaintiff has not met her burden to plead sufficient information. Plaintiff's Petition does not allege sufficient facts to support a recognized legal claim. Thus, the Farmington City Defendants ask this Court to dismiss all claims directed at them because none of the causes of action contain viable claims against the Farmington Defendants.

## BACKGROUND

Plaintiff's claims appear to arise out of typical traffic stop and the later prosecution in justice court. Officer Hanson pulled the Plaintiff over because she was driving a vehicle with expired registration, and she did not have a driver's license in her possession. *Petition*, ¶ 33, ¶ 43. She was later convicted of her criminal charges in a Davis County Justice Court.

In response, Plaintiff now files her "Petition and Request for Emergency Preliminary Injunctive Relief And Petition for Declaratory Judgment & Verified Claim for Damages." This Petition includes twelve "causes of action" against nine defendants, who either work for Farmington City or Davis County. In her causes of action, Plaintiff does not distinguish which causes of action are directed at which specific defendants.

## STATEMENT OF RELEVANT FACTS

These allegations are in Plaintiff's Petition. Farmington City Defendants include these specific allegations because they are relevant to the arguments in this motion. The Farmington City Defendants reserve the right to deny or admit any of these allegations if their Answer is required.

1. "On or about April 7th 2022, Plaintiff, was traveling in her private automobile in the geographic region know[n] as Farmington, Utah." *Petition* ¶ 22.

2. "Defendant [Hanson] turned on his emergency lights on his police vehicle and forced plaintiff off the road." *Petition* ¶ 24. He approached Plaintiff's vehicle and stated his reason for stopping the plaintiff was for expired registration. *Petition* ¶ 26, 28.

3. "Defendant Hanson then demanded Plaintiff's drivers license and insurance information. Plaintiff informed Defendant she was not operating under a license and that she was traveling in private, and not operating in commerce." *Petition* ¶ 33.

4. Defendant Hanson then asked "Do you have your insurance information?" Plaintiff responded "I'm not going to answer that" Defendant then asked "what about registration? Plaintiff replied "I'm not going to answer that." *Petition* ¶ 34.

5. Defendant Hanson asked for "the documents the Plaintiff had in her hand which included Plaintiff's passport and a copy of the Constitution for the United States." *Petition* ¶ 35.

6. Defendant Hanson returned to his vehicle and came back and asked the Plaintiff for Plaintiff's date of birth. Petition ¶ 38. Plaintiff responded "I am not going to answer that." *Id.*

7. Defendant Hanson returned to his vehicle again and came back and stated, "As I said the reason I stopped you was for the expired registration from September last year." Plaintiff asked "what was your probable cause for stopping me? Defendant responded for the expired registration." *Petition* ¶ 40.

8. Defendant Hanson refused to read Plaintiffs information upon her request and threw the paper citation through her window stating, "Plaintiff was to call the court between 5-14 business days" *Petition* ¶ 42, 43.

9. After the citation was given to Plaintiff, Defendant Johnsen approached the Plaintiff's window and asked if the Plaintiff had any questions. Plaintiff asked "Am I was being detained? Defendant Johnsen responded "you are free to go." *Petition* ¶ 44.

10. Plaintiff alleges multiple times that she was pulled over without probable cause. *Petition*, ¶28, 34, 40.

11. Plaintiff alleges Defendant Wayne Hansen, Chief of Police for Farmington City, "has either failed to train the other defendant officer properly or failed to supervise leading to their violations of rights." *Petition*, ¶45.

12. Plaintiff presumed both Defendant Hanson and Defendant Johnsen were armed with deadly weapons. *Petition* ¶ 27, 37.

13. Plaintiff alleges "[she] had a reasonable apprehension that she was in considerable danger and would be subject to great bodily harm." *Petition*, ¶ 174.

14. Plaintiff alleges "[she] had a reasonable belief that those deadly weapons would be used against her if she did not comply." *Petition*, ¶174.

15. Plaintiff alleges "Defendants unlawfully detained and falsely arrested Plaintiff without legal justification or probable cause."

