Michael W. Homer (#1535)
Jesse C. Trentadue (#4961)
Robert J. Brennan (#15550)
*SUITTER AXLAND, PLLC*
8 East Broadway, Suite 200
Salt Lake City, UT  84111
Telephone: (801) 532-7300
Facsimile: (801) 532-7355
mhomer@sautah.com
jesse32@sautah.com
rbernnan@sautah.com

Neal C. Geddes (#11651)
Davis County Attorney's Office - Civil Division
28 E. State Street
Farmington, UT 84025
Telephone: (801) 451-3570
ngeddes@co.davis.ut.us

*Attorneys for Davis County Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DIANE KILLIAN ALLAN, <br><br> Plaintiff, <br><br> v. <br><br> DANE HANSON, ERIC JOHNSEN, WAYNE HANSEN, DAVID COLE, TROY RAWLINGS, JOHN CARL YNCHAUSTI, FARMINGTON CITY a corporation; DAVIS COUNTY ATTORNEY'S OFFICE and DAVIS COUNTY JUSTICE COURT dba DAVIS COUNTY a corporation, <br><br> Defendants. | **DAVIS COUNTY DEFENDANTS' MOTION TO DISMISS and/or MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> Case No. 1:22-CV-00117 <br><br> Judge Cecilia M. Romero <br><br> **Oral Argument Not Requested** |

This action arises out of Diane Killian Allan ("Allan") having been cited by a Farmington

City, Utah police officer with for driving a vehicle with expired registration and not having a

driver's license in her possession.[1]  In defense of these charges, Allan presented the officer with a copy of her passport and the United States *Constitution*.[2]  Allan, who is and was proceeding *pro se*, was convicted of those charges by Judge John Carl Ynchausti of the Davis County Justice Court.  David Cole was the prosecutor, and Troy Rawlings is the Davis County Attorney, whose office had nothing to do with the charging, prosecution and/or conviction of Allan.  In addition, Allan did not file a Notice of Claim pursuant to the *Governmental Immunity Act of Utah* ("GIAU").[3]

Nevertheless Allan, who claims to be  a "sovereign citizen," "a woman of God," "bond-servant of Christ" and a "creation of God-Almighty," has commenced this action against numerous defendants, including prosecutor David Cole, who enjoys prosecutorial immunity; Davis County Attorney Troy Rawlings, who enjoys qualified immunity; Judge John Carl Ynchausti, who enjoys judicial immunity; and both the Davis County Attoreny's Office and the Davis County Justice Court allegedly doing business as Davis County Drug Court, Inc., which are non-jural entities not subject to suit (collectively "*Davis County Defendants*").

This action arises out of Allan having been cited by a Farmington City, Utah officer with for driving a vehicle with expired registration and not having a driver's license in her possession.[4]  In defense of these charges, Allan presented the officer with a copy of her passport and the United States *Constitution*.[5]  Alan was subsequently convicted of these charges.[6]

---

[1] *Petition*, ECF 1 ¶¶ 33 and 43.
[2] *Id.* at ¶35.
[3] U.C.A. §§63G-7-101 *et. seq.*
[4] *Petition*, ECF 1 ¶¶ 33 and 43.
[5] *Id.* at ¶35.
[6] *See Judgment* attached hereto as Exhibit A.

## MOTION and RELIEF REQUESTED

Allan's *Petition* consists of twelve federal and state claims for relief, including a request for the Court to enjoin her prosecution even though she has now been convicted of those offenses.[7]  Because Allan stands convicted of the charges about which she complains she cannot collaterally attack that conviction with this lawsuit.  In addition, prosecutor David Cole ("Cole"), Judge John Carl Ynchausti ("Ynchausti"), and Davis County Attorney Troy Rawlings ("Rawlings") enjoy prosecutorial immunity, judicial immunity, and/or  qualified immunity. The declaratory and injunctive relief that Allan seeks is likewise barred by the *Anti-Injunction Act*, the *Younger Doctrine* and/or the *Rooker-Feldman Doctrine*.

The Davis County Attorney's Office and the Davis County Justice Court are non-jural entities that can neither sue nor be sued.[8]  Allan's claim are barred, too, by the Governmental Immunity Act of Utah ("*GIAU*").  Finally, Allan has not pled a plausible claim for relief against any *Davis County Defendant*.

Wherefore, pursuant to *Federal Rules of Civil Procedure* 12(b)(6) and 12(c), *Davis County Defendants* hereby move to dismiss Allan's *Petition* with prejudice. Oral argument is not requested.

## STANDARD OF REVIEW

A *Motion for Judgment on the Pleadings* under *Rule* 12(c) and a *Motion to Dismiss* under *Rule* 12(b)(6) are evaluated under the same legal standard.[9] The Court accepts all of a plaintiff's

---

[7] *See Petition*, ECF 1.

[8] The Farmington Defendants have also moved to dismiss Allan's Petition [ECF 37]. Pursuant to *DUCivR* 7-1(a)(7), *Davis County Defendants* hereby adopt and incorporate by reference the arguments advanced by the Farmington Defendants in support of their *Motion to Dismiss*.

[9] *See Park University Enterprises, Inc. v. American Cas. Co. Of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006); *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223-24 (10th

well-pleaded allegations as true, views those allegations in the light most favorable to the non-moving party, and likewise affords the non-movant all reasonable inferences from those allegations.[10] In addition, under both *Rule* 12(c) and *Rule* 12(b)(6), the Court considers any written documents attached to the pleadings as well as matters of which the Court can take judicial notice or that are matters of public record.[11] Ultimately, however, the question to be decided by the Court is whether the complaint plausibly states a claim upon which relief can be granted.[12] If it does not, then the 12(c) and/or 12(b)(6) *Motion* should be granted.[13]

## CONTROLLING LAW

*Davis County Defendants* submit that the most practical and efficient means of addressing the flaws in Allan's *Petition* is to focus on the broad, well established legal doctrines that apply to and preclude her claims. Those doctrines are presented below:

### A.   **Governmental Immunity**:

The Governmental Immunity Act of Utah "*GIAU*" requires that with respect to claims asserted against a governmental entity and its employees a *Notice of Claim* must be filed.[14] A timely *Notice of Claim* is necessary to vest the Court with subject matter jurisdiction, whereas the "failure to file such notice deprives the court of subject matter jurisdiction"[15] The filing of a

---

Cir. 2009).

[10] *See Park University Enterprises, Inc.*, 442 F.3d at 1244. *See also* Fed. R. Civ. P. 10(c) (exhibits to a pleading are a part of the pleading for all purposes).

[11] *See id. See also* Fed. R. Civ. P. 10(c) (Exhibits to a pleading are a part of the pleading for all purposes).

[12] *Silver v. Glass*, 459 Fed. App'x 691, 695-96 (10th Cir. 2021) (unpublished).

[13] When the allegations in the *Complaint* do not meet this test, the Court can dismiss *sua sponte. See Curley v. Perry.* 246 F.3d 1278, 1284 (10th Cir. 2001) ("*Sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

[14] U.C.A. §§63G-7-401 and 63G-7-402.

[15] *Wallace v. Grey*, 2009 WL 249461 *9 (D. Utah Feb 2. 2009).

*Notice of Claim* is also a prerequisite for alleged violation of right under the Utah *Constitution*.[16]
Subject matter jurisdiction cannot be forfeited or waived because it involves a court's power to
hear a case,[17] and once raised it is the plaintiff's burden to prove the existence of subject matter
jurisdiction.[18]

The *GIAU* also specifically provides that immunity has not been waived for claims
arising out of malicious prosecution.[19]   And a claim of malicious prosecution brought under §
1983 is governed by state law.[20]   Furthermore, one element that must be alleged and proven in a
malicious prosecution action is termination of the prior criminal proceeding in favor of the
accused.  This requirement avoids parallel litigation over the issues of probable cause and guilt,
and it precludes the possibility of the claimant succeeding in the tort action after having been
convicted in the underlying criminal prosecution, in contravention of a strong judicial policy
against the creation of two conflicting resolutions arising out of the same or identical
transaction.[21] Immunity is also not waived for claims arising out of assault, battery, false arrest
and the violation of civil rights under the Utah *Constitution*.[22]

B.   **Judicial Immunity**:

"Few doctrines were more solidly established at common law than the immunity of
judges from liability for damages for acts committed within their judicial jurisdiction."[23]

---

[16] *Jensen v. Reeves*, 3 Fed. Appx. 905, 911 (10th Cir. 2001) (unpublished).

[17] *United States v. Tony*, 637 F.3d 1153, 1157 (10th Cir. 2011) (cleaned up).

[18] *See Salzer v. SSM Health Care of Oklahoma Inc.,* 762 F.3d 1130, 1134 (10th Cir. 2014) ("The
party invoking federal jurisdiction has the burden to establish that it is proper, and there is a
presumption against its existence.")(cleaned up).

[19]  U.C.A. §63G7-7-201(4)(b).

[20] *Russell v. Smith*, 68 F.3d 33, 36 (2nd Cir. 1995).

[21]  *Heck v. Humphrey*, 512 U.S. 477, 484 (1994).

[22]  *See* U.C.A. §63G-7-201(4)(b).

[23]  *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967).

"Absolute immunity is . . . . necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation."[24] Judicial immunity "applies even when the judge is accused of acting maliciously or corruptly" as judicial immunity acts for the benefit of the public, whose interest it is that judges should be at liberty to exercise their functions with independence and without fear of consequence. The common law doctrine of judicial immunity also extends to claims for the violation of constitutional rights.[25]

### C.   <u>Prosecutorial Immunity</u>:

State prosecutors are entitled to absolute immunity for activities "'**intimately associated with the judicial ... process**,'" such as initiating and pursuing criminal prosecutions.[26]  Of course, all actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor.[27] But, even if a prosecutor's actions do not fall within the scope of absolute immunity, he or she would still be entitled to *qualified immunity*.[28] In making the distinction between prosecutorial and non-prosecutorial activities (*i.e.,* absolute immunity and *qualified immunity*), the Tenth Circuit has held that "'the determinative factor is "advocacy" because that is the prosecutor's main function."[29]

The Tenth Circuit applies a continuum-based approach to determining whether a prosecutor is entitled to absolute immunity or *qualified immunity* in a particular situation, stating that "the more distant a function is from the judicial process and the initiation and presentation

---

[24]  *Butz v. Economou*, 438 U.S. 478, 512 (1978).

[25] *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

[26] *Pfeiffer v. Hartford Fire Ins. Co.,* 929 F.2d 1484, 1489 (10th Cir. 1991)(emphasis added) (quoting *Imbler,* 424 U.S. at 430–31).

[27] *DiCesare v. Stuart,* 12 F.3d 973, 977 (10th Cir.1993).

[28] *See Pfeiffer,* 929 F.2d at 1490 & n. 6).  *Accord Lavicky v. Burnett,* 758 F.2d 468, 476 (10th Cir.1985).

[29] *Pfeiffer,* 929 F.2d at 1490; *Spielman v. Hildebrand,* 873 F.2d 1377, 1382 (10th Cir.1989).

of the state's case, the less likely it is that absolute immunity will attach."[30]  Simply stated, prosecutors have absolute immunity from suit for any and all conduct that is "intimately associated with the judicial phase of the criminal process,"[31] and for any actions taken in their role as advocates, including immunity from civil rights claims and common-law torts.[32]

Furthermore, absolute prosecutorial immunity is not limited to the act of initiating the prosecution or to conduct occurring in the courtroom. Rather, the absolute immunity extends to a prosecutor's pre-litigation acts pertaining to a defendant's prosecution.[33] Significantly, the prosecutor's intent plays no role in the immunity inquiry.[34]  Hence, prosecutorial immunity even extends to the deliberate withholding of exculpatory information.[35]  Likewise, absolute immunity extends to prosecutorial acts that involve malice, bad faith, or conspiracy,[36] as well as to  alleged failures or refusals to adequately investigate the accusations against a defendant before filing charges.[37]

### D.   __Qualified Immunity__:

Judge Ynchausti, Prosecutor Cole and Davis County Attorney Rawlings (collectively the "*Individual Davis County Defendants*") hereby assert *qualified immunity* as an affirmative defense.  By asserting the *qualified immunity* defense, these  *Individual Davis County*

[30] *Gagan v. Norton*, 35 F.3d 1473, 1475–76 (10th Cir. 1994); *Pfeiffer,* 929 F.2d at 1490.

[31] *Van de Kamp v. Goldstein,* 555 U.S. 335, 343 (2009) and *Botello v. Gammick,* 413 F.3d 971, 975 (9th Cir. 2005).

[32] S*ee Rehberg v. Paulk,* 566 U.S. 356, 366(2012) (J. Alito for a unanimous Court).

[33] *See Burns v. Reed*, 500 U.S. 478 (1991).

[34] *See Hansen v. Black,* 885 F.2d 642, 646 (9th Cir. 1989) (citing *McCarthy v. Mayo,* 827 F.2d 1310, 1315 (9th Cir. 1987))

[35] *See Imbler,*424 U.S. at 430.

[36] *See Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir.1986) (*en banc* ).  *See also Campbell v. Maine,* 787 F.2d 776, 778 (1st Cir. 1986) (no bad faith exception to absolute immunity of prosecutor).

[37] *See Broam v. Bogan,* 320 F.3d 1023, 1029 (9th Cir. 2003).

*Defendants* create a rebuttable presumption that they are immune from Allan's §1983 claims.[38] And rather than focusing on the existence of genuine disputes of material fact, the Court must determine whether the *Individual Davis County Defendants*' entitlement to *qualified immunity*. To answer that question, the Court is required to undertake a two-part analysis.

First,  the Court must determine whether, under the facts alleged by Allan, the *Individual Davis County Defendants* violated her constitutional rights; and second, whether the right at issue was "clearly established" at the time of the alleged misconduct.[39] The Court has the discretion to decide in which order to conduct this analysis.[40] If the material facts are not disputed, as they are not in this case, the question of *qualified immunity,* "is a legal one for the Court to decide."[41] Moreover, if Allan fails to satisfy either element of her burden, the Court must grant the *Individual Davis County Defendants qualified immunity*.[42]

Whether a legal right was clearly established at the time of the alleged civil rights violation "depends substantially upon the level of generality at which the relevant 'legal rule' is to be defined."[43] The Supreme Court has rejected an overly abstract approach to this issue, which would "destroy the balance that our cases strike between the interest and vindication of citizens' constitutional rights and in public officials' effective performance of their duties."[44] Instead, it has adopted a more particularized approach about whether a right has been "clearly established,"

---

[38] *See Medina v. Cram*, 252 F.3d 1124, 1129 (10th Cir. 2001).
[39] *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).
[40] *Id.*
[41] *Gomes v. Wood*, 451 F.3d 1122, 1136 (10th Cir. 2006).
[42] *See Medina v. Cram*, 252 F.3d 1124, 1129 (10th Cir. 2001).
[43] *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).
[44] *Id.*

requiring that "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates the right."[45]

"This is not to say that an official action is protected . . . unless the very action in question has previously been held unlawful, but it is to say that in the light of preexisting law the unlawfulness must be apparent."[46] Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as a plaintiff maintains.[47]

The doctrine of *qualified immunity* protects government officials like Cole, Rawlings, and Ynchausti "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[48] *Qualified immunity* balances two important interests: the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. Thus, the protection of *qualified immunity* applies even if the government official's error was "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact."[49]

This is known as the "objective reasonableness test," and it is met if officials of reasonable competency could disagree on the legality of the defendant's actions.[50] In other words, the defense of *qualified immunity* exists when the officer's actions were objectively

---

[45] *Anderson v. Creighton*, 483 U.S. 635 at 640.
[46] *Id.*
[47] *Medina v. City & County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992).
[48] *Harlow v. Fitzgerald*, 457 U.S. 800. 818 (1982).
[49] *Pearson,* 555 U.S. at 231 (citation omitted).
[50] *See Thomas v. Roach*, 165 F.3d 137, 143 (2d Cir. 1999).

reasonable in light of what he or she knew at the time of the alleged civil rights violation,[51] and an officer does not lose his or her *qualified immunity* merely because their conduct violates some state statute, department policy, or administrative provision.[52]

E.     **Collateral Estoppel-Res Judicata**:

When a plaintiff seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.  If it would, the complaint must be dismissed, unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.[53]   In other words, a claim under § 1983 is not an available remedy when a judgment in favor of the plaintiff would necessarily imply the invalidity of his or her conviction or sentence and, therefore, such § 1983 suits are not cognizable until the plaintiff proves that the underlying conviction or sentence has been cleared away.[54]

F.     **Anti-Injunction Act**:

The *Anti-Injunction Act* provides that: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction or to protect or effectuate its judgments."[55]

---

[51] *See Al-Turki v. Robinson,* 762 F.3d 1188, 1194 (10th Cir. 2014) (In determining a defendant's entitlement to *qualified immunity*, the pertinent question is what he or she knew at the time of the alleged civil rights violation); *Mays v. Rhodes,* 255 F.3d 644, 649 (8th Cir. 2001) (same).
[52] *Davis v. Sherer,* 468 U.S. 183, 194-95 (1984).  *See also Smith v. Freland*, 954 F.2d 343, 347 (6th Cir. 1992).
[53] *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).
[54] *See Turner v. Middle Rio Grande Conservancy District*, 757 Fed.Appx. 715, 719 (10th Cir. 2018)(unpublished).
[55] 28 U.S.C. § 2283.

**G.**    **Younger Doctrine**:

The *Younger Abstention Doctrine* provides that "[a]bsent unusual circumstances, a federal court is not permitted to intervene in ongoing state criminal proceedings" when adequate state relief is available,[56] and adequate relief is available to Allan.[57]   Moreover, abstention is mandatory if (1) there is an ongoing state criminal or civil proceeding; (2) "the state court provides an adequate forum to hear the claims raised in the federal complaint;" and (3) "the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."[58]

**H.**    **Rooker-Feldman Doctrine**:

The *Rooker–Feldman Doctrine* is a jurisdictional prohibition on lower federal courts exercising appellate jurisdiction over state-court judgments.[59] Simply stated: *Rooker-Feldman* prohibits, on the basis of a lack of subject matter jurisdiction, a federal action that tries to modify or set aside a state-court judgment because the state proceedings should not have led to that judgment.[60]

**I.**    **Pleading Requirements**:

The *Federal Rules of Civil Procedure* require a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[61]   A plaintiff is required "to

---

[56]  *Walck v. Edmondson*, 472 F.3d 1227, 1232 (10th Cir. 2007)(citing *Younger v. Harris*, 404 U.S. 37, 54 (1971)).

[57]  Whether or not she avails herself of the relief, Allan can appeal to the District Court where should will or would receive a trial *de novo*.  *See* U.C.A. §78A-7-118.

[58]  *Id.* at 1233 (citations and quotations omitted).  *See also Poulson v. Turner*, 359 F.2d 588, 591 (10th Cir. 1966)(Under federalism, the administration of criminal justice is generally committed to the states).

[59]  *Campbell v. City of Spencer*, 682 F.3d 1278, 1281 (10th Cir. 2012).

[60]  *See Exxon Mobil,* 544 U.S. 280, (2005)(cases governed by *Rooker-Feldman* involved complaints "seeking review and rejection of [a state-court] judgment").

[61] *Fed. R. Civ. P.* 8.

place the defendant on notice as to the type of claim alleged and ground upon which it rests.[62]

Thus, to state a proper claim the plaintiff must "make clear exactly who is alleged to have done

what to whom. . . ,"[63] and this is especially true in alleging a civil rights violation where each

defendants' personal participation must be alleged since it is an essential element of a civil rights

claim.[64]

    A claim must likewise be "plausible," which means that a plaintiff must allege facts that

support the claim, and not "labels and conclusions" or "a formulaic recitation of the elements of

a cause of action."[65]  Neither will "threadbare recitals of the elements of a cause of action

supported by merely conclusory statements" suffice to state a claim for relief.[66] And in a civil

rights action, with respect to each defendant the plaintiff must allege sufficient facts to show that

he or she plausibly violated the plaintiff's civil rights and that the particular right allegedly

violated was clearly established which, at a minimum, requires a plaintiff to allege sufficient

facts to give each defendant notice of the theory for each claim.[67]

    A *pro se* plaintiff's pleadings and other court filings are held to "less stringent standards

than formal pleadings."[68]  However, this does not allow *pro se* litigants to run roughshod over

the rules of procedure and the rights of opposing parties.  Thus, while courts liberally construe

*pro se* pleadings, a litigant's *pro se* status does not excuse their obligation to comply with the

---

[62] *Mountain View Pharmacy v. Abbott Lab'ys.,* 630 F.2d 1383, 1388(10th Cir. 1980).

[63] *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

[64] *See Bennett v. Passic*, 545 F.2d 1260, 1262-63(10th Cir. 1976).

[65] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 444 (2007).

[66] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

[67] *See Robbins*, 519 F.2d at 1249.

[68] *Haines v. Kerner, et al.*, 404 U.S. 519, 520 (1972).  *See also Gillihan v. Shillinger et al.*, 872 F.2d 935, 938 (10th Cir. 1989) (construing *pro se* pleadings liberally and holding their pleadings to less stringent standards).

fundamental requirements of the *Federal Rules of Civil Procedure* or the *Federal Rules of Appellate Procedure*.[69]

**J.     Prohibition Against Suing Non-Jural Entities**:

The counties of the State of Utah are recognized as legal subdivisions of the State.[70] *Federal Rule of Civil Procedure* 17 states that the capacity of a party who is not an individual or a corporation, such as a governmental entity, to sue or be sued is determined "by the law of the state where the court is located."[71] Although there is a Utah statute that expressly provides that a county may sue and be sued,[72] "there is no statutory or case authority supporting a direct action against a county's subdivisions. . . ."[73]

## STATEMENT OF UNDISPUTED FACTS

1.     Allan's *Petition* consists of twelve nonsensical claims for money damages and other equitable or declaratory relief.[74]

---

[69] *Ogden v. San Juan County, et al.*, 32 F.3d 452, 455 (10th Cir. 1994).  *See also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (*pro se* parties must comply with same procedural rules that govern all other litigants). Accord, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)(It is not the proper function of the court to assume the role of advocate for the *pro se* litigant).
[70] Utah *Const.* Art. 11, §1.
[71] *See Fed. R. Civ. P.* 17(b)(3).
[72] U.C.A. § 17-50-302(2)(a)(i).
[73] *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001) (unpublished).  See also, *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985)(city's police department because the police department "[was] not a separate sueable entity" in a case asserting causes of action under §1983, various federal and state constitutional sections, and common law );  *Harker v. Simpson*, No. 1:08-cv-00035, 2010 WL 1257745, at *7 (D. Utah Mar. 26, 2010) (unpublished) ("The law is now well established that such a claim against a sheriff's department cannot proceed 'because governmental sub-units are not properly suable entities in § 1983 actions under *Martinez v. Winner,* 771 F.2d 424, 444 (10th Cir. 1985).'" (citation omitted)); *Tyler v. Utah*, No. 2:07-CV-4, 2008 WL 5390993, at *3 (D. Utah Dec. 23, 2008) (unpublished) ("As a subordinate agency of Salt Lake County, the Salt Lake County Sheriff's Office is not a separate legal entity with the capacity to sue or be sued." (citation omitted))..
[74] *Petition* ECF 1.

2.      Allan's *First Cause of Action* is for declaratory and injunctive relief.  It is grounded on purported violations of various federal and Utah criminal statutes, appears to be brought solely against Defendants Dane Hanson, and Eric Johnson and asks the Court to enjoin these individuals from enforcing State and local laws against her.  This *Cause of Action* is not directed at any of the *Individual Davis County Defendants*.[75] Neither would the violation of these federal and Utah laws give rise to a private cause of action.[76]

3.      Allan's *Second Cause of Action* is brought under 42 U.S.C. § 1983 for false arrest. This *Cause of Action* is not directed at any of the *Individual Davis County Defendants*.[77]

4.      Allan's *Third Cause of Action* is brought under 42 U.S.C. § 1983 for unreasonable search and seizure, and does not appear to be directed at any of the *Individual Davis County Defendants* since their involvement, if any,  related only to the prosecution of Allan.[78]

5.      Allan's *Fourth Cause of Action* is also is brought under both 42 U.S.C. § 1983 and the Utah *Constitution* for a vague conspiracy to violate her civil rights, but it does not reference any involvement by the *Individual Davis County Defendants* in this purported conspiracy.[79]

6.      Allan's *Fifth Cause of Action* is also a conspiracy claim, but it is brought under the criminal code of the United States: 18 U.S.C. §§ 241 and 242.  But a violation of these criminal statutes, even if true, are not actionable as a constitutional tort.  Besides, violation of the

---

[75] *See id.* at ¶107.
[76] *See Farminton Defendants' Motion to Dismiss*, ECF
[77] *See id.* at ¶119.
[78] *See id.* at ¶125.
[79] *See id.* at ¶129.

federal criminal statutes does not give rise to a private cause of action.[84]  Moreover, like Allan's

other conspiracy claim it does not specifically reference any of the *Individual Davis County*

*Defendants*.[85]

7.      Allan's *Sixth Cause of Action* is brought under *Utah Rule of Criminal Procedure*

7(B)(c), and asks the Court to dismiss the charges against her that are/were pending in the Davis

County Justice Court.[86]  But this Court does not have the jurisdiction to grant that relief.

8.      Allan's *Seventh Cause of Action* is likewise brought under 42 U.S.C.§1983 as an

alleged failure by unnamed defendants to intervene to prevent a violation of her rights.  Again,

Allan alleges no wrongdoing on behalf or by any of the *Individual Davis County Defendants*.[87]

9.      Allan's  *Eighth Cause of Action* is yet another 42 U.S.C §1983 claim for

malicious prosecution related to the traffic infraction charges that were filed against her and

prosecuted.[88]  But, as previously noted, Allan stands convicted of those charges and, therefore, is

barred from pursing this claim until the convictions are reversed or otherwise set aside.

10.      Allan's *Ninth Cause of Action* is for common law assault, but none of the

*Individual Davis  County Defendants* are alleged to have assaulted Allan.[89]  Allan's assault claim

is also barred by the *GIAU*.[90]

11.      Allan's *Tenth Cause of Action* is for an alleged violation of her right to due

process and the equal protection of the laws related to the prosecution of the traffic infraction

---

[84] *See Farmington Defendants' Motion to Dismiss*, ECF 37, §IV at page 10.
[85] *Petition* ECF 1 at ¶129.
[86] *See id.* at ¶157.
[87] *See id.* at ¶157.
[88] *See id.* at ¶162.
[89] *See id.* at ¶173.
[90] *See* U.C.A. §63G-7-201(4)(b).

charges for which she stands convicted.[91]  As previously noted, that conviction acts as a bar to this claim.

12.     Allan's *Eleventh Cause of Action* is based upon a theory *respondeat superior,*[92] which cannot serve as a basis for a civil rights violation,[93] and does not even apply unless an employee has committed a tort while acting within the scope of his or employment, which is not alleged in the *Petition*.

13.     Allan's *Twelfth Cause of Action*, and final claim, is for indemnification under the *GIAU*.[94] But, Allan does not have a judgment against any of the defendants that would otherwise be payable under the *GIAU*.

14.     Allan does not allege in her *Petition* that she has filed a *Notice of Claim* as required by the *GIAU*.  Nor could she make such an allegation because she did not file a *Notice of Claim*.[95]

15.     In "Facts of the Case" section of her *Petition*, Allan mentions Judge Ynchausti 15 times.  But these all refer to his actions involving the prosecution/trial of Allan.[96]  However, she does not reference, directly or indirectly, Judge Ynchausti in her *Causes of Action*.[97]

16.     In "Facts of the Case" section of her *Petition*, Allan mentions Rawlings five times. But these all refer to his actions involving the prosecution/trial of Allan.[98]  However, she does not reference, directly or indirectly, Rawlings in her *Causes of Action*.

---

[91]  *See Petition*, ECF 1 at ¶177.
[92]  *See id.* at ¶182.
[93]  *Tafoya v. New Mexico*, 517 F.Supp.3d 1250, 1274 (D. N.M., 2021)
[94]  *See Petition*, ECF 1 at ¶173.
[95]  *See Koch Declaration* attached hereto as Exhibit B.
[96]  *See Petition* ECF 1 at ¶¶ 7, 11, 21, 73, 80, 88, 89, 90, 92, 93, 96, 97, 100, 105 and 106.
[97]  *See id.* at ¶¶ 107 through 187.
[98]  *See id. at* ¶¶ 5, 11, 12, 21, 102 and 104.

17.     In "Facts of the Case" section of her *Petition*, Allan mentions Cole four times. But these all refer to his actions involving the prosecution/trial of Allan.[99]  However, she does not reference, directly or indirectly, Cole in her *Causes of Action*.

18.     Finally, the only specific allegation in Allan's *Petition* that refers to and wrongdoing and /or injury caused to by her by an *Individual Davis County Defendant* is contained in paragraph 21 where she states in conclusory fashion that:

> Defendants DANE HANSON, ERIC JOHNSON, WAYNE HANSEN, DAVIS COUNTY ATTORNEY'S OFFICE, AND DAVIS COUNTY JUSTICE COURT have violated  Plaintiff's Constitutional rights and continue to maliciously prosecute Plaintiff for unconstitutional 'codes' and 'statutes'[100]

But that conclusory allegation is not sufficient to state a viable claim for relief.

### ARGUMENT: THE DAVIS COUNTY ATTORNEY'S OFFICE AND THE DAVIS COUNTY JUSTICE COURT ARE NON-JURAL ENTITIES - NOT SUBJECT TO SUIT

Defendant Davis County Attorney's Office is a non-jural entity - not subject to suit.[101]

Neither is the Davis County Justice Court a jural entity subject to suit.[102]  Accordingly, Allan's claims against these *Davis County Defendants* should be dismissed.

---

[99]  *See id.* at ¶¶ 6, 12, 21 and 73.

[100] *Id.* at ¶21.(emphasis in original).

[101]  *See Hughson v. County of Antrim* 707 F. Supp. 304, 306 W. D. Mich. 1988)(Prosecutor's office is not a person subject to suit.); *Nouri v. TCF Bank,* No. 10–12436, 2011 U.S. Dist. LEXIS 23720, at pp. 36–37 (E. D. Mich. Mar. 9, 2011)(same); *Hancock v. Washtenaw County Prosecutor's Office,* 548 F. Supp. 1255, 1256 (E.D. Mich. 1982) (same); *Disney v. City of Dearborn,* 2006 U.S. Dist. LEXIS 53462, 2006 WL 2193029 (E.D.Mich.2006) (same); *Hughson v. County of Antrim,* 707 F. Supp. 304, 306  (W.D.Mich.1988)(same); *Jones v. Bergman,* No. 08–599, 2009 U.S. Dist. Lexis 93988 (W. D. Mich. Oct. 8, 2009) (same); *Bernard v. Brinkman,* No. 07–459, 2007 WL 2302354, at *3 (W. D. Mich. Aug.8, 2007) (same).

[102] *See Coopersmith v. Supreme Ct. of Colo.*, 465 F.2d 993, 994 (10th Cir.1972); *Mumford v. Zieba,* 4 F.3d 429, 435 (6th Cir.1993); *Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1992).

## ARGUMENT: THE INDIVIDUAL DAVIS COUNTY
## DEFENDANTS ARE ENTITLED TO ABSOLUTE IMMUNITY

Allan is suing Judge Ynchausti based upon actions allegedly taken by him as the Judge

who presided over Allan's prosecution for which he is entitled to absolute judicial immunity.[103]

Allan is suing Cole and Rawlings based upon actions allegedly taken by them as prosecutors.  As

a prosecutors, Cole and Rawlings enjoy absolute immunity from all of Allan's claims.[104]

Therefore, Allan's claims against the *Individual Davis County Defendants* should be dismissed

with prejudice.

## ARGUMENT: THE INDIVIDUAL DAVIS COUNTY
## DEFENDANTS ENJOY QUALIFIED IMMUNITY

The *Individual Davis County Defendants* are claiming *qualified immunity* as an

affirmative defense. Hence, even if they do not enjoy either absolute judicial immunity or

prosecutorial immunity with respect to Allan's federal and state civil rights claims, the

*Individual Davis County Defendants*  would still be entitled to *qualified immunity* because their

actions in the prosecution of Allan were objectively reasonable.[105]  In addition, the civil rights

that these Defendants are alleged to have violated, in Allan's *Causes of Action,* were not clearly

established so as to otherwise deprive them of *qualified immunity*.[106]

---

[103] *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978).
[104] *See Imbler v. Pachman*, 424 U.S. 409, 407 (1976); *Erickson v. Pawnee County Board of County Commissioners*, 263 F.3d 1151(10th Cir. 1991).
[105] *See Thomas v. Roach*, 165 F.3d 137, 143 (2d Cir. 1999).
[106] *Harlow v. Fitzgerald*, 457 U.S. 800. 818 (1982).

## ARGUMENT: ALLAN'S CLAIMS
## ARE BARRED BY THE GIAU

Because of her failure to file a *Notice of Claim*, Allan's *Second*, *Eighth*, *Ninth*, *Tenth*, *Eleven* and *Twelfth  Causes of Action* are barred by the lack of subject matter jurisdiction.[107] Insofar as these common law claims arise out of an assault, battery, false arrest, and/or violations of her civil rights under the Utah *Constitution* they are barred by governmental immunity.[108]

## ARGUMENT: THE DOCTRINES OF COLLATERAL
## ESTOPPEL/RES JUDICATA BARS CERTAIN CLAIMS

In her *Second*, *Third, Fourth, Fifth* and *Sixth Causes of Action*, Allan is mounting an attack upon her prosecution for traffic infractions, including concerns related to the substance and validity of those matters.  These claims, therefore, are barred by the doctrines of collateral estoppel and/or res judicata based upon her conviction, which has not been set aside, reversed or vacated.[109]

## ARGUMENT: ALLAN IS NOT ENTITLED TO
## DECLARATORY OR INJUNCTIVE RELIEF

The focus of Allan's *First* and *Seventh Causes of Action* is upon the Justice Court proceeding. These claims are essentially a colateral attach upon her conviction, and to enjoin the Justice Court from further proceedings in that case.   Consequently, these claims are barred by the  *Anti-Injunction Act*, which  precludes this Court from enjoining a state court unless such injunctive relief is expressly authorized by an Act of Congress, or when  necessary in aid of

---

[107] *Wallace v. Grey*, 2009 WL 249461 *9 (D. Utah Feb 2. 2009).
[108]  *See* U.C.A. §63G-7-201(4)(b).
[109] *See Turner v. Middle Rio Grande Conservancy District*, 757 Fed.Appx. 715, 719 (10th Cir. 2018)(unpublished).

federal court jurisdiction or to protect or effectuate the Court's judgment."[110]  And none of these

exceptions to the proscriptions against enjoining state court proceedings apply in this case.

The *Younger Abstention Doctrine* also prohibits this Court from intervening in the Davis

County Justice Court proceedings because they are ongoing; because the Justice Court provides

an adequate forum to hear the claims raised by Allan in her *Petition*; and because the Justice

Court proceedings involve matters, such as traffic offenses, which traditionally look to state law

for resolution.[111]

Lastly, there is the *Rooker–Feldman Doctrine.*  In this case, the *Rooker-Feldman*

*Doctrine*  raises a jurisdictional bar because what Allan is attempting to accomplish with these

particular claims is to have this Court review and/or set aside her Justice Court conviction.[112]

### ARGUMENT: ALLAN HAS FAILED TO PLEAD A PLAUSIBLE CLAIM FOR RELIEF

Allan's twelve *Causes of Action* do not reference a single *Individual Davis County*

*Defendant*.  While Allan does collectively refer to "defendants" in all of her *Causes of Action*,

she does not state what, if anything, each *Individual Davis County Defendant* did to allegedly

injure her.  In addition to not referencing and/or mentioning any wrongs by an *Individual Davis*

*County Defendant*, Allan's liability claims are based on nonsensical theories such as: (1) "[t]o

make a civil infraction out of the use of, and the right to, access public roadways . . . is an

arbitrary and capricious abuse of discretion";[113]  "Informations are not due process of law,"[114]

---

[110] 28 U.S.C. § 2283.
[111] *Id.* at 1233 (citations and quotations omitted).
[112] *See Exxon Mobil,* 544 U.S. 280, (2005)(cases governed by *Rooker-Feldman* involved complaints "seeking review and rejection of [a state-court] judgment").
[113] *Petition*, ECF 1 at ¶110.
[114] *Id.* at ¶156.

"[t]raffic infractions are not crimes";[115] "Defendants continue to administrate Plaintiff and her property without right;"[116] and "issuing securities against Plaintiff when no contract exists . . . ."[117] As a matter of law, therefore, Allan has not alleged a plausible claim for relief in that: (1) she has failed to place each defendant on notice as to the type of claim alleged and ground upon which it rests;.[118] (2) she has not made clear exactly who is alleged to have done what to her;[119] (3) she has not alleged the requisite  personal participation by each defendant in a violation of her rights;[120] she has alleged her claims by reference to legal conclusions or  formulaic recitation of the elements of a cause of action rather than by facts;"[121] and she has failed to allege a violation of her constitutional rights much less a violation of a clearly established right.[122]

## **CONCLUSION**

With respect to *Davis County Defendants*, for the reasons stated above and those proffered by Farmington Defendants in support of their *Motion to Dismiss*,[123] Allan's *Petition* should be dismissed on the merits and with prejudice.

DATED this 27th day of October, 2022.

SUITTER AXLAND, PLLC

 /s/ jesse c. trentadue
Michael W. Homer
Jesse C. Trentadue
*Attorneys for Davis County Defendants*

---

[115]  *Id.* at ¶164.
[116]  *Id.* at ¶169.
[117]  *Id.* at ¶178.
[118]  *Mountain View Pharmacy v. Abbott Lab'ys.,* 630 F.2d 1383, 1388(10th Cir. 1980).
[119]  *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).
[120]  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63(10th Cir. 1976).
[121]  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 444 (2007).
[122]  *See Robbins*, 519 F.3d at 1249.
[123]  ECF 37.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of October, 2022, I electronically filed

**DAVIS COUNTY DEFENDANTS' MOTION TO DISMISS and/or MOTION FOR**

**JUDGMENT ON THE PLEADINGS** with the Clerk of the Court using the CM/ECF electronic

filing system, which provided notice to the following parties:

> Matthew D. Church
> PLANT, CHRISTENSEN & KANELL
> 136 East South Temple, Suite 1700
> Salt lake City, Utah 84111
> *Attorneys for Dane Hanson, Eric Johnsen, Wayne Hansen, and Farmington City*

I further certify that I mailed a copy of **DAVIS COUNTY DEFENDANTS' MOTION TO DISMISS and/or MOTION FOR JUDGMENT ON THE PLEADINGS**, via United States Mail, postage prepaid, to:

> Diane Killian Allan
> 1152 W. 475 S.
> Farmington, UT 84025

  /s/ jesse c. trentadue