Diane Killian Allan
1152 W 475 S
Farmington, Utah
Email: diane@movinutah.com

FILED US District Court-UT
OCT 27 '22 PM 03:23

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **Diane Killian Allan,** | |
| *Petitioner* | **PETITIONERS RESPONSE IN OPPOSITIION TO RESPONDENTS' MOTION TO DISMISS** |
| *v.* | |
| **Dane Hanson, Eric Johnsen, Wayne Hansen, David Cole, Troy Rawlings, John Carl Ynchausti, FARMINGTON CITY, a Corporation, Davis County Attorney's office, a Corporation and DAVIS COUNTY JUSTICE COURT, a Corporation dba DAVIS COUNTY DRUG COURT, INC.** | **Cause No: 1:22-CV-00117-DAK-CMR** |
| | District Judge Dale A. Kimball |
| *Respondents* | Magistrate Judge Cecilia M. Romero |

**TO THE HONORABLE JUDGE OF THE COURT:**

Petitioner Diane Killian Allan ("Petitioner") files this opposition response to Defendants' Wayne Hanson,

Dane Hanson, Eric Johnsen and Farmington City together as "Farmington City Respondents" Motion to

Dismiss [ECF no. 37].

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all this woman's rights not to be compelled to perform under any commercial contract or agreement that this woman did not enter knowingly, voluntarily, and intentionally. This woman did not and does not accept the liability of any compelled benefits offered or any unrevealed, non-disclosed commercial contract or agreement offered. All offers accepted pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2). This is a legal permanent fixture and part of every page of this TORT CLAIM PETITIION in this court of record in exclusive common law of England that shall be read and considered in every COURT pursuant to all laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: *Diane Kellon-Allen*

## Table of Contents

*MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION* ................................................................ 2

   **2. INTRODUCTION.** ................................................................................................................ 2

   **2.1 ARGUMENT** ...................................................................................................................... 5

   **2.2. Motion to Dismiss Standard.** ......................................................................................... 7

   **2.3. Summary of Argument** .................................................................................................... 9

   **3.1 Cause of action 1, 5, 6, 10, 11 and 12** ............................................................................ 11

   **3.2 Causes of Action 4,7,8, and 10.** ...................................................................................... 13

   **3.3 Causes 2,3,4,7, 8 and 9** .................................................................................................. 14

   **3.4 RESPONDENT HAS STATED A CLAIM FOR RELIEF FROM FARMINGTON CITY** ....................... 26

   **3.5 CAUSES OF ACTION 1, 4 AND 5 - USE OF CRIMINAL STATUTES/ PRIVATE RIGHT** ................. 27

   **3.6 CLAIMS AGAINST DEFENDANT WAYNE HANSON** ........................................................... 27

   **4. ATTORNEY FEES** .............................................................................................................. 28

   **5. CONCLUSION.** .................................................................................................................. 28

# MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION

## 2. INTRODUCTION

Are the individual rights guaranteed by our Constitutions and Treaties to be upheld by all Officers of the law and in the courts? According to the Constitutions, Treaties, yes. However, that this is not what happened in this case. The constitution clearly states in Article 1 section 9 that "no bill of attainder or expost facto law shall pass". Yet the respondents would have you believe that every man and woman must answer to their unconstitutional edicts, statutes and codes and open their houses, paper and effects to their unreasonable searches all while denying men and women their right to privacy and to be left alone. The general misconception is that any statute passed by the legislatures bearing the appearance of law constitutes the law of the land. Yet, the Constitution for the united States is the Supreme law of the land and any statute to be valid must be in agreement. It is impossible for both the Constitution and a law violating it to be valid; one must prevail. The general rule is that an unconstitutional statute, though having the form and name of law is in reality no law, but is wholly void, and ineffective for any purpose. Since

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all this woman's rights not to be compelled to perform under any commercial contract or agreement that this woman did not enter knowingly, voluntarily, and intentionally. This woman did not and does not accept the liability of any compelled benefits offered or any unrevealed, non-disclosed commercial contract or agreement offered. All offers accepted pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2). This is a legal permanent fixture and part of every page of this TORT CLAIM PETITION in this court of record in exclusive common law of England that shall be read and considered in every COURT pursuant to all laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: Diane Wellman Allen



unconstitutionality dates from the time of its enactment and not merely from the date of the decision so branding it an unconstitutional law in legal contemplation is as inoperative as if it had never been passed. Since an unconstitutional law is void the general principles follow that it imposes no duties, confers no rights, creates no office, bestows no power or authority on anyone, affords no protection, and justifies no acts performed under it. No one is bound to obey an unconstitutional law and no courts are bound to enforce it.

Respondents would have this court believe that the Petitioners' inviolate rights were guaranteed to her from the time she was forced off the road throughout the entire state court proceedings. However, the complaint tells a different story. One of how the Petitioners' rights were thrown to the side of the road like yesterday's newspaper, and individuals who are supposed to be public servants, usurping the power granted to them by We The People, in order to secure revenue for their employer.

Congress knew all too well how Citizens in each state were being subjected to treatment that blatantly violated their constitutionally secured rights under the color of state law which is why they enacted title 42 U.S.C. § 1983. These laws are meant to deter state actors from violating the people's rights under the color of state law, which, unfortunately, continues to happen today. It might not happen in the same way as it did when Congress passed this legislation, but it takes on an even more egregious appearance: having the appearance of legal court action, when in reality the municipality as well as the court lacks jurisdiction to even have one of the sovereign people in it at all. All of this is done in an article I tribunal, under the administrative procedures act, rather than according to the constitutional provisions that each court MUST adhere to and the officers are required to follow. This case is at the very core of this issue: can one of the sovereign people of Utah be tried and convicted, in an administrative court, while their constitutionally secured rights are ignored?

By:

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all this woman's rights not to be compelled to perform under any commercial contract or agreement that this woman did not enter knowingly, voluntarily, and intentionally. This woman did not and does not accept the liability of any compelled benefits offered or any unrevealed, non-disclosed commercial contract or agreement offered. All offers accepted pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2). This is a legal permanent fixture and part of every page of this TORT CLAIM PETITIION in this court of record in exclusive common law of England that shall be read and considered in every COURT pursuant to all laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: _Diane Kellman-Allen_

With this information at hand, Farmington City Defendants seek dismissal of this action without amendment, discovery, or trial. Their fundamental premise: that Petitioner failed to state a claim for relief that can be granted precludes this action according to FRCP 12 (b) (6), that the Petitioner is judicially estopped from pursuing this action due to a judgement in the state court, and that Defendants are afforded qualified and State Governmental immunity.

These arguments, while provocative, ignore two legal aspects: first, the Farmington City Defendants lacked jurisdiction over the Petitioner to issue her a citation to begin with. Additionally, the Davis County Defendants lacked subject-matter jurisdiction over the Petitioner when they failed to prove up jurisdiction after it was properly challenged by Petitioner in the state court; and second, when the Davis County Defendants failed to prove up jurisdiction by responding to Petitioners' jurisdictional challenges in writing before the hearing, they agreed with Petitioners' arguments pursuant to Ut.R.Civ.P. 8(d) - Effect of failure to deny. This means that the state court was never properly given jurisdiction and that the state actors acted outside of their scope and authority.   Farmington City Respondents never had jurisdiction and were never entitled to so called Governmental Immunity. The Constitution mentions immunity just a few times – Article 4 Section 2 states it is the Citizens that shall have immunity; nowhere does it say that government is entitled to immunity.   While some governments may try to claim immunity they have never had immunity pursuant to Federal law. "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations', but must provide the Petitioners grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"

In the end, the law does not belie common sense: political subdivisions of the executive branch purport to control the very people that granted them their powers and authority by making the people believe that their God-given, unalienable rights are being followed when in reality it's all smoke and mirrors and is nothing more than a simulation of legal process.  The creation cannot exert more control over the creator.  Neither

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all this woman's rights not to be compelled to perform under any commercial contract or agreement that this woman did not enter knowingly, voluntarily, and intentionally. This woman did not and does not accept the liability of any compelled benefits offered or any unrevealed, non-disclosed commercial contract or agreement offered. All offers accepted pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2). This is a legal permanent fixture and part of every page of this TORT CLAIM PETITION in this court of record in exclusive common law of England that shall be read and considered in every COURT pursuant to all laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: _Diane Hellman Allen_



can these political subdivisions of the executive branch exert control over people not expressly contracted with or employed by them. With this in mind the law compels denial of Respondents motion to dismiss.

## 2.1 ARGUMENT

At this pleading stage, before discovery, Defendants must cross four successive barriers to dismissal: first, that the facts, assumed to be true at this stage as alleged, cannot possibly constitute a legally cognizable claim; second, that all reasoned inferences from the facts alleged cannot possibly constitute a legally cognizable claim; third, that no set of facts that could be alleged in an amended complaint could possibly constitute a legally cognizable claim; and fourth, that no set of facts that could be discovered in the suit could possibly constitute a legally cognizable claim. Respondents fail each of these when they need to overcome all four.

This is neither about isolated instances of deprivations of rights under the color of state law nor whether each violation by itself would warrant its own separate cause of action. It is about the aggregate totality of violations and the utter and reckless disregard for even the most fundamental rights belonging to the Petitioner on behalf of the Respondents. As the evidence mounts, the logical inquiry is whether the Defendants willfully acted in complete disregard of the rights belonging to Petitioner, or if they merely failed to exercise objective reasonableness in knowing that their actions would deny Petitioner her God-given rights. Either way, the law provides for a remedy in either situation.

Farmington City Respondents state the Petition fails to plead any causes of action on which relief could be granted, yet later in their arguments they admit that it does state valid claims.  They agreed that when reviewing the sufficiency of the complaint that it must be construed in the light most favorable to the Plaintiff.  At this point, the only question that must be addressed is: did the Petitioner allege sufficient facts, or could she amend to allege such facts upon discovery, that a jury would find that the Respondents did with

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all this woman's rights not to be compelled to perform under any commercial contract or agreement that this woman did not enter knowingly, voluntarily, and intentionally. This woman did not and does not accept the liability of any compelled benefits offered or any unrevealed, non-disclosed commercial contract or agreement offered. All offers accepted pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2). This is a legal permanent fixture and part of every page of this TORT CLAIM PETITIION in this court of record in exclusive common law of England that shall be read and considered in every COURT pursuant to all laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By:



wanton disregard to the rights belonging to Petitioner seek to convict her in an administrative court that lacked proper jurisdiction? The answer is yes.

Title 42 U.S.C. § 1983 imposes civil liability where a defendant knowingly "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, [who then] shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress..." In the context of title 42 U.S.C.§ 1983, a Petitioner must allege that she was subjected to conduct under the color of state law and that the conduct deprived her of his rights, privileges, or immunities guaranteed under federal law and the United States Constitution.

According to the Supreme Court, a state is not a "person" under title 42 § 1983, but a municipality is and similarly, a state official acting in his official capacity is not a "person", but they are if they are sued in their individual capacity as is the case here. See *Will v. Michigan Dept. of State Police* (1989) 491 U.S. 58. Thus, the official, qualified immunity affirmative defenses do not apply in this case and pursuant to 42 U.S.C. 12202 and 15 USC 1122 (b) shall not be immune, under the eleventh amendment of the Constitution of the United States or under any other doctrine of sovereign immunity. "If police falsely arrest you without probable cause [acting outside their authority as delegated by law], they have no qualified immunity and are liable for damages in their private person". Malley v. Briggs 475 US 335 (1986).

Additionally, counsel makes statements that are purported as fact but are outside the record, and they failed to support those statements with verified affidavits, depositions, or answers to interrogatories from their clients. As the courts have said many times, statements of counsel are not facts or evidence before the court and counsel cannot testify as such. See *United States v. Baca* (D.N.M. 2019) 409 F. Supp. 3d 1169, *U.S. v. Erickson* (10th Cir. 2009) 561 F.3d 1150, and *Arnold v. Riddell, Inc.* (D. Kan. 1995) 882 F. Supp. 979

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all this woman's rights not to be compelled to perform under any commercial contract or agreement that this woman did not enter knowingly, voluntarily, and intentionally. This woman did not and does not accept the liability of any compelled benefits offered or any unrevealed, non-disclosed commercial contract or agreement offered. All offers accepted pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2). This is a legal permanent fixture and part of every page of this TORT CLAIM PETITIION in this court of record in exclusive common law of England that shall be read and considered in every COURT pursuant to all laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: _Diane Killian Allen_



*Impermissible collateral attack.* Farmington City Respondents claims here fail as well for two reasons: first, this doctrine is based on attacking a state court conviction AFTER the conviction took place. Second, this doctrine assumes that the state court had the proper jurisdiction to adjudicate the matter in the first place. For the reasons listed below, this defense claim fails as well.

The claim was originally filed and lodged with the court on September 9, 2022. Petitioner, after having seen that she was going to get no remedy in the state court filed a request for decision from this court ECF No. 1 as the complaint sought injunctive relief. Therefore, according to legal precedent, "the Court here [can]not include or consider any facts asserted by Respondents which were not plead in the complaint (or which occurred after the complaint was filed)" *City of Pontiac Police & Fire Ret. Sys. v. Jamison* (M.D. Tenn., Mar. 24, 2022) See also *Russell v. County of Nassau* 696 F. Supp. 2d 213 (E.D.N.Y. 2010), *Rhoades v. Jim Dandy Co.* 107 F.R.D. 26 (N.D. Ala. 1985).

Finally, since the Petitioner is proceeding propria persona, the courts have held that pro se pleadings are to be held to a much less stringent standard, however in-artfully plead, and that pro se litigants are entitled to present evidence in support of their claims See *Haines v. Kerner* (1972) 404 U.S. 519 See Eldridge v Block 832 F.2d 1132, 1137(9th Cir. 1987) . Rule 8 (a) (2) requires only that complaint contain 'a short and plain statement of the claim showing that the pleading is entitled to relief. Maxim: Equity looks to the intent and will regard substance rather than form. "Indeed, no more than (affidavits) are necessary to make the prima facie case" United States v. Kis, 6588 F. 2nd, 526, 536 (7th cir 1981)

## 2.2. Motion to Dismiss Standard

Defendants have many impediments to dismissal in this case of extraordinary public importance given the precedent it would set. They must show that no facts exist, whether alleged, possibly alleged in an amendment, or discoverable, that provide a basis for either a declaratory judgment, injunctive relief, or title 42 § 1983 cause of action. "When considering a defendant's motion to dismiss, a court must construe the

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all
this woman's rights not to be compelled to perform under any commercial
contract or agreement that this woman did not enter knowingly,
voluntarily, and intentionally. This woman did not and does not accept the
liability of any compelled benefits offered or any unrevealed, non-
disclosed commercial contract or agreement offered. All offers accepted
pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2).
This is a legal permanent fixture and part of every page of this TORT
CLAIM PETITION in this court of record in exclusive common law of
England that shall be read and considered in every COURT pursuant to all
laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: *Diane Hilton-Alla*

factual allegations in the complaint in the light most favorable to the Petitioner." *Barker v. Riverside Cnty. Off. of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009); see *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). "If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendant's motion." See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555–56; *Woods v. City of Greensboro*, 855 F.3d 639, 652–53 & n.9 (4th Cir. 2017). "A claim will not be dismissed on a Rule 12(b)(6) motion unless it appears to a certainty that no relief can be granted under any set of facts provable in support of its allegations". *Lowe v. Hearst Commc'ns, Inc.*, 414 F. Supp. 2d 669 (W.D. Tex. 2006), *aff'd*, 487 F.3d 246, fn. 1 (5th Cir. 2007).

In trying to meet that standard, Defendants cannot rely on materials outside the four corners of the pleadings as the courts have held that "when ruling on a Rule 12(b)(6) motion, the district court must examine only the Petitioner's complaint." *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). As a result, a court "must determine if the complaint alone is sufficient to state a claim; the district court cannot review matters outside of the complaint." *Id.* (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)) Citing *Keller v. Arrieta* (D.N.M., Jan. 15, 2021). Critically, at all times at this pleading stage of the case, all inferences, assumptions and facts, including what amendments could provide and what discovery could show, must be accepted as true against the Respondents.

In a title 42 § 1983 suit, Petitioner is required to show that "(1) the defendant(s) may have personally participated in the deprivation; (2) the [defendants who are a] supervisory official, after learning of a violation, may have failed to remedy the wrong; (3) the [defendants who are a] supervisory official may be liable because he or she created a policy or custom under which unconstitutional practices occur, or allowed such a policy or custom to continue; or (4) the [defendants who are a] supervisory official may be personally liable if he or she is grossly negligent in managing subordinates who caused the unlawful condition or event. *Williams v. Smith,*781 F.2d 319, 323-24 (2d Cir. 1986). Citing *Croft v. Harder* (D. Kan.

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all this woman's rights not to be compelled to perform under any commercial contract or agreement that this woman did not enter knowingly, voluntarily, and intentionally. This woman did not and does not accept the liability of any compelled benefits offered or any unrevealed, non-disclosed commercial contract or agreement offered. All offers accepted pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2). This is a legal permanent fixture and part of every page of this TORT CLAIM PETITION in this court of record in exclusive common law of England that shall be read and considered in every COURT pursuant to all laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: _Diane Nellie Allen_



1989) 730 F. Supp. 342, 353 Petitioner easily satisfies this burden here.   Petitioner will address all of

Respondents arguments by proving she pled with particularity that each Respondents violated, or caused to

be violated, Petitioner's inviolate rights secured by the United States Constitution and the Utah Constitution.

For the reasons that follow and the legal standard required for such motions as above articulated, the

Defendants utterly fail their burden to compel this court to dismiss Petitioner's Amended Complaint.

## 2.3. Summary of Argument

This action seeks vindication of the 4, 5th, 6th, 7th, 9th and 14th constitutional amendment rights of the

Petitioner from the unfounded actions of each of the parties involved. Accordingly, opposing counsel for

Farmington City Respondents presents an argument as to why the complaint should be dismissed. However,

the motion filed under rule 12(b)(6) constitute a procedural and substantive nullity in that they seek

dismissal of this case without any testimony on record from their clients or evidence in support of their

claims and "facts" that could be admissible later on at trial. At this point, these filings can only be construed

to needlessly delay this litigation and incur unnecessary court costs and time.

There are a number of conclusory statements made by counsel in their arguments. However, it is well

settled law that counsel for clients are barred from testifying for two reasons: (1) they must have personal

knowledge of the situation[1] and (2), statements of counsel are not evidence and are insufficient for purposes

of granting a motion to dismiss or summary conclusion.[2] "Unsworn statements of counsel are totally

insufficient to raise a genuine issue as to a material fact." Additionally, the court opined "The judgment

sought (dismissal) shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

fact and that the moving party is entitled to a judgment as a matter of law." *Mahoney v. McDonald* (E.D. Pa.

1965)(Emphasis added)

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves a.
this woman's rights not to be compelled to perform under any commercial
contract or agreement that this woman did not enter knowingly,
voluntarily, and intentionally. This woman did not and does not accept the
liability of any compelled benefits offered or any unrevealed, non-
disclosed commercial contract or agreement offered. All offers accepted
pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2).
This is a legal permanent fixture and part of every page of this TORT
CLAIM PETITIION in this court of record in exclusive common law of
England that shall be read and considered in every COURT pursuant to all
laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: *Diane Dilleon-Alla*



The Respondents, by and through their counsel, have failed to meet this heavy burden as there are still genuine issues of material fact left for this court, and the jury, to adjudicate. Additionally, counsel has failed

[1] Fed.R.Evid. 602
[2] See *Trinsey v. Pagliaro* 229 F. Supp. 647 (E.D. Pa. 1964)

to submit sworn affidavits to authenticate their motion for summary conclusion. "Unsupported contentions of material fact are not sufficient on motion for summary judgment, but rather, material facts must be supported by affidavits and other testimony and documents that would be admissible in evidence at trial." *Cinco Enterprises, Inc. V. Benso,* Okla., 890 P.2d 866 (1994). The 5th circuit court of appeals has noted that "documents submitted as summary judgment evidence must be authenticated" for the court to grant the summary judgment motion". See *Duplantis v. Shell Offshore, Inc.* 948 F.2d 187 (5th Cir. 1991). This court cannot consider Defendants' motions to dismiss as they are unsupported and unauthenticated with sworn affidavits, depositions, or answers to interrogatories. "....it is well-established that a motion for summary judgement must be supported by affidavits, depositions, answers to interrogatories, admissions on file, or other documentary evidence Fed R. Civ. P. 56(c). In reviewing those materials, "[t]he Court should believe the evidence presented by the nonmovant, and draw all justifiable inferences in his favor." [3] Lastly, pro se litigants can not be dismissed for failing to state a claim upon which relief can be granted. See *Haines v. Kerner,* 404 U.S. 519 (1972).

This Court has knowledge that Petitioner's procedural due process rights require opportunity to present evidence in support of her claims. For the reasons listed here alone in this summary argument, the Farmington City Defendants' motions to dismiss cannot even be considered by this court and must be denied. However, in the interest of judicial economy, Petitioner will address each of the Defendants' arguments in the sections that follow.

Without prejudice, UCC 1-308, without recourse and without dishonor to this woman's rights not to be compelled to perform under any commercial contract or agreement that this woman did not enter knowingly, voluntarily, and intentionally. This woman did not and does not accept the liability of any compelled benefits offered or any unrevealed, non-disclosed commercial contract or agreement offered. All offers accepted pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2). This is a legal permanent fixture and part of every page of this TORT CLAIM PETITION in this court of record in exclusive common law of England that shall be read and considered in every COURT pursuant to all laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: _Diane Killian-Allen_



*3.0. Farmington City Defendants' Motion is Moot, Defenses Are Meritless*

As has been previously stated, the defenses raised by Farmington City Defendants are meritless and the

motion to dismiss is moot without the support of authenticated evidence in the form of affidavits,

*See Cotter v. Ajilon Servs., Inc.,*287 F.3d 593, 597 (6th Cir. 2002) (citing *Plant v. Morton Int'l, Inc.,*212 F.3d 929, 933-34 (6th Cir. 2000)) United States v. One TRW, Model M14, 7.62 Caliber Rifle 441 F.3d 416, 426 (6th Cir. 2006)

depositions, or answers to interrogatories. Petitioner will present to the court her outline of rebuttal to

Farmington City Respondents' statements raised in the order they appear in Farmington City Defendants'

Motion to Dismiss.

## 3.1 Cause of action 1, 5, 6, 10, 11 and 12

Farmington City Respondents make the argument that Petitioner has not met the standard under Rule 8

FRCP or stated a claim. However, under the § 1983 pleading standard the court held that "a claim of

municipal liability under § 1983 is sufficient to withstand a motion to dismiss 'even if the claim is based on

nothing more than a bare allegation that the individual officers' conduct conformed to official policy,

custom or practice".[4] The employer is responsible for the employees who are acting on behalf of the

employer within the sphere of their employment. It is enough if the custom or policy can be inferred from

the allegations of the complaint. "Our obligation remains, where the petitioner is pro se, particularly in

civil rights cases, to construe the pleadings liberally and afford the petitioner the benefit of any doubt".

However in-artfully plead this claim meets this standard. Section 1983 provides a cause of action against

persons acting under color of law who have violated rights guaranteed by the Constitution[5] as well as rights

guaranteed be Federal statutes.[6] Where statues contain provisions for criminal penalties, citizen suits,

judicial review or even administrative proceedings alone, the Supreme Court has found the remedial scheme

sufficiently comprehensive to foreclose an independent § 1983 cause of action. See Abrams, 544 U.S.,121-22

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all this woman's rights not to be compelled to perform under any commercial contract or agreement that this woman did not enter knowingly, voluntarily, and intentionally. This woman did not and does not accept the liability of any compelled benefits offered or any unrevealed, non-disclosed commercial contract or agreement offered. All offers accepted pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2). This is a legal permanent fixture and part of every page of this TORT CLAIM PETITIION in this court of record in exclusive common law of England that shall be read and considered in every COURT pursuant to all laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: *Diane Kellar-Allan*



Farmington City Respondents have adopted a policy and custom under their Municipal code[7] to enforce

traffic code and state driver license act provisions, issue citations and collect debt through court proceedings

to which the police chief is to administer.  Not only did Respondent Dane Hanson and Eric Johnson

[4] *Shah v. County of Los Angeles,* 797 F.2d 743, 747 (9th Cir. 1986).
[5] See Buckley v City of Redding 66 F. 3d 188, 190 (9th Cir 1995)
[6] See Gonzaga Univ. v. Doe, 536 U.S. 273, 279 (2002)
[7] See Farmington City Ordinance 14-1-010 & 14-1-03

participate in the search and seizure of Petitioner and her property.  Wayne Hanson, as police chief was

notified of the unconstitutional violations and knowingly failed to remedy and refused to intervene; "the

requisite causal connection can be established... By setting in motion a series of acts by others, which the

[supervisor] knew or reasonable should terminate the acts which he knew or should have known would

cause others infliction of constitutional injury" Rodriguez, 891 F.3d at. (9th Cir, 1995) Robins v Mecham,

60 F.3d, 1436, 1442 (9th Cir, 1995) Concluding that failure to intervene to stop alleged violation could be

sufficient to establish liability.

The Supreme Court has held that the defendant must prove that a section 1983 action would be

inconsistent with the cautious and precise scheme of remedies provided by Congress.  It is the defendant's

burden to demonstrate congressional intent to prevent a remedy under section 1983.  In Lividas v Bradshaw

the court held that apart from exceptional cases § 1983 remains a presumptively available remedy for

claimed violations of Federal Law.  Federal regulations are fully authorized by Statute. [8]

Farmington City Respondents are not entitled to a motion to dismiss as they have failed to prove there is no

genuine issue of material fact.[9] Plaintiff will show that she pled with particularity that each defendant

violated or caused to be violated Petitioners God-given rights secured by the Constitution that is supported

by affidavit. "When considering a defendant's motion to dismiss, a court must construe the factual

allegations in the complaint in the light most favorable to the plaintiff." *Barker v. Riverside Cnty. Off. of*

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all this woman's rights not to be compelled to perform under any commercial contract or agreement that this woman did not enter knowingly, voluntarily, and intentionally. This woman did not and does not accept the liability of any compelled benefits offered or any unrevealed, non-disclosed commercial contract or agreement offered. All offers accepted pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2). This is a legal permanent fixture and part of every page of this TORT CLAIM PETITION in this court of record in exclusive common law of England that shall be read and considered in every COURT pursuant to all laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: *Diane Kellum-Allan*

*Educ.,* 584 F.3d 821. 824 (9th Cir. 2009); see *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555– 56 (2007).

"If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the

right to relief is plausible, a court should deny the defendant's motion." See *Ashcroft v. Iqbal,* 556 U.S. 662,

678 (2009); *Twombly,* 550 U.S. at 555–56; *Woods v. City of Greensboro,* 855 F.3d 639, 652–53 & n.9 (4th Cir. 2017);

*Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). "A claim will not be dismissed on a Rule 12(b)(6) motion

[8] Golden State Transit Corp v. Los Angeles and Wright v City of Roanoke Redevelopment and Housing Authority
[9] See Mann Frankfort Stein & Lipp Advisors v Fielding 289 S.W. 3d 844, 848

unless it appears to a certainty that no relief can be granted under any set of facts provable in support of its

allegations". *Lowe v. Hearst Commc'ns, Inc.,* 414 F. Supp. 2d 669 (W.D. Tex. 2006), *aff'd,* 487 F.3d 246, fn. 1 (5th

Cir. 2007).

3.2 Causes of Action 4,7,8, and 10

Counsel for Farmington City Respondents would have this court believe that somehow the Farmington City

Respondents played no role in the violation of rights, when in fact it is at the heart of this matter.  First the

Farmington City Officers Dane Hansen violated Petitioners constitutional rights by forcing her off the road

while armed and demanded papers, property [credit card see 15 USC 1602 (l)] and identification from her in

violation of 4th 5th and 14th amendment rights.  Respondent Johnsen then arrived at the stop and failed to

intervene and participated in the violations of rights.  Respondents Dane Hansen and Johnsen by holding

themselves out as officers of the law, in uniform, display of weapons, and other symbols on their uniform

and vehicle were in violation of 15 U.S.C 1692 (i) False representations.

These acts in and of themselves further constitutes identity theft and extortion 15 U.S.C 1681 c-1. They

used outside information from computer software, rather than having probable cause, affidavits, a warrant

or a victim, to access Petitioners credit without her permission in violation of 15 U.S.C 1692 participating

with other entities in the conspiracy constituting racketeering.  When Petitioner went to the police station to

rescission the citation Eric Johnsen trespassed against Petitioners rights, wadded the citation up and began

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all this woman's rights not to be compelled to perform under any commercial contract or agreement that this woman did not enter knowingly, voluntarily, and intentionally. This woman did not and does not accept the liability of any compelled benefits offered or any unrevealed, non-disclosed commercial contract or agreement offered. All offers accepted pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2). This is a legal permanent fixture and part of every page of this TORT CLAIM PETITIION in this court of record in exclusive common law of England that shall be read and considered in every COURT pursuant to all laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: _Diane Kellian Allen_

to toss it into a nearby trash can thus mutilating/concealing documents in violation of 18 U.S.C 2071 and assaulted and threatened her with harm and theft of property ¶ 144, 145. Respondent Wayne Hanson upon being notified of the violations via Registered mail failed to intervene and correct the violations. The conspiracy against rights continued when Farmington City and its agents proceeded to take legal action against petitioner for the purposes of collecting a debt in violation of her 1st amendment rights and 15 U.S.C 1692 (e) (1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof. This entire event from start to finish was a simulation of a legal process under color of law. Statutes are evidence of the law.   For this depravation of her constitutionally secured rights under color of law Petitioner is entitled to appropriate relief under 42 U.S.C. § 1983.


## 3.3 Causes 2,3,4,7, 8 and 9

Farmington City Respondents have received multiple notices of the issues and have been given the opportunity to correct the errors.  However, "if the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendants motion.' See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555-56; Woods v City of Greensboro, 855 F. 3d 639, 652-53 & n.9 (4th Cir. 2017); Brooks v Ross, 578 F. 3d 574, 581 (7th Cir. 2009). Law enforcement are purported to be learned in the law, yet, in this instance they wantonly violated the Oaths they swore to uphold and acted under color of law.  It is their duty to know the law, ignorance is no excuse. Absent a crime, any stop or detention by Dane Hanson and Eric Johnsen is a false arrest and unreasonable seizure.  Respondents Johnsen and Wayne Hanson failed to intervene thus all Farmington City Respondents participated in the conspiracy against rights.  Farmington City after rescission further perpetuated the malicious prosecution when Farmington City brought suit to collect a debt.  Thus all Farmington City Respondents participated in activities through their adopted codes, custom and practices continued knowing

By:

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all this woman's rights not to be compelled to perform under any commercial contract or agreement that this woman did not enter knowingly, voluntarily, and intentionally. This woman did not and does not accept the liability of any compelled benefits offered or any unrevealed, non-disclosed commercial contract or agreement offered. All offers accepted pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2). This is a legal permanent fixture and part of every page of this TORT CLAIM PETITION in this court of record in exclusive common law of England that shall be read and considered in every COURT pursuant to all laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By:

there was no crime, no probable cause, and no contract. Conversion of the right to travel into a privilege or a crime is Fraud and is in clear and direct conflict with the laws of the United States Constitution, the Supreme law of the land, and laws made by any State, which are clearly in direct conflict or repugnant are unconstitutional.

*Fourth Amendment Claims* 42 § 1983 - Respondent's state that this claim arises from Petitioner having been cited by a Farmington City Police officer for "driving a vehicle with expired registration and not having a driver's license in her possession" Not only are the attorneys are making statements on the record that are inadmissible as heresay, they are intended to mislead or distract from the issues at hand. In reality, this claim arises out of the Deprivation of Rights under color of law in the first instance, then continued through willful, malicious actions and threats by officers and public officials that have sworn an Oath to the Constitution for the United States and Utah Constitution that they are duty bound to uphold, protect and abide by its laws. Counsel must be confused or misguided as to think that the Respondents didn't do anything improper. The mere act of Respondent Dane Hanson turning on the emergency lights on his cruiser is a felony when no emergency existed. Then when Dane Hanson forced Petitioner off the road and demanded her papers and effects she was then seized in that moment and restrained in her Liberty to travel freely. Dane Hanson acted under color of law pursuant to 18 U.S.C §242 §912 and §913 when he pretended to act under authority and demanded money[debt], paper, document, or thing of value. Dane Hanson by then demanding identification from Petitioner stole her identity without permission, in violation of Fair Trade Commission § 805A constituting identity theft as Petitioner did not give prior consent to his activities and 18 U.S.C 1028 (a) when he obtained her driver license and insurance information and transcribed it onto the citation without having been provided them and 15 U.S.C 1692 (b)(a) . This also constitutes Involuntary Servitude and Peonage 42 U.S.C §1994.

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all
this woman's rights not to be compelled to perform under any commercial
contract or agreement that this woman did not enter knowingly,
voluntarily, and intentionally. This woman did not and does not accept the
liability of any compelled benefits offered or any unrevealed, non-
disclosed commercial contract or agreement offered. All offers accepted
pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2).
This is a legal permanent fixture and part of every page of this TORT
CLAIM PETITIION in this court of record in exclusive common law of
England that shall be read and considered in every COURT pursuant to all
laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: _Diane Kellum-Allen_

Given that Dane Hanson and Johhnsen were presumed to be armed this became and armed conspiracy against rights. When Eric Johnsen arrived and failed to intervene and participated in the seizure it further became a conspiracy against rights. Finally, Petitioner was denied proper warrants, denied provisions of the constitution, slavery [forced compliance to contracts not held] resulting in a violation of 18 U.S.C 3571 and 28 U.S.C 3002 (15). "The fourth amendment forbids stopping a vehicle even for the limited purpose of questioning its occupants unless police officers have a founded suspicion of criminal conduct" United States v Salinas, United States court of Appeals, Ninth Circuit, citing United States v Ramirez-Sandoval, (1989) The implementation of codes, rules and regulations are nothing more than expost facto law absolutely forbidden by the Constitution and lacking due process. See Rodriguez v. Ray Donovan (U.S. Department of Labor) 769 F. 2d 1344, 1348 (1985) and Delaware v Prouse 440 US, 6484, 653 (1979)

Where an individual is detained, without warrant and without having committed a crime (traffic infractions are not crimes), the detention is a false arrest and false imprisonment. Damages awarded. Trezevant v City of Tampa, 741 F.2d 336 (11th Cir. 1984)

When the Respondents Dane Hanson and Johnsen detained the Petitioner for the purposes of requiring her to identify herself, they performed a seizure of her person subject to the requirements of the fourth amendment. The fourth amendment applies to all seizures of the person including seizures that involve only a brief detention short of a traditional arrest. Whenever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person. This seizure is a depravation the Petitioner of her civil rights (restraint of liberty).

Counsel for Respondents cite Terry v Ohio which affirmed the fourth and fourteenth amendment rights of the Petitioner against unwarranted searches and seizure and held that once a person is detained for any reason it is in fact a seizure. This case did not allow for a blanket immunity by the police officer to violate

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all this woman's rights not to be compelled to perform under any commercial contract or agreement that this woman did not enter knowingly, voluntarily, and intentionally. This woman did not and does not accept the liability of any compelled benefits offered or any unrevealed, non-disclosed commercial contract or agreement offered. All offers accepted pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2). This is a legal permanent fixture and part of every page of this TORT CLAIM PETITION in this court of record in exclusive common law of England that shall be read and considered in every COURT pursuant to all laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: *Diane Keller-Alex*



the rights belonging to the plaintiff.  It limited the warrantless search to a situation where exigent circumstances may reflect the need for safety reasons <u>to protect the public from said danger to life</u> and would only allow the evidence obtained in that instance to be considered.  It did not protect the police officers from a serious overreach of authority not granted by law.  Respondent is misapplying this case as it applies to potential dangers to life, **not to traffic infractions.**  Respondent further seems to be misconstruing "probable clause" in the 4th amendment with "reasonable suspicion" which have different meanings.  This was not the case here as is supported by the respondents' admission that this was a pretextual traffic stop for expired registration.   It may also not be liberally construed to apply in this instance as there was no crime and no 'reasonable articulatable suspicion' of any crime, see People v Battle 50 Cal. App 3, Step 1, Super, 123 Cal. Rptr 636, 639.  "The claim and exercise of Constitutional right cannot be converted into a crime. Miller v U.S. 230 F 2d 486, 489.

Respondents further cite United States v Thompson in an effort to prejudice this court.  This case exemplifies the travesties that are committed on a daily basis by police officers exerting power they do not possess.  Reasonable cause or probable suspicion that a suspect has or is about to commit a crime involving a victim, injury, or damage to persons or property is required to stop, detain, questions, or demand identification from a motorist.  "Pretextual traffic stops are a violation of the 4th Amendment." U.S. v Eldridge, 984 F2d 9443 (1993).  For a crime to exist, there must be an [actual or intended] injured party (Corpus Delecti).  There can be no sanction or penalty imposed upon one because of this exercise of constitutional rights,  Sherer v. Cullen 481 F 945-946.  Further we see in Chicago Coach Co. v City of Chicago 337 Ill. 200, 169 N.E. 22  "Traffic infractions are not crimes".  In this instant case there is no Corpus Delecti and there was no 911 call to support the possibility of damage or injury to warrant the stop.

Thompson further fails to identify whether or not Thompson was operating in commerce in a "for hire capacity" with any markings on the car to identify it as such.   In this instant case the Petitioner was not

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all this woman's rights not to be compelled to perform under any commercial contract or agreement that this woman did not enter knowingly, voluntarily, and intentionally. This woman did not and does not accept the liability of any compelled benefits offered or any unrevealed, non-disclosed commercial contract or agreement offered. All offers accepted pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2). This is a legal permanent fixture and part of every page of this TORT CLAIM PETITIION in this court of record in exclusive common law of England that shall be read and considered in every COURT pursuant to all laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: *Diane Dellian Allen* (signature)

operating in commerce and she indicated to the officer up front this was the case, thus "traffic infractions" would not apply to her. The very definition of "traffic" is: "Commerce, trade, sale or exchange of merchandise, bills, money and the like" Bouviers Law Dictionary. Further, regarding the claim Police officers are not entitled to absolute immunity.[11] See Ibler v. Pachtman, 424 U.S. 409, 418-419 (1976). A government official "cannot be expected to predict the future course of constitutional law, but [the official] will not be shielded from liability" for acts that violate clearly established constitutional rights Procunier v. Navarette, 434 US. 555, 562 1978 see also Harlow v. Fitzgerald 457 US 800, 818-1982, and Luckenback v The Thekla, 295 F 1020, 226 US 328. "The attempt of a state officer to enforce an unconstitutional statue is proceeding without authority…is an illegal act, and the officer is stripped of his official charter and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to its officer immunity from responsibility to the supreme authority of the United States". Ex Parte young 209 U.S. 123 (1908) "The officers of the law, in execution of the process, are required to know the requirements of the law, and if they mistake them, whether through ignorance or design, and anyone is harmed by their error, they must respond in damages". Roger V Marshall 1 Wall. US 644, 17 LED 714 "The makers of the constitution conferred, as against the government, the Right to be let alone; the most comprehensive of rights, and the right most valued by civilized men." Olmstead v United States 277 US 438, 48 S. Ct. 564 For this depravation of her constitutionally secured right under color of law, Petitioner is entitled to appropriate relief under 42 U.S.C. § 1983.

*First Amendment Claims* Respondents claim to be unaware of how there was a violation of Petitioners 1st amendment rights of free exercise of religion. Yet in Petitioners claim ECF No 1, ¶ 20 restates the entirety of the Affidavit of Truth and Fact as if restated in full herein, Exhibit 3, page 7 and 8 and that pursuant to Public Law 97-280 the King James Bible is the LAW. Ezra verse 7 chapter 24 states "it shall not be lawful to impose toll, tribute, or customs, upon them". Thus by Respondents custom/policy they issued a citation (toll and custom) to her and charging her (debt) to exercise her right of freedom of religion and the right to

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all
this woman's rights not to be compelled to perform under any commercial
contract or agreement that this woman did not enter knowingly,
voluntarily, and intentionally. This woman did not and does not accept the
liability of any compelled benefits offered or any unrevealed, non-
disclosed commercial contract or agreement offered. All offers accepted
pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2).
This is a legal permanent fixture and part of every page of this TORT
CLAIM PETITION in this court of record in exclusive common law of
England that shall be read and considered in every COURT pursuant to all
laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: _Diane Kelluar-Alla_

travel freely upon the public roadways. See ***Douglas v City of Jeannette*** 130 F 2d 652, 655. Respondent knew this to be true and knew that if a statute or law is repugnant to the constitution and the very rights we hold as sovereign people, then we are free to act accordingly. See *Marbury v. Madison* (1803) 5 U.S. 137 "If the state does convert your right into a privilege and issue a license and a fee for it, you can ignore the license and a fee and engage the right with impunity." Shuttlesworth v Birmingham, 373 US 262.

With this in mind, the Respondent satisfies all three prongs that must be proven to show the Farmington City Defendants violated her first amendment rights: (1) Petitioner was engaged in a constitutionally protected activity of freedom of religion and pursuant to Public Law 97-280 the bible is the law. Ezra "...No custom, toll and tribute." (2) the Farmington City Defendants actions caused her to suffer an injury to be arrested at her Liberty and demand Petitioner voluntarily give up her rights under the law and submit to charges and fines. (3) Petitioner has shown that the Farmington City Defendants adverse action was substantially motivated to collect a debt for the financial gain of their employer and perhaps their continued employment in the face of Petitioners Constitutionally protected, God-given Un-a-lien-able rights.

*Assault* Respondents must be intentionally trying to mislead this court or willfully ignorant of what assault consists of. When a police officer stops you, you are under arrest. The officer will lie to you and tell you that you are not under arrest and begin a discovery process not permitted by law. "An illegal arrest is assault and battery, and citizen has the same right to use force in defending themselves as they would if repelling any other assault and battery." State v Robinson 72 alt 2d 262 (1950). Any detention must be based on specific articulable facts (SAF) and rational inferences [pertaining to the suspected commission of a crime involving a victim or property damage]. Unparticularized suspicion and inarticulate hunches alone are not good enough. A valid investigative stop must be based on "reasonable articulable suspicion" U.S. v. Briggman, 931 F2d 705 (1991)."You may not be arrested solely to ascertain your identity" Arrington v McDonald, 808 F2d 466

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves a
this woman's rights not to be compelled to perform under any commercial
contract or agreement that this woman did not enter knowingly,
voluntarily, and intentionally. This woman did not and does not accept the
liability of any compelled benefits offered or any unrevealed, non-
disclosed commercial contract or agreement offered. All offers accepted
pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2).
This is a legal permanent fixture and part of every page of this TORT
CLAIM PETITIION in this court of record in exclusive common law of
England that shall be read and considered in every COURT pursuant to all
laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: *Diane Kellian-Allen*

*Fifth Amendment Claims* - One of the most fundamental God-given rights is the right to life, liberty and the pursuit of happiness that cannot be infringed. This was so fundament that our founders wrote it into the constitution as a positive right. "The right to travel is part of the "liberty" of which the citizen cannot be deprived without due process of law under the Fifth Amendment. "Freedom to travel is, indeed, an important aspect of the citizen's "liberty". We are first concerned with the extent, if any, to which Congress has authorized its curtailment". Kent v Dulles, 357 U.S. 116, 127. "The right of the citizen to travel upon the public highways and to transport his property thereon, either by a carriage or automobile, is not a mere privilege which a city may prohibit or permit at will, but a common right which he has under the right to Life, Liberty and the Pursuit of Happiness," Thompson v Smith 154 SE 579, 111 American Jurisprudence, Constitutional Law, Section 329 Pg 1135. By stopping the Petitioner absent a warrant or crime, Respondent Dane Hanson denied Petitioner her right to travel freely at her Liberty. Respondent Hansen knew that Petitioner was not operating in commerce and should have known she was not traveling in a type of automobile that is subject to commercial codes. Pursuant to 18 USC 31 the definition of a "motor vehicle" means "used for commercial purposes. The term 'motor vehicle' is different and broader than the word automobile[14] and is exempt from regulation and taxation.[15]  "Private automobiles **must be exempted**" State v Johnson, 243 P, 1073; 60 C.J.S. Section 94 page 581. Thus the State and municipalities implementation of a custom and policy which applies codes and ordinances to men and women and their private automobiles by categorizing them as a "motor vehicle" and forced registration is unlawful and unconstitutional and a violation of Petitioners 5th amendment rights.

Further to require registration of any private property not only represents a taking but also to be compelled to register is to require property to be given for public purposes. The Supreme Court held that to be

[14] International Motor Transit Co vs Seattle, 251 P. 120

compelled to register any thing is to "be compelled to be a witness against himself" Haynes v U.S. , 390 U.S. 85, 88 S. Ct. 722, wherein the ruling was that to force anyone to register anything is communicative,

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all this woman's rights not to be compelled to perform under any commercial contract or agreement that this woman did not enter knowingly, voluntarily, and intentionally. This woman did not and does not accept the liability of any compelled benefits offered or any unrevealed, non-disclosed commercial contract or agreement offered. All offers accepted pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2). This is a legal permanent fixture and part of every page of this TORT CLAIM PETITIION in this court of record in exclusive common law of England that shall be read and considered in every COURT pursuant to all laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: *Diane Killian-Allen*



and such communicative evidence is precluded by the 5th amendment.  A state MAY NOT impose a charge

for the enjoyment of a right granted (sic) by the Federal Constitution".  Murdock v Pennsylvania, 319 US

105.  For Respondent Dane Hansen and Eric Johnsen to issue a citation for a fundamental right represents a

direct tax, a taking, of private property for public uses without just compensation.    The right of the citizen

to travel upon the public highways and to transport his property thereon, either by carriage or automobile, is

not a mere privilege which a City may prohibit or permit at will, but a common right which he has under the

right to Life, Liberty and the Pursuit of Happiness"  Thompson v Smith 154 SE 579.

The state cannot change the meaning of "motor vehicle" and "driver" to fit their own needs.  The State

cannot change the name of a thing to avoid the mandates of the Constitution. [10]   What the United States

cannot change the name of a thing to avoid the mandates of the Constitution. [11]   What the United States

Supreme Court says here is that the state cannot change the meaning of "a traveler" to "driver", and they

cannot change the name or term of "private automobile," to "Motor Vehicle".

This highlights the egregious actions of the Farmington Respondents as by regulation, custom and policy

Farmington City and its officers Dane Hanson and Eric Johnson have made it a standard practice of issuing

citations to private men and women for the purpose of collecting revenue for their employer.  Farmington

City through their own municipal codes have stated their intent of enforcing said custom is to collect a debt

through court proceedings.  Their combined activities represent an egregious violation of constitutional

rights whereby under color of official right they are misusing their office to extort money from the people

and a violation of 15 USC 1692i (b) Nothing in this subchapter shall be construed to  authorize the

bringingof legal actions by <u>debt</u> collectors.  Whereas Farmington City is by policy and custom issuing

charges against consumers and then taking legal actions to collect the debt by and through the Davis County

Defendants in violation of what Congress says pursuant to Title 15 including 15 USC 78ff and 15 USC

1692 f (6).  It was Congress' intent to define and protect the rights of the people in the case of 42 § 1983

and Title 15.  Farmington City by its adoption of defacto traffic enforcement policies and customs

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all this woman's rights not to be compelled to perform under any commercial contract or agreement that this woman did not enter knowingly, voluntarily, and intentionally. This woman did not and does not accept the liability of any compelled benefits offered or any unrevealed, non-disclosed commercial contract or agreement offered. All offers accepted pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2). This is a legal permanent fixture and part of every page of this TORT CLAIM PETITION in this court of record in exclusive common law of England that shall be read and considered in every COURT pursuant to all laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: *Diane Lillian-Allan*



proximately caused officers to engage in unlawful acts against Petitioner. No man can be stripped of their natural rights given by God, waivers of fundament rights must be knowing, intentional, and voluntary acts done with sufficient awareness of the relevant circumstances and likely consequences U.S. v Brady 397 U.S. 742 at 748. As such, anything to the contrary is an unconscionable contract to which Petitioner has not waived any rights and retains her rights now and forever more. Further let us recognize TWEA, 41 Stat.

[10] See Bank of Boston v. Jones 4 UCC Rep Serv. 1021, 236 A2d 484, UCC PP 9-109.14 and Ex Parte Hoffert, 148 NW 20
[11] Craig v Missouri, U.S. 29, 410

411, page 418 (e) no person shall be held liable in any court for or in respect to anything done or admitted in pursuance of any order rule or regulation made by the president under the authority of this act.

The right to travel is so fundamental that it appears in the Articles of Confederation which governed our society before the constitution. The binding shackles of Government is the Constitution, to wit: the laws of nature are the laws of God whose authority can be supersede by no power on earth. A legislature must not obstruct our obedience to him from whose punishments they cannot protect us. "An unconstitutional law is not a law, it confers no rights, imposes no duties, and affords no protection. Norton v. Shelby County, 118 US 425. For this depravation of her constitutionally secured right under color of law, Petitioner is entitled to appropriate relief under 42 U.S.C. § 1983.

*Sixth Amendment Claims*

Defendant Dane Hanson, by his own words, admitted that he had no personal knowledge of a crime, only an allegation of a traffic infraction. So the only logical conclusion that Petitioner could come to was that Dane Hanson was intentionally harassing Petitioner and violating Petitioner's sixth amendment right to be informed of the nature and cause of the accusation against her and to face her accusers. Even after Rescisssion and Notice to all Farmington City Respondents they proceeded to e-file a citation and

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all this woman's rights not to be compelled to perform under any commercial contract or agreement that this woman did not enter knowingly, voluntarily, and intentionally. This woman did not and does not accept the liability of any compelled benefits offered or any unrevealed, non-disclosed commercial contract or agreement offered. All offers accepted pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2). This is a legal permanent fixture and part of every page of this TORT CLAIM PETITION in this court of record in exclusive common law of England that shall be read and considered in every COURT pursuant to all laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: _Diane Killean-Allen_

Farmington City proceeded to prosecute as Plaintiff. There was no ratification, no Commencement, no Affidavits, and no properly signed and sworn information. Farmington City is not and cannot be a victim nor can they be a real party in interest. Due to a lack of training, or willful indifference to Petitioner's rights, Respondents Dane Hanson and Wayne Hanson, as administrator, violated the very sacred constitutions they took an oath that they swore they would protect. In doing so, they caused damages to Petitioner, both actual and emotional, and are therefore liable in their personal capacity under title 42 § 1983.

*Fourteenth Amendment Claims*

Farmington City Respondents claim that aside from "conclusory legal conclusions", Petitioner doesn't allege sufficient facts to support a claim. Respondents then go on to state that the facts in Petitioner's own complaint state otherwise. Respondents continue by saying this arose out of a typical traffic stop. There are some glaring problems with these statements. First, there is no record of a 911 call that would purport that a victim reported a crime that was allegedly committed by the Petitioner giving rise to probable cause. Petitioner did allege sufficient facts related to the probable cause in her complaint at ¶ 28-64 and in Exhibit 3 Affidavit of Truth and Fact. For these reasons, Farmington City Respondents insufficient pleading claims fail. "We hold, therefore, that a random stop of a motorist in the absence of specific articulable facts which justify the stop by indicating a reasonable suspicion and violative of the fourth and fourteenth amendments to the United States constitution. It follows that a random stop solely for the purpose of a document check is an unreasonable and unconstitutional detention of those in the stopped vehicle. State v Prouse 382 A. 2d 1359, 1364. For this depravation of her constitutionally secured right by Respondents Dane Hanson and Eric Johnsen, under color of law, Petitioner is entitled to appropriate relief under 42 U.S.C. § 1983.

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all this woman's rights not to be compelled to perform under any commercial contract or agreement that this woman did not enter knowingly, voluntarily, and intentionally. This woman did not and does not accept the liability of any compelled benefits offered or any unrevealed, non-disclosed commercial contract or agreement offered. All offers accepted pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2). This is a legal permanent fixture and part of every page of this TORT CLAIM PETITION in this court of record in exclusive common law of England that shall be read and considered in every COURT pursuant to all laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: *Diane Kelleon-Allen*



*III. Conspiracy Against Rights – Title 42 § 1983*

The Responded would like to believe that Causes of action 4,7,8, and 10 do not apply to them. Farmington City Respondents by and through their counsel must either be confused or ignorant to their participation in the conspiracy against rights which applies to each and every one of them in some way.  Details of each parties participation was in fact laid out in Petitioners original pleading.  ¶20-66

Petitioner was denied her opportunity for proper notice and due process when she was denied proper service of process of a verified complaint along with the summons which would have contained the nature and cause of the accusation and witness(s) against her. Defendant Dane Hanson is an employee of Farmington City, a political subdivision of the executive branch, and cannot effect proper service of process as a member of the executive branch and as one who is personally involved in the action. It is well settled law that "A defendant's return and acknowledgment are an essential part of the procedure for establishing in personam jurisdiction" *Friedman v. Estate of Presser* (6th Cir. 1991) 929 F.2d 1151, 1156.  This is why Petitioner filed suit in this honorable court, long before there was ever a "conviction" in the state court.

The statutes at issue here under which the "citation" was issued, Utah Code § 53-3-217 which states: (1)(a) The licensee shall have his license certificate in his immediate possession at all times when **driving a motor vehicle.**  (3) A **person** who violates Subsection (1)(a) or (1)(b) is guilty of an infraction.  And 41-1A-1303 - Except as provided in Section <u>41-1a-211</u> or <u>41-1a-1303.5,</u> a **person** may not drive or move, or an owner may not knowingly permit to be driven or moved upon any highway any **vehicle <u>of a type required to be registered</u> in this state.**  Additionally, since this statute implies criminality, the definitions under the Utah Criminal Code apply accordingly under title 76. Under the definitions for the term "person" we read: "**(11)** "Person" means an individual, public or private corporation, government, partnership, or unincorporated association." *Utah Code § 76-1-101.5*

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all this woman's rights not to be compelled to perform under any commercial contract or agreement that this woman did not enter knowingly, voluntarily, and intentionally. This woman did not and does not accept the liability of any compelled benefits offered or any unrevealed, non-disclosed commercial contract or agreement offered. All offers accepted pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2). This is a legal permanent fixture and part of every page of this TORT CLAIM PETITION in this court of record in exclusive common law of England that shall be read and considered in every COURT pursuant to all laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: _Diane Killian-Allan_



Based on the rule of ejusdem genesis, the term "person" meanS a creation of the state, controllable by the executive branch or any of its political subdivisions. As Respondent is a woman and one of the sovereign people, this statute was clearly not meant apply to her. "The rule of *ejusdem generis* ordinarily "limits general terms which follow specific ones to matters similar to those specified." *Gooch* v. *United States*, 297 U.S. 124, 128 (1936)" *Harrison v. PPG Industries, Inc.* (1980) 446 U.S. 578, 601. And as outlined in sections above the automobile is NOT a vehicle of a type required to be registered. Pursuant to 49 U.S.C 31102 the States receive Federal Funding only for and in connection with programs that involve a commercial driver license and the States agree to operate under Federal code 49 CFR which only effect commercial motor vehicles. We see in 18 U.S.C. 31 the definition of "motor vehicle" means "used for commercial purposes". Title 49, Subtitle IV, Part B Ch. 145 § 14504a (10) Vehicle Registrations; The term "vehicle registration" means the registration of any **commercial** motor vehicle. This specifically means that "registration" does not apply to private automobiles "No public policy of a state can be allowed to override the positive guarantees of the U.S. Constitution" 16 Am. Jur (2nd), Const. Law, Sect. 70.

Thus, if the Utah Legislature was intending for this statute to apply to men and women, they would have used those terms accordingly. As such, since those terms are not there, under this rule, men and women are implicitly excluded from this statute as are automobiles that are household goods pursuant to UCC 9-109.

Farmington City Respondents knew, or should have known, that when they arbitrarily chose to single the Petitioner out and issue her a citation, they were violating her God-given rights to not be deprived of her Life and Liberty without due-process of law, protected under the 4th, 5th, and 14th amendments to the Constitution. Additionally, they knew, or should have known, that they did not have the proper jurisdiction over the Petitioner according to the definitions of the statute to issue the notice to the in the first place.

Respondent can only speculate as to why she was given the citation but it appears to be as a result of the Defendants lack of knowledge of the law or lack of training. Petitioner attempted to point out to the

By:

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all
this woman's rights not to be compelled to perform under any commercial
contract or agreement that this woman did not enter knowingly,
voluntarily, and intentionally. This woman did not and does not accept the
liability of any compelled benefits offered or any unrevealed, non-
disclosed commercial contract or agreement offered. All offers accepted
pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2).
This is a legal permanent fixture and part of every page of this TORT
CLAIM PETITION in this court of record in exclusive common law of
England that shall be read and considered in every COURT pursuant to all
laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: _Diane Killian-Allen_



Respondents Dane Hanson and Eric Johnsen were in violation of the Constitutional rights and Liberties belonging to Respondent. Even after proper rescission and notice to Defendant Wayne Hanson via Registered Mail #RF 368325391US delivered on April 12, 2022 they collectively choose to continue in moving a citation and charging Respondent as if a crime had been committed for which there was no victim and no contract that could compel performance. Under USC Title 42 § 1986 Action for neglect states "every person who, having knowledge that any wrongs conspired or to be done ... and having power to prevent or aid in preventing or refuses so to do...shall be liable to the party injured..."All defendants have been noticed time and time again and still choose to ignore the law and the rights belonging to the Respondent in which they all were acting outside of scope and authority and acting under the color of law.

Council makes the assertion that the reason for the citation was for "expired registration and "not having a drivers license in possession" yet they have still failed to prove that they 1. Had the authority to issue such citation. 2. That the statutes of the State of Utah applied to the Petitioner. 3. That the Statutes are not repugnant to the Constitution and therefore void and the people may proceed as if it never existed. 4. That the Defendants had the right to demand the Petitioners "credit card" [15 USC 1692(l)] and steal her identity 6. At this point the Respondent can only presume that counsel is attempting to testify on matters that he has no personal knowledge of. Short of any verified affidavits signed by any of the combined defendants, this constitutes matters outside of the record and cannot be introduced as evidence without first being verified as such.

Again, due to a lack of training, or willful indifference to Petitioner's rights, all Farmington City Respondents violated the very sacred constitutions they took an oath to uphold and protect. In doing so, they caused damages to Petitioner, both actual and emotional, and are therefore liable in their personal capacities to the Petitioner under title 42 § 1983.

## 3.4 RESPONDENT HAS STATED A CLAIM FOR RELIEF FROM FARMINGTON CITY

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all this woman's rights not to be compelled to perform under any commercial contract or agreement that this woman did not enter knowingly, voluntarily, and intentionally. This woman did not and does not accept the liability of any compelled benefits offered or any unrevealed, non-disclosed commercial contract or agreement offered. All offers accepted pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2). This is a legal permanent fixture and part of every page of this TORT CLAIM PETITION in this court of record in exclusive common law of England that shall be read and considered in every COURT pursuant to all laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: *Diane Killean Alla*

As mentioned above, the actions of the individual Farmington City Respondents has shown that Farmington City is liable in that "that the unconstitutional actions of an employee were representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action." *Seamons v. Snow* (10th Cir. 2000) 206 F.3d 1021, 1029

All three individual Farmington City Respondents acted on the official policy and custom of the municipal institution and, as such, used said custom or policy to chill and deter the very rights belonging to the Petitioner, to the detriment of Petitioner and her liberty, without proper due process of law. Thus, the Farmington City Respondents are liable under title 42 § 1983 claims for relief to the Respondent.

### 3.5 CAUSES OF ACTION 1, 4 AND 5 - USE OF CRIMINAL STATUTES/ PRIVATE RIGHT

Petitioner knows and comprehends that she, as a private Citizen, has no private right to prosecute criminally. However, Petitioners use of the criminal statutes are used to show that the Farmington City Respondents failed to exercise objective reasonableness in their actions and in so doing committed criminal acts. A statute is evidence of the law. Petitioner is seeking that the court convene a Grand Jury for the purpose of investigating said crimes and is not seeking civil remedy under those statutes, as is clearly stated in the claims for relief.

### 3.6 CLAIMS AGAINST DEFENDANT WAYNE HANSON

Farmington City Respondents have adopted a policy and custom under their Municipal code to which the police chief is to administer. Wayne Hanson, as police chief, either failed or was deliberately indifferent in his duties to train, supervise and oversee the personnel acting under his authority. Wayne Hanson was notified of the unconstitutional violations on multiple occasions and knowingly failed and refused to intervene; "the requisite causal connection can be established... By setting in motion a series of acts by others, which the [supervisor] knew or reasonable should terminate the acts which he knew or should have known would cause others infliction of constitutional injury" Rodriguez, 891 F.3d at. (9th Cir, 1995) Robins v

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all
this woman's rights not to be compelled to perform under any commercial
contract or agreement that this woman did not enter knowingly,
voluntarily, and intentionally. This woman did not and does not accept the
liability of any compelled benefits offered or any unrevealed, non-
disclosed commercial contract or agreement offered. All offers accepted
pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2).
This is a legal permanent fixture and part of every page of this TORT
CLAIM PETITIION in this court of record in exclusive common law of
England that shall be read and considered in every COURT pursuant to all
laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: *Diane Kellem-Alla*



Mecham, 60 F.3d, 1436, 1442 (9th Cir, 1995) Concluding that failure to intervene to stop alleged violation could

be sufficient to establish liability. The deliberate indifference by policy making officials to properly

instruct, train, supervise and discipline employees with respect to such matters may not be overlooked.

They are expected to know the law and affirmatively enforce constitutional duties, yet, Wayne Hanson

failed to take preventative or remedial measures to terminate said policy or custom and did not adequately

train officers acting under his authority to meet and satisfy constitutional or statutory requirements in

carrying out their duties and exercise of authority.

4. ATTORNEY FEES  Respondents are not entitled to attorney fees given the injury caused creating the need

for vindication of Constitutional rights.  Attorney's fees in civil rights cases  should only be awarded to a

defendant in exceptional circumstances" Barry v Fowler, 902 F.2d 770, 773.  Further the rule against

awarding defendants attorney's fees applies with special force where the Plaintiffs are pro se litigants.  See

Hughes v Rowe, 449 U.S. 5, 15

5. CONCLUSION

Counsel has made a number of unverified assertions that they wish this court to consider in the court's

evaluation of the 12(b)(6) motions. However, as stated before, this court cannot consider the statements of

counsel as fact before the court, and the Supreme Court has advised accordingly: "This finding of a

continuing investigation, which forms the foundation of the majority opinion, comes from statements of

counsel made during the appellate process. As we have said of other unsworn statements which were not

part of the record and therefore could not have been considered by the trial court: "Manifestly, [such

statements] cannot be properly considered by us in the disposition of [a] case." *Adickes* v. *Kress Co.*, 398

U.S. 144, 157-158, n. 16.

Given light of this information from the highest court in the land, this honorable court cannot consider the

unsworn statements made by counsel in its evaluation of the 12(b)(6) motion, and therefore, the motion is

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all this woman's rights not to be compelled to perform under any commercial contract or agreement that this woman did not enter knowingly, voluntarily, and intentionally. This woman did not and does not accept the liability of any compelled benefits offered or any unrevealed, non-disclosed commercial contract or agreement offered. All offers accepted pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2). This is a legal permanent fixture and part of every page of this TORT CLAIM PETITION in this court of record in exclusive common law of England that shall be read and considered in every COURT pursuant to all laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: _Diane Killian -Alla_



frivolous on its face and meant to needlessly delay this litigation. "The defendants' motion to dismiss for failure to state a claim unsupported by affidavits or depositions is incomplete because it requests this Court to consider facts outside the record which have not been presented in the form required by Rules 12(b)(6) and 56(c). Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment." *Trinsey v. Pagliaro,* 229 F. Supp. 647 - Dist. Court, ED Pennsylvania 1964

Determination by this Court that the Respondents have entered nothing on record by testimony, affidavits, or deposition, and that the rulings and determinations of The United States Supreme Court have precedent over Counsel's opinions justly requires that Respondent's motion to dismiss be denied as legally insufficient. This Court is in receipt of judicial notice of the criminal acts of the Defendants and this Court avoids charge of misprision of felony by remanding the Respondents to other authority for a grand jury's determination.

WHEREFORE, for the reasons stated throughout this opposition, Respondent respectfully **MOVES** this Honorable court to enter an order **DENYING** Defendant's Motion To Dismiss for Failure to State a Claim in its entirety, **WITH PREJUDICE.**

RESPECTFULLY SUBMITTED THIS 27 day of October, 2022.

By: *Diane Killian-Allan*

Diane Killian Allan

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all this woman's rights not to be compelled to perform under any commercial contract or agreement that this woman did not enter knowingly, voluntarily, and intentionally. This woman did not and does not accept the liability of any compelled benefits offered or any unrevealed, non-disclosed commercial contract or agreement offered. All offers accepted pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2). This is a legal permanent fixture and part of every page of this TORT CLAIM PETITIION in this court of record in exclusive common law of England that shall be read and considered in every COURT pursuant to all laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: *Diane Killian-Allen*



## CERTIFICATE OF SERVICE

I hereby certify that on  *October 27*  , 2022, I delivered the attached document to

the Clerks Office by :  *hand delivery*

the following CM/ECF registrants:

Jesse C. Trentadue (4961)
Michael W. Homer (1535)
Robert J. Brennan (15550)
SUITTER AXLAND, PLLC
8 EAST BROADWAY, SUITE 200
SALT LAKE CITY, UT 84111
Telephone: 801-532-7300
Fax : 801-532-7355
Email: mhomer@sautah.com
Jesse32@sautah.com
rbernnan@sautah.com

Matthew D. Church
PLANT, CHRISTENSEN & KANELL
136 East South Temple, Suite 1700
Salt Lake City, Utah 84111
801-363-7611
mchurch@pckutah.com


Neal Geddes (11651)
*Davis County Attorney's Office – Civil Division*
28 E State Street
Farmington, UT 84025
Telephone: 801-451-3570
Email: ngeddes@co.davis.ut.us *Co-Counsel for Davis County Defendants*

Without prejudice, UCC 1-308 (old UCC 1-207.4) this woman reserves all this woman's rights not to be compelled to perform under any commercial contract or agreement that this woman did not enter knowingly, voluntarily, and intentionally. This woman did not and does not accept the liability of any compelled benefits offered or any unrevealed, non-disclosed commercial contract or agreement offered. All offers accepted pursuant to 40 STAT 411, Section 7 (e) and 50 US code §4305 (B)(2). This is a legal permanent fixture and part of every page of this TORT CLAIM PETITIION in this court of record in exclusive common law of England that shall be read and considered in every COURT pursuant to all laws NON-ASSUMPTIVE, without recourse, UCC 1-103.6.

By: *Diane Killean-Alla*

