Michael W. Homer (#1535)
Jesse C. Trentadue (#4961)
Robert J. Brennan (#15550)
*SUITTER AXLAND, PLLC*
8 East Broadway, Suite 200
Salt Lake City, UT  84111
Telephone: (801) 532-7300
Facsimile: (801) 532-7355
mhomer@sautah.com
jesse32@sautah.com
rbernnan@sautah.com

Neal C. Geddes (#11651)
Davis County Attorney's Office - Civil Division
28 E. State Street
Farmington, UT 84025
Telephone: (801) 451-3570
ngeddes@co.davis.ut.us

*Attorneys for Davis County Defendants*

---

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DIANE KILLIAN ALLAN, <br><br>     Plaintiff, <br><br> v. <br><br> DANE HANSON, ERIC JOHNSEN, WAYNE HANSEN, DAVID COLE, TROY RAWLINGS, JOHN CARL YNCHAUSTI, FARMINGTON CITY a corporation; Davis County Attorney's Office; and DAVIS COUNTY JUSTICE COURT dba DAVIS COUNTY a corporation, <br><br>     Defendants. | **DAVIS COUNTY DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO VACATE EXTENSION** <br><br> Case No. 1:22-CV-00117 <br><br> Judge Cecilia M. Romero <br><br><br> **Oral Argument Not Requested** |

Davis County Defendants hereby submit this *Memorandum* in response to Plaintiff Diane Killian Allan's *Response to Motion for Extension* [1] and *Motion to Vacate Extension Order*.[2]

## BACKGROUND

This action arises out of Allan having been cited by a Farmington City, Utah police officer for driving a vehicle with expired registration and not having a driver's license in her possession.[3]  In defense of these charges, Allan presented the officer with a copy of her passport and the United States *Constitution*.[4]  Allan, who was proceeding *pro se*, was convicted of those charges.

Allan, who claims to be  a "sovereign citizen," "a woman of God," "bond-servant of Christ" and a "creation of God-Almighty," has commenced this action against numerous defendants, including prosecutor David Cole, Davis County Attorney Troy Rawlings, Judge John Carl Ynchausti, who presided over her trial, the Davis County Attorney's Office and the Davis County Justice Court allegedly doing business as Davis County, Utah (collectively "Davis County Defendants").

Allan's *Petition,* including attachments, was in excess of 90-pages in length.   Davis County Defendants' response to that *Petition* was due October 6, 2022.  Pursuant to *Federal Rule of Evidence* 6(b), Davis County Defendants moved for a 21-day extension in which to investigate the allegations and to file a response to the *Petition* either by way of an *Answer*,

---

[1] ECF 42.
[2]  ECF 43.
[3] *Petition*, ECF 1 ¶¶ 33 and 43.
[4]  *Id.* at ¶35.

*Motion to Dismiss* and/or *Motion for Judgment on the Pleadings*. That *Motion for Extension* was filed on October 5, 2022, prior to the date on which their response to the *Petition* was due.[5]

The Court ordered Allan to respond to the *Motion for Extension* on or before October 12, 2022.[6]  Allan did not respond as ordered.  Consequently, the Court granted the extension on October 13,2022.[7]  On October 27, 2022, Davis County Defendants responded to Allan's *Petition* by way of a *Motion to Dismiss* and/or *Motion for Judgment on the Pleadings*.[8]

Meanwhile, on October 17, 2022, Allan filed a 50-plus page opposition to the *Motion for Extension*,[9] which is essentially an opposition to Davis County Defendants' *Motion to Dismiss*.[10] Allan also filed what appears to be a *Motion* to vacate and/or strike the Court's *Order* granting the extension.[11]  Allan contends that the Court's extension *Order* should be vacated or stricken because she did not receive proper notice.  Allan acknowledges that she did receive a copy of the *Motion for Extension*, but essentially claims that service was defective because it was mailed with metered mail postage, and not a stamp, so that it does not contain a mail cancellation date.[12]

---

[5]  ECF 36.
[6]  ECF 38.
[7]  ECF 39.
[8]  ECF 44.
[9]  ECF 43.
[10]  *See* ECF 44.
[11]  ECF 43.
[12]  *See id.*  Allan likewise appears to argue that the Court improperly shortened her time for responding to the *Motion for Extension* when it required her to do so on or before October 12, 2022.  There is no merit to that claim, however.  The *Federal Rules of Civil Procedure* allow district courts the  discretion to shorten time for a parties response.  *See United States v. Fitch*, 472 F.2d 548, 549 fn. 5(9th Cir.1973).

## STANDARD OF REVIEW

Allan is proceeding *pro se* and, therefore, her pleadings and other court filings are held to "less stringent standards than formal pleadings."[13] But, this does not allow her to run roughshod over the rules of procedure and the rights of opposing parties. Thus, while courts liberally construe *pro se* pleadings, a litigant's *pro se* status does not excuse their obligation to comply with the fundamental requirements of the *Federal Rules of Civil Procedure* or the *Federal Rules of Appellate Procedure*.[14] More importantly, *Orders* of the court cannot simply be ignored; they must be obeyed on time and in full, absent a timely request for enlargement of time or suspension of an order.[15] And Davis County Defendants know of NO case law exempting *pro se* litigants such as Allan from obeying the orders of a Court.

## ARGUMENT

Allan response or opposition to the *Motion for Extension* is moot since she did not file a timely opposition as ordered by he Court and that *Motion* has been granted. Allan's *Motion to Vacate* and or strike the extension *Order* based upon the purported lack of proper service is nonsense. There is nothing in the *Federal Rules of Civil Procedure* that requires the use of postage stamps in serving a party by mail rather than metered postage. Furthermore, because the *Motion for Extension* was filed before Davis County Defendants' time for responding to the

---

[13] *Haines v. Kerner, et al.*, 404 U.S. 519, 520 (1972). *See also Gillihan v. Shillinger et al.*, 872 F.2d 935, 938 (10th Cir. 1989) (construing *pro se* pleadings liberally and holding their pleadings to less stringent standards).

[14] *Ogden v. San Juan County, et al.*, 32 F.3d 452, 455 (10th Cir. 1994). *See also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (*pro se* parties must comply with same procedural rules that govern all other litigants). Accord, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)(It is not the proper function of the court to assume the role of advocate for the *pro se* litigant).

[15] *White Mountain Apache Tribe of Arizona v. United States*, 5 Cl.Ct. 288, 295 (Cl.Ct.,1984).

*Petition* had expired, the Court could have granted that *Motion* without a motion, Davis County

Defendants need to show good cause or even notice to Allan.[16]

DATED this 31st day of October, 2022.

SUITTER AXLAND, PLLC

 /s/ jesse c. trentadue
Michael W. Homer
Jesse C. Trentadue
Robert J. Brennan
*Attorneys for Davis County Defendants*

---

[16] *See Fed. R. C. P.*6(b).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 31st day of October, 2022, I electronically filed the

**RESPONSE** with the Clerk of the Court using the CM/ECF electronic filing system, which

provided notice to the following parties:

Matthew D. Church
PLANT, CHRISTENSEN & KANELL
136 East South Temple, Suite 1700
Salt lake City, Utah 84111
*Attorneys for Dane Hanson, Eric Johnsen, Wayne Hansen, and Farmington City*

I further certify that I mailed a copy of this RESPONSE, via United States Mail, postage prepaid, to:

Diane Killian Allan
1152 W. 475 S.
Farmington, UT 84025

/s/ jesse c. trentadue