MATTHEW D. CHURCH #15574
TANNER R. WEAVER #18577
**PLANT CHRISTENSEN & KANELL**
136 East South Temple, Suite 1700
Salt Lake City, Utah 84111
(801) 363-7611
mchurch@pckutah.com; tweaver@pckutah.com
*Attorneys for Dane Hanson, Eric Johnsen, Wayne Hansen, and Farmington City*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DIANE KILLIAN ALLAN<br><br>  Petitioner,<br><br>v.<br><br>DANE HANSON, ERIC JOHNSEN, WAYNE HANSEN, DAVID COLE, TROY RAWLINGS, JOHN CARL YNCHAUSTI, FARMINGTON CITY CORPORATION, DAVIS COUNTY ATTORNEY'S OFFICE, DAVIS COUNTY JUSTICE COURT DBA DAVIS COUNTY DRUG COURT INC.<br><br>  Respondents. | **FARMINGTON CITY DEFENDANTS' REPLY MEMORDANDUM IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Case No. 1:22-CV-00117<br><br>Judge Dale A. Kimball<br>Magistrate Judge Cecilia M. Romero |

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Dane Hanson, Eric Johnsen, Wayne Hansen, and Farmington City (collectively "Farmington City Defendants") file this Reply Memorandum in Support of its Motion to Dismiss.

**RESPONSE TO NEW MATTERS RAISED IN OPPOSITION MEMORANDUM**

Petitioner Diane Allan ("Allan") primary response to Defendants' motion is to argue that Defendants' motion is supported by "conclusory statements made by counsel" and that this Court cannot consider counsel's "unverified assertions." These arguments are irrelevant to the issues

presented in Defendants' motion because counsel did not make any statements or assertions, just normal legal arguments made by their attorney.

Similarly, Allan mistakenly asserts in the response that Farmington's defenses are meritless and the motion to dismiss is moot without the support of authenticated evidence. But this not true and Allan improperly cites the standard for a motion for summary judgment. The Farmington Defendants have not yet moved for summary judgment but instead are seeking relief under Rule 12(b)(6).

On the substance of the Farmington City Defendants' motion, Allan concedes that cause of action 1, 4, and 5 are not proper claims and that there is no private right of action. The Farmington City Defendants will not address these arguments again in this Reply. This Court should grant the Farmington City Defendants' motion on these causes of action.

For the rest of the causes of action, this Court should not be persuaded by Allan's arguments in response to Defendants' motion. In general, Allan does not address the substance of the Farmington City Defendants arguments. All of Allan's causes of action fail because Allan has failed to place each defendant on notice as to the type of claim alleged and ground on which it rests. *Mountain View Pharmacy v. Abbott Lab'ys.*, 630 F.2d 1383, 1388(10th Cir. 1980). Nor has Allan made clear exactly who is alleged to have done what and Allan has not alleged the requisite personal participation by each defendant in a violation of civil rights. *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008); see also See *Bennett v. Passic*, 545 F.2d 1260, 1262-63(10th Cir. 1976). Instead, Allan improperly relies on references to legal conclusions and formulaic recitations of the elements of a causes of action rather than by facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 444 (2007).

### I. ALLAN FAILED TO SHOW CAUSES OF ACTION 6, 10, 11, 12 ARE VALID AND ENTITLE ALLAN TO ANY FORM OF RELIEF.

The Farmington City Defendants identified cause of action 6, 10, 11, and 12 as invalid causes of action ("simulation of legal process," "prejudice and bias," "respondeat superior," and "indemnification"). Allan did not respond directly and instead cited to § 1983 and argued for "municipal liability." But these purported causes of action have nothing to do with § 1983 or municipal liability. Allan asserted causes of action that do not exist and this Court should dismiss them under Rule 12(b)(6).

### II. CAUSES OF ACTION 4, 7, 8, AND 10 ARE NOT DIRECTED AT FARMINGTON DEFENDANTS.

Along with the other arguments in the motion to dismiss, the Farmington City Defendants argues that causes of action 4, 7, 8, and 10 should be dismissed because they were not directed at the Farmington City Defendants. Allan responded by characterizing the argument as

> Counsel for Farmington City Respondents would have this court believe that somehow the Farmington City Respondents played no role in the violation of rights, when in fact it is at the heart of this matter.

*Pet. Mot.*, p. 13.

This argument misses the point. While it is true that the Farmington City Defendants do not believe they violated anybody's rights, the Farmington City Defendants are asking this Court to dismiss cause of action 4, 7, 8, and 10 because the pleadings do not establish that the Farmington City Defendants were involved in these particular claims.

To state a proper claim the plaintiff must "make clear exactly who is alleged to have done what to whom.. . ". *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). This is especially true in alleging a civil rights violation where each defendants' personal participation

must be alleged since it is an essential element of a civil rights claim. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). This Court should dismiss causes of action 4, 7, 8, and 10 because Allan does not show that the Farmington City Defendants did anything wrong.

### III. ALLAN'S PURPORTED CONSTITUTIONAL CLAIMS FAIL (CAUSES OF ACTION 2, 3, 4, 7, 8, AND 9) BECAUSE THEY ARE NOT PLAUSIBLE.

The Farmington City Defendants asserted separate arguments for each of the purported Constitutional claims in their original motion to dismiss. Allan chose not to respond to many of these arguments in the Opposition. Rather than reasserting them here, the Farmington City Defendants rely on their original arguments and ask this Court to dismiss each cause of action because it does not state a plausible claim for relief.

Allan did include response arguments to some of the Farmington City Defendants, but these new arguments are not helpful. Allan does not point to allegations in the complaint that support the alleged Constitutional claims. Instead, Allan asserts that the motion should be denied for unrelated reasons. For example, Alan argues Defendants "still failed to prove that they 1. Had the authority to issue such a citation. 2. That the statutes of the State of Utah applied to the Petitioner. 3. That the Statutes are not repugnant to the Constitution and therefore void and the people may proceed as if it never existed.. ." *Pet. Opp.,* p. 26. This Court should disregard these new and unrelated arguments and grant the Farmington City Defendants' motion under Rule 12(b)(6).

### CONCLUSION

Many of the causes of action are ripe for dismissal for many reasons. Defendants assert these arguments concurrently and ask this Court for an order dismissing all claims directed against the Farmington City Defendants.

DATED November 11, 2022.

          **PLANT CHRISTENSEN & KANELL**

          _/s/ Matthew D. Church_
          MATTHEW D. CHURCH
          TANNER R. WEAVER
          *Attorneys for Farmington City Defendants'*

## CERTIFICATE OF SERVICE

I certify that on November 11, 2022, a copy of the foregoing was electronically filed with the Clerk of the Court and served through E-Filing and mailed, postage prepaid, to the following:

Diane Killian Allan
1152 West 475 South
Farmington, Utah 84025
diane@moveinutah.org
*Pro Se Plaintiff*

Michael W. Homer
Jesse C. Trentadue
Robert J. Brennan
SUITTER AXLAND, PLLC
mhomer@sautah.com
jesse32@sautah.com
rbernnan@sautah.com
*Attorneys for Davis County Defendants*

Neal C. Geddes
Davis County Attorney's Office-Civil Division
ngeddes@co.davis.ut.us

*/s/ Thalia Tran*