16. Plaintiff alleges Defendants violated her rights under Utah Code §76-8-201. *Petition*, ¶109.

## ARGUMENT

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). "Plaintiff cannot merely rely on labels and conclusions" and "must show factual allegations that raise the right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007).

I. **THIS COURT SHOULD DISMISS CAUSES OF ACTION 1, 5, 6, 10, 11, AND 12 BECAUSE THEY ARE NOT VALID CAUSES OF ACTION.**

Plaintiff asserts causes of action that do not exist. Plaintiff includes allegations or purported legal conclusions but improperly titles them as "causes of action." For example, Plaintiff is apparently suing for "prejudice and bias", but it is unclear what type of claim she is actually asserting. Rule 8 of the Federal Rules of Civil Procedure require a pleading to contain a

"short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Defendants need not guess when preparing to defend themselves, the Plaintiff is required "to place the defendant on notice as to the type of claim alleged and ground upon which it rests. *Mountain View Pharmacy v. Abbott Lab'ys*, 630 F.2d 1383, 1388 (10th Cir. 1980). Thus, this Court should dismiss causes of action 1, 5, 6, 10, 11, and 12 because they are invalid causes of action.

## II. THIS COURT SHOULD DISMISS CAUSES OF ACTION 4, 7, 8, AND 10 BECAUSE THEY ARE NOT DIRECTED AT THE FARMINGTON CITY DEFENDANTS.

It appears that causes of action 4, 7, 8, and 10 are claims for violating her 5th, 6th, 7th, 9th and 14th amendment rights. But these claims do not look to be directed at the Farmington Defendants. Plaintiff's causes of action do not specify which defendant did what; instead, the causes of action lump all "defendants" together. This is improper. To state a claim, a complaint must "make clear exactly *who* is alleged to have done *what* to *whom*.. ." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). It is unclear from reading these causes of action what claims, if any, are being directed against the Farmington City Defendants. Thus, this Court should grant the Farmington City Defendants motion as applied to causes of action 4, 7, 8, and 10

## III. THIS COURT SHOULD DISMISS CAUSES OF ACTION 2, 3, 4, 7, 8, AND 9 BECAUSE PLAINTIFF DID NOT INCLUDE FACTUAL ALLEGATIONS THAT ESTABLISH DEFENDANTS DID ANYTHING IMPROPER.

Cause of action 2, 3, 4, 7, and 8 are all purported to be different § 1983 claims. In order to state a cognizable claim under § 1983, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating each named defendant's personal participation is essential allegation in civil

rights action). In addition for a claim to be plausible, a plaintiff must offer more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action.". *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009). Specifically, in a § 1983 context "[a plaintiff] must allege facts sufficient to show (assuming they are true) that the [defendant] plausibly violated [his or her] constitutional rights, and that those rights were clearly established at the time. This requires enough allegations to give the [defendant] notice of the theory under which [his or her] claim is made." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008).

Here, Plaintiff makes general assertions of "loss of Liberty", "malice and reckless indifference", and "color of law" but without providing sufficient details of the events involving these claims or the Farmington City Defendants' personal involvement in the alleged constitutional violations. Without additional clear and concise information, the Farmington City Defendant cannot prepare a defense and the Court is without the information necessary to adjudicate the merits of this action.

Even under a generous reading of the specific causes of action, the Farmington City Defendants are entitled to dismissal. While the causes of action are not organized by specific constitutional provision, the Farmington City Defendants will address specific claims below.

*Fourth Amendment Violation:* Included in these various causes of action are apparent Fourth Amendment claims. Plaintiff concludes that she was pulled over for a traffic stop without probable cause and this violated her Fourth Amendment rights. *Petition*, ¶ 28. To prevail on this claim Plaintiff must allege facts that show 1) Defendant stopped her unjustly and 2) the resulting

detention was not reasonably related in scope to circumstances that justified the stop. *Terry v. Ohio,* 392 U.S. 1, 20 (1968). Plaintiff fails to plead sufficient facts to support these elements.

In *Terry v. Ohio* the Supreme Court held that a traffic stop was not an unreasonable search prohibited by the Fourth Amendment when 1) the police officer's action was just at its inception and 2) the resulting detention reasonably related in scope to the circumstances that justified the interference in the first place. *Id.* One justifiable reason an officer may conduct a traffic stop is the officer witnesses a traffic violation. *United States v. Thompson*, 591 F. App'x 652, 657 (10th Cir. 2014).

Here, Plaintiff has failed to allege facts that would show Officer Hanson was unjustified in pulling over the Plaintiff for expired registration. The plaintiff asserts multiple times that the Farmington City Defendants did not have probable cause to stop her. *Petition*, ¶28, 34, 40. However, this Court is not "bound to accept mere legal conclusions." Olpin v. Ideal Nat. Ins. Co., 419 F.2d 1250, 1255 (10th Cir. 1969). The relevant fact is that the officer told her why he pulled her over—she had expired registration. *Petition*, ¶28, 40.. The officer turned on his lights and stopped her for that reason. Petition, ¶24.. The plaintiff has failed to allege facts, despite her legal conclusions, that show the stop was unjust at its inception.

Plaintiff has failed to allege facts that would show the detention was unreasonable. In order to succeed, Plaintiff must also allege facts that would show the resulting detention was unjustified in scope. Here the relevant facts are: 1) Officer Hanson asked Plaintiff for her driver's license and registration, she responded "I do not operate under a license." *Petition* ¶ 33. 2) Officer Hanson then asked for the documents in her hands, her passport, and copy of the Constitution. *Petition* ¶ 35. 3) Officer Hanson gave her a paper citation for driving without a

license and for expired registration. *Petition* ¶ 42, 43. 4) After the citation was given, Officer Johnsen asked Plaintiff if she had any questions. *Petition* ¶ 44. Plaintiff asked if she was being detained?" and Officer Johnsen told Plaintiff she was free to go. *Id.* None of these facts show the stop was unjustified or beyond the scope of a citation for expired registration. The facts alleged cannot give rise to plausible claim for relief under the Fourth Amendment.

<u>*First Amendment Violation*</u>. The plaintiff alleges "Defendants unlawfully detained and falsely arrested Plaintiff without legal justification." *Petition*, ¶ 120. Plaintiff asserts this conduct for the basis of a First Amendment violation. *Id.* ¶ 123. This allegation alone does not show that the Defendant's in anyway tried to restrict or censor her freedom of speech. Plaintiff cites no facts that show her speech was ever restricted. Plaintiff also has failed to allege facts that show her rights to the free exercise of religion have been violated in anyway. The Court should this dismiss this claim because the Plaintiff has failed to allege facts that would entitle her to relief under the First Amendment.

<u>*Assault.*</u> Along with the constitutional claims, it appears Plaintiff is attempting to make a State-law tort claim. If so, the Farmington City Defendants reserve their right to bring future motions under the Utah Governmental Immunity Act, if necessary. Notwithstanding, on its face, this claim also fails at this pleading stage.

Plaintiff alleges 1) That she had a reasonable apprehension that she was in considerable danger and would be subjected to great bodily harm. *Petition*, ¶ 174. 2) that "Defendants were presumed to be armed with deadly weapons." *Petition* ¶ 27, 37. 3) That she had a reasonable belief that those deadly weapons would be used against her if she did not comply. *Petition*, ¶ 174. The elements of assault require that a plaintiff show that "the defendant acted, intending to

cause harmful or offensive contact with the plaintiff, or imminent apprehension of such contact." *D.D.Z. v. Molerway Freight Lines, Inc.*, 880 P.2d 1, 3 (Utah Ct. App. 1994). The plaintiff has pleaded no facts that would show the officer's intent and has thus failed to allege facts that would entitle her to relief. Thus, the Court should dismiss this assault claim.

### IV. THIS COURT SHOULD DISMISS CAUSES OF ACTION 1, 4, AND 5 BECAUSE THEY ARE BASED ON STATUTES THAT DO NOT HAVE A PRIVATE CIVIL RIGHT OF ACTION.

Again, without additional clarifying information the Farmington City Defendants do not know if these causes of action are directed against them or what specific events give rise to causes of action 1, 4, and 5. Notwithstanding, Plaintiff is making claims based on various State and Federal Statutes that do not include a private right of action. This Court can dismiss these causes of action because these statutes do not provide for private civil causes of action. *See Kelly v. Rockefeller*, 69 Fed. Appx. 414, 415-16 (10th Cir. 2003).

*Official Misconduct.* Under Utah Code § 76–8–201, Plaintiff alleges official misconduct. *Petition*, ¶ 109. This appears to be the basis for all (or some) of Plaintiff's first cause of action. This statute is part of Utah's criminal code and there is no language in the statute that gives Plaintiff a private cause of action. When a statute "does not specifically provide for a private right of action, we generally will not create such a private right of action." *Conner v. Dep't of Com.,* 443 P.3d 1250, 1258–59 (Utah Ct. App. 2019). Since this cause of action is not available to the plaintiff, any claim based on this section should be dismissed.

*Concealment, Removal, and Mutilation of Government Documents.* Next, in Plaintiff's fourth cause of action, she cites 18 U.S.C. § 2071, to assert a claim for Concealment, removal or mutilation of government documents. *Petition*, ¶ 133. This statute also does not appear to create

a private cause of action. *See generally Dugar v. Coughlin*, 613 F. Supp. 849, 852, Footnote 1. (S.D.N.Y. 1985), *Larsen v. Larsen*, 671 F. Supp. 718, 719 (D. Utah 1987). Thus, Plaintiff's 2071 claim should be dismissed, because there no is private cause of action.

*Conspiracy and Deprivation of Rights under 18 U.S.C. §§ 241, and 242.* Finally, Plaintiff bases her fifth cause of action on her claims for "conspiracy of rights and deprivation of rights under the color of law." *Petition*, P.18. But, again, these claims under Title 18 do not have a private cause of action, but they do have a civil counterpart, 42 U.S.C. 1983. *Larsen v. Larsen*, 671 F. Supp. 718, 719 (D. Utah 1987), *aff'd*, 871 F.2d 1095 (10th Cir. 1989) (stating "there is no private right of action under [Section 241 and 242].") The criminal claims should be dismissed and civil claims are addressed under, 42 U.S.C. 1983 in the preceding section.

V. **THIS COURT SHOULD DISMISS ALL CLAIMS AGAINST DEFENDANT WAYNE HANSEN BECAUSE HE WAS NOT DIRECTLY INVOLVED IN THE ARREST.**

Plaintiff directs claims against Defendant Wayne Hansen because is the Chief of Police for Farmington City. *Petition*, ¶45. But Plaintiff may not name an individual as a defendant based solely on supervisory status. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone cannot support liability under § 1983). "Personal liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Brown v. Montoya,* 662 F.3d 1152, 1163 (10th Cir.2011) (internal quotation marks omitted).

While Plaintiff makes broad accusations against the Farmington Defendants generally there are no substantive allegations directly against Defendant Wayne Hansen. This is fatal to Plaintiff's Petition because the complaint must clearly state what each individual defendant did

to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each defendant is essential allegation). Thus, this Court should dismiss all causes of action directed at Defendant Wayne Hansen.

## CONCLUSION

Defendant requests that Plaintiff's Petition be dismissed under Fed. R. Civ. P. 12(b)(6), that Plaintiff takes nothing, and that the Farmington City Defendants be awarded attorney's fees and costs incurred in defending this action, and for any other relief that the Court may find necessary, just, and proper under the circumstances.

DATED: October 6, 2022.

        **PLANT CHRISTENSEN & KANELL**

        _____
        MATTHEW D. CHURCH
        *Attorney for Farmington City Defendants*

## CERTIFICATE OF SERVICE

I certify that on October 6, 2022, a copy of the foregoing was electronically filed with the Clerk of the Court and served via U.S. mail, postage prepaid, to the following:

Diane Killian Allan
1152 West 475 South
Farmington, Utah 84025
diane@moveinutah.org
*Pro Se Plaintiff*

Neal C. Geddes
Michael W. Homer
Jesse C. Trentadue
Robert J. Brennan
SUITTER AXLAND, PLLC
mhomer@sautah.com
*Attorneys for Davis County Defendants*

    */s/ Thalia Tran*