Michael W. Homer (#1535)
Jesse C. Trentadue (#4961)
Robert J. Brennan (#15550)
***S*UITTER *A*XLAND*, PLLC**
8 East Broadway, Suite 200
Salt Lake City, UT 84111
Telephone: (801) 532-7300
Facsimile: (801) 532-7355
mhomer@sautah.com
jesse32@sautah.com
rbernnan@sautah.com

Neal C. Geddes (#11651)
Davis County Attorney's Office - Civil Division
28 E. State Street
Farmington, UT 84025
Telephone: (801) 451-3570
ngeddes@co.davis.ut.us

*Attorneys for Davis County Defendants*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| DIANE KILLIAN ALLAN,<br><br>    Plaintiff,<br><br>v.<br><br>DANE HANSON, ERIC JOHNSEN, WAYNE HANSEN, DAVID COLE, TROY RAWLINGS, JOHN CARL YNCHAUSTI, FARMINGTON CITY a corporation; DAVIS COUNTY ATTORNEY'S OFFICE and DAVIS COUNTY JUSTICE COURT dba DAVIS COUNTY a corporation,<br><br>    Defendants. | **DAVIS COUNTY DEFENDANTS' REPLY MEMORANDUM RE: MOTION TO DISMISS and/or MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Case No. 1:22-CV-00117<br><br>Judge Dale A. Kimball<br><br>Magistrate Cecilia M. Romero<br><br>**Oral Argument Not Requested** |

Prosecutor David Cole, Davis County Attorney Troy Rawlings, Judge John Carl Ynchausti, the Davis County Attorney's Office and the Davis County Justice Court allegedly doing business as Davis County Drug Court, Inc.,(collectively "*Davis County Defendants*") hereby submit this *Reply Memorandum* in further support of their *Motion to Dismiss* and/or *Motion for Judgment on the Pleadings*.[1]

## RESPONSE TO QUOTATION OF SCRIPTURE

Petitioner Diane Killian Allan ("Allan") who claims to be a "sovereign citizen," "a woman of God," "bond-servant of Christ" and a "creation of God-Almighty," has submitted a *Memorandum* in opposition to Davis County Defendants' *Motion* that is replete with biblical references,[2] which are irrelevant to these proceedings. To the extent that any biblical references would have relevance, however, that would be the following verse from the *King James Bible*:

Proverbs 3:30 "Strive not with a man without cause, if he have done thee no harm."

## STANDARD OF REVIEW

Under both *Rule* 12(c) and *Rule* 12(b)(6), the Court considers any matters of which it can take judicial notice or that are matters of public record.[3] Ultimately, though, the question to be decided by the Court is whether the complaint plausibly states a claim upon which relief can be granted.[4] If it does not, then the 12(c) and/or 12(b)(6) *Motion* should be granted.[5] A *pro se*

---

[1] ECF 44.
[2] *See* ECF 51.
[3] *See Mitchell v. Home*, 377 F. Supp.2d 361, 368 (S.D. N.Y. 2005).
[4] *Silver v. Glass*, 459 Fed. App'x 691, 695-96 (10th Cir. 2021) (unpublished).
[5] When the allegations in the *Complaint* do not meet this test, the Court can dismiss *sua sponte*. *See Curley v. Perry*. 246 F.3d 1278, 1284 (10th Cir. 2001) ("*Sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

plaintiff's pleadings and other court filings are admittedly held to "less stringent standards than formal pleadings."[6]  But, this does not allow *pro se* litigants to run roughshod over the rules of procedure and the rights of opposing parties.  Thus, while courts liberally construe *pro se* pleadings, a litigant's *pro se* status does not excuse their obligation to comply with the fundamental requirements of the *Federal Rules of Civil Procedure* or the *Federal Rules of Appellate Procedure*.[7]  Consequently when a party, even a *pro se* party, fails to address arguments advanced by his opponent, those matters are conceded.[8]

## ARGUMENT

In their *Motion*, *Davis County Defendants* stated that the most practical and efficient means of addressing the flaws in Allan's *Petition* was to focus on the broad, well established legal doctrines that applied to and precluded her claims against them.  Those doctrines are separately presented below along with a summary of Allan's response to each, which will be followed by *Davis County Defendants'* reply.

    A.    **Governmental Immunity**:

*Davis County Defendants'* argued that the Court did not have subject matter jurisdiction over Allan's state common-law and state constitutional claims because of her failure to file a *Notice of Claim* pursuant to the Governmental Immunity Act of Utah ("*GIAU*").  Davis County

---

[6] *Haines v. Kerner, et al.*, 404 U.S. 519, 520 (1972).  *See also Gillihan v. Shillinger et al.*, 872 F.2d 935, 938 (10th Cir. 1989) (construing *pro se* pleadings liberally and holding their pleadings to less stringent standards).

[7] *Ogden v. San Juan County, et al.*, 32 F.3d 452, 455 (10th Cir. 1994).  *See also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (*pro se* parties must comply with same procedural rules that govern all other litigants). Accord, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)(It is not the proper function of the court to assume the role of advocate for the *pro se* litigant).

[8] *See Kone v. District of Columbia*, 808 F.Supp.2d 80, 83 (D.D.C., 2011)*; Maddux v. District of Columbia*, 144 F.Supp.3d 131, 140 (D. D.C., 2015).

Defendants likewise argued that pursuant to the *GIAU* they were immune from suit on Allan's claims arising out of malicious prosecution,[9] and that a claim of malicious prosecution brought under § 1983 is governed by state law,[10] which required her to allege and prove that the proceedings before the Justice Court had terminated in her favor; whereas Allan had in fact been convicted of those charges. *Davis County Defendants* argued, too, that they were immune from suit on any common-law claims arising out of assault, battery, and/or false arrest.[11]

In response, Allan contends that the *GIAU* does not apply to her §1983 claims.[12] While it is true that governmental entities are not entitled to shield themselves by immunity from claims alleging state constitutional violations. State ad federal courts have consistently held strict compliance with the *GIAU*'s "notice" requirement is necessary to vest them with subject matter jurisdiction.[13] The rule announced in *Jensen v. Reeves*,[14] that the *GIAU's Notice of Claim* provision applies to state constitutional claims, has repeatedly been relied on and is the controlling law.[15] Furthermore, "[s]ubject-matter jurisdiction cannot be forfeited or waived since it involves a court's power to hear a case … ,"[16] and once raised it is the plaintiff's burden to prove the existence of subject matter jurisdiction,[17] which Allan has not done.

---

[9] U.C.A. §63G7-7-201(4)(b).
[10] *Russell v. Smith*, 68 F.3d 33, 36 (2nd Cir. 1995).
[11] *Motion*, ECF 44 at pages 4-5 and 19.
[12] *See Opposition*, ECF 51 at pages 14-15 and 47.
[13] *See Wallace v. Grey*, 2009 WL 249461, at *9 (D. Utah 2009).
[14] 3 Fed. Appx. 905, 911 (10th Cir. 2001)(unpublished);
[15] *See, e.g., Miranda v. State of Utah*, 2005 WL 2266588, at *3 (D. Utah,2005). *See Also Dahl v. Dahl,* No. 2:11-CV-949-TC, 2012 WL 626253, at *2 (D. Utah Feb. 24, 2012) ("The Tenth Circuit has held that failure to file a notice of claim bars a plaintiff from pursuing state law causes of action in federal court").
[16] *United States v. Tony*, 637 F.3d 1153, 1157 (10th Cir. 2011) (cleaned up).
[17] *See Salzer v. SSM Health Care of Oklahoma Inc.,* 762 F.3d 1130, 1134 (10th Cir. 2014) ("The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a

B. <u>**Judicial Immunity**</u>:

*Davis County Defendants'* argued Judge Ynchausti enjoyed absolute judicial immunity.[18] In response, Allan contends that judicial immunity does not apply in this instance because Judge Ynchausti lacked jurisdiction over her case due to the fact that he allegedly denied her motion challenging the Justice Court's jurisdiction, and/or because Judge Ynchausti's actions were otherwise not of a judicial nature.[19] But, the alleged wrongdoings by Judge Ynchausti that are set forth in Allan's *Petition* do not support Allan's contentions. In "Facts of the Case" section of her *Petition*, for example, Allan mentions Judge Ynchausti 15-times. But these all refer to his actions involving the prosecution/trial of Allan.[20] Furthermore, she does not reference, directly or indirectly, Judge Ynchausti in her *Causes of Action*.[21] Allan's claim that Judge Ynchausti somehow lack jurisdiction over her traffic infractions case is nonsense.[22]

C. <u>**Prosecutorial Immunity**</u>:

*Davis County Defendants* Cole and Rawlings argued that they enjoyed absolute prosecutorial immunity.[23] State prosecutors are entitled to absolute immunity for activities "'**intimately associated with the judicial ... process**,'" such as initiating and pursuing criminal prosecutions,[24] and that this prosecutorial immunity even extends to the deliberate withholding

---

presumption against its existence.") (cleaned up).
[18] *Motion*, ECF 44 at pages 5-6 and 18.
[19] *See Opposition*, ECF 51 at pages 19 and
[20] *See Petition* ECF 1 at ¶¶ 7, 11, 21, 73, 80, 88, 89, 90, 92, 93, 96, 97, 100, 105 and 106.
[21] *See id.* at ¶¶ 107 through 187.
[22] See U.C.A. §78A-7-105(defining the jurisdiction of a County Justice Court over offense committed within the county in which the court sits).
[23] *Motion*, ECF 44 at pages 5-6 and 18.
[24] *Pfeiffer v. Hartford Fire Ins. Co.,* 929 F.2d 1484, 1489 (10th Cir. 1991)(emphasis added) (quoting *Imbler,* 424 U.S. at 430–31).

of exculpatory information,[25] a well as to prosecutorial acts that involve malice, bad faith, conspiracy,[26] and/or failures/refusals to adequately investigate the accusations against a defendant before filing charges.[27] Accordingly, because prosecutorial immunity applies to both Allan's federal and state claims, Cole and Rawlings are immune from suit.

In response, Allan contends that Cole and Rawlings are not entitled to prosecutorial immunity because they were acting as "debt collectors,"[28] because Allan never consented to their advocacy in her prosecution,[29] and because Cole and Rawlings should also have represented her in that their duty was to see that "justice shall be done."[30] With respect to Cole and Rawlings being "debt-collectors" rather than prosecutors, the allegations contained in Allan's Petition do not support that assertion. In "Facts of the Case" section of her *Petition*, Allan mentions Rawlings five-times,[31] and Cole four-times.[32] But these all refer to their actions involving the prosecution/trial of Allan. Moreover, she does not reference, directly or indirectly, Rawlings and/or Cole in her *Causes of Action*.

The only specific allegation in Allan's *Petition* that refers to any wrongdoing and /or injury caused to by her by any Defendant is contained in paragraph 21 where she states in conclusory fashion that:

---

[25] *See Imbler,* 424 U.S. at 430.
[26] *See Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir.1986) (*en banc* ). *See also Campbell v. Maine,* 787 F.2d 776, 778 (1st Cir. 1986) (no bad faith exception to absolute immunity of prosecutor).
[27] *See Broam v. Bogan,* 320 F.3d 1023, 1029 (9th Cir. 2003).
[28] *See Opposition*, ECF 51 at page 21.
[29] *See id.*
[30] *See id* at page 23.
[31] *See id. at* ¶¶ 5, 11, 12, 21, 102 and 104.
[32] *See id.* at ¶¶ 6, 12, 21 and 73.

> Defendants DANE HANSON, ERIC JOHNSON, WAYNE HANSEN, DAVIS COUNTY ATTORNEY'S OFFICE, AND DAVIS COUNTY JUSTICE COURT have violated Plaintiff's Constitutional rights and continue to maliciously prosecute Plaintiff for unconstitutional 'codes' and 'statutes'[33]

That conclusory allegation is not sufficient to state a viable claim for relief. More importantly, Allan does NOT identify a single individual *Davis County Defendants* in paragraph 21 of her *Petition*.

### D. <u>Qualified Immunity</u>:

*Davis County Defendants* Cole, Rrawlings and Judge Ynchausti asserted *qualified immunity* as an affirmative defense,[34] which created a rebuttable presumption that they are immune from Allan's §1983 claims.[35] In response, Allan contends that *qualified immunity* does not apply because the individual Davis County Defendants allegedly violated her rights under the *Fifth*, *Sixth* and *Seventh Amendments*.[36] Yet, Allan does not identify any clearly established federal constitutional right that was violated by Judge Ynchausti, Cole and/or Rawlings. Instead, she claims a violation of her federal civil rights based on nonsensical theories such as: (1) "[t]o make a civil infraction out of the use of, and the right to, access public roadways . . . is an arbitrary and capricious abuse of discretion";[37] "Informations are not due process of law,"[38] "[t]raffic infractions are not crimes";[39] "Defendants continue to administrate Plaintiff and her

---

[33] *Id.* at ¶21.(emphasis in original).
[34] *Motion*, ECF 44 at pages 7-8 and 18.
[35] *See Medina v. Cram*, 252 F.3d 1124, 1129 (10th Cir. 2001).
[36] *See Opposition,* ECF 51 at page 23..
[37] *Petition*, ECF 1 at ¶110.
[38] *Id.* at ¶156.
[39] *Id.* at ¶164.

7

property without right;"[40] "issuing securities against Plaintiff when no contract exists . . . ."[41] Allan has not, therefore, met her burden to show that the Individual *Davis County Defendants* violated on of her clearly established civil rights under the federal Constitution.. Consequently, these Defendants are entitled to *qualified immunity*.

### E. Collateral Estoppel-Res Judicata:

Based upon Allan's conviction in the Justice Court, *Davis County Defendants* raised collateral estoppel and/or *res judicata* as an affirmative defense.[42] When, as in the instant case, a plaintiff seeks damages in a § 1983 suit related to his or her arrest and trial on state criminal charges, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his or her conviction or sentence. If it would, the complaint must be dismissed, unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.[43]

In response, Allan contends that neither collateral estoppel nor *res judicata* apply in this case because evidence of her conviction lies "outside the four corners" of her *Petition*,[44] because the Justice Court lack jurisdiction over her case,[45] and because the purpose of this federal court proceeding is to attack her state court conviction.[46] However, as previously noted, the Court can consider that conviction in ruling on the *Motion* at bar. As for Allan's other contentions, the Justice Court did have jurisdiction and, in fact, Allan attended the Justice Court trial but refused

---

[40] *Id.* at ¶169.
[41] *Id.* at ¶178.
[42] *Motion,* ECF 44 at pages 10 and 18.
[43] *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).
[44] *See Opposition,* ECF 51 at page 28.
[45] *See id.* at page 29.
[46] *See id.*

to participate in he proceedings.[47] Lastly, Allan's assertion that the purpose of these federal court proceedings is to attack her state court conviction brings her squarely within the parameters of *Davis County Defendants* collateral estoppel and/or res judicata defense because when a plaintiff seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed, unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated,[48] andAllan's conviction has not been invalidated or over-turned.

    **F.**    **Anti-Injunction Act**:

*Davis County Defendants* argued that Allan's claims for injunctive relief were barred by the *Anti-Injunction Act*,[49] which provides that: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction or to protect or effectuate its judgments."[50]

    In response, Allan contends that the *Anti-Injunction Act* does not foreclose her claim for declaratory relief, *i.e.*, that the Justice Court lack jurisdiction to hear the charges that had been filed against her.[51] But, the authority cited by Allan does not exactly support her blanket assertion and the *Anti-Injunction* does not preclude declaratory relief. That case, *Garrett v. Hoffman*,[52] makes clear that there is no hard and fast rule, that each situation in which injunctive relief is sought stands or falls on its own facts, and that the *Anti-Injunction Act* does apply to

---

[47] *See Judgement of Conviction*, ECF 44-1 at page 1.
[48] *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).
[49] *Motion*, ECF 44 at pages 10 and 19-20.
[50] 28 U.S.C. § 2283.
[51] *See Opposition,* ECF 51 at page 34.
[52] 441 F.Supp. 1151, 1155–56 (D. Pa. 1977).

declaratory judgment actions if a litigant is seeking through federal declaratory relief to interfere with a pending state proceeding or a litigant is resorting to federal court for declaratory relief in an effort to invalidate, or prevent enforcement of, a state court judgment.  And both conditions exist in this instance. But, as is explained below, even if the *Anti-Injunction Act* does not come into play, both the *Younger Doctrine* and the *Rooker-Feldman Doctrine* remain insurmountable hurtles to the Court's collateral review of the Justice Court's decision, which is what Allan is essentially seeking..

      G.      **<u>Younger Doctrine</u>**:

*Davis County Defendants* argued that Allan's claims were also barred by the *Younger Abstention Doctrine*,[53] which provides that "[a]bsent unusual circumstances, a federal court is not permitted to intervene in ongoing state criminal proceedings" when adequate state relief is available,[54] and adequate relief is available to Allan.[55]   In response, Allan contends that the *Younger Abstention Doctrine* does not apply in this instance because the proceedings in the Justice Court were "*void ab initio*,' because no important state interest is involved "merely a private for-profit corporation masquerading as government acting under color-of-law," and because the Justice Court "denied and rejected all of . . . [her] Constitutional protected claims and denied her right to due-process and redress of grievances." [56]   Once more, Allan's reasoning is flawed.  To begin with, as previously shown, the Justice Court had the requisite jurisdiction to hear the charges.  The State of Utah and its political subdivisions do have a very strong interest

---

[53] *Motion*, ECF 44 at pages 11 and 19-20.
[54] *Walck v. Edmondson*, 472 F.3d 1227, 1232 (10th Cir. 2007).
[55] Whether or not she avails herself of the relief, Allan can appeal to the District Court where should will or would receive a trial *de novo*.  See U.C.A. §78A-7-118.
[56] *See Opposition,* ECF 51 at page 34.

in seeing that their laws are obeyed,[57] and the Utah criminal justice system is more than adequate to assure that a defendant's right, including those of Allan, are protected.[58]

### H. Rooker-Feldman Doctrine:

*Davis County Defendants* likewise argued that Allan's claims were barred by the *Rooker–Feldman Doctrine*,[59] which is a jurisdictional prohibition on lower federal courts exercising appellate jurisdiction over state-court judgments.[60] In response, Allan contends that the *Rooker–Feldman Doctrine* does not apply because the "state court acted outside any jurisdiction and any judgment rendered is *void ab initio*."[61] But as noted above, Allan is seeking what amounts to appellate of the Justice Court's decision. More specifically, the *Rooker–Feldman Doctrine* clearly applies because Allan has acknowledged that the purpose of this federal court proceeding is to attack her state court conviction.[62]

### I. Pleading Requirements:

*Davis County Defendants* argued, too, that Allan's claims failed because she had not pled a plausible claim for relief insofar as her *Petition* did not: (1) contain "short and plain statement of the claim showing that the pleader is entitled to relief;" (2) failed to place each of the defendants on notice as to the type of claim alleged and ground upon which it rests; (3) failed to make make clear exactly who is alleged to have done what to whom. . . ," which is especially

---

[57] *Walck v. Edmondson*, 472 F.3d 1227, 1233 (10th Cir. 2007). *See also Poulson v. Turner*, 359 F.2d 588, 591 (10th Cir. 1966)(Under federalism, the administration of criminal justice is generally committed to the states).
[58] Whether or not she avails herself of the relief, Allan can appeal to the District Court where should will or would receive a trial *de novo*. *See* U.C.A. §78A-7-118.
[59] *Motion*, ECF 44 at pages 11 and 19-20.
[60] *Campbell v. City of Spencer*, 682 F.3d 1278, 1281 (10th Cir. 2012).
[61] *See Opposition,* ECF 51 at page 35.
[62] *See id.*

important in alleging a civil rights violation where each defendants' personal participation must be alleged since it is an essential element of a civil rights claim; and (4) that with respect to each Defendant, failed to allege sufficient facts to show that he or it plausibly violated the Allan's civil rights or that the particular right allegedly violated was clearly established which, at a minimum, requires a plaintiff to allege sufficient facts to give each defendant notice of the theory for each claim.[63]

In response, Allan contends that she has pled plausible claims because the facts contained in her *Petition* must be assumed by the Court to be true, because she is entitled to all reasonable inferences that flow from those facts, because it would be possible to amend her *Petition* to state plausible claims, because discovery has not taken place and because her *Petition* must be liberally construed in her favor since she is proceeding *pro se*.[64] With respect to Allan's assertion that the *Motion* at bar should be denied because the Court is required to assume that the facts pled in her *Petition*, and all reasonable inference that flow from those facts, must be taken as true, even so, that does not over come the immunity, jurisdictional and/or other substantive issues raised by *Davis County Defendants* in support of their *Motion,* and neither does the fact that the Court is also required to liberally construe the *Petition* in Allan's favor.

As for amending the *Petition*, leave to amend is futile when a claim is dismissed based on certain substantive grounds, such as sovereign immunity, statute of limitations, etc. In such circumstances, leave to amend can be denied and should be denied even when the plaintiff is proceeding *pro se*.[65] Similarly, the substantive defenses proffered by *Davis County Defendants*

---

[63] *See Motion*, ECF 44 at pages 11-13 and 20-21.
[64] *See Oppoition*, ECF 51 at pages 38-39.
[65] *See Harrison v. New York*, 95 F.Supp.3d 293, 305–06 (E.D. N.Y., 2015). *See also Dasrath v. Stony Brook Univ. Med. Ctr.*, 965 F.Supp.2d 261, 275 (E.D. N.Y.2013); *Temple v. N.Y.S. Dep't*

in support of their *Motion* cannot be overcome by discovery.[66] Besides, Allan has not indicated what discovery she seeks in order to respond to the *Motion to Dismiss* and/or *Motion for Judgment on the Pleadings*.[67]

### J. <u>Prohibition Against Suing Non-Jural Entities</u>:

*Davis County Defendants* argued that the Davis County Attorney's Office and that the Davis County Justice Court were non-jural entities not subject to suit.[68] In response, Allan contends that Davis County Defendants are attempting to "mislead" the Court since "[u]nder §1983, a local governing body can be sued where the action is alleged to be unconstitutional . . . ."[69] While a local governmental body or "entity" is a person for purposes of suit, a County Attorney's Office is not,[70] and neither is a Justice Court.[71]

---

*of Taxation & Fin.*, No. 11–CV–0759, 2012 WL 503618 at *6 (E.D. N.Y. Feb. 15, 2012).
[66] *See Paul Kadair, Inc. v. Sony Corp. of America*, 694 F.2d 1017, 1029–30 (5th Cir.1983)(discovery should be denied when the requested discovery will not be likely to produce facts needed by the plaintiff to withstand a dispositive motion).
[67] *Cf. Building and Const. Dept. v. Rockwell Intern. Corp.*, 7 F.3d 1487, 1496 (10th Cir. 1993)(affirming district court's denial of discovery because the plaintiff had failed to show that discovery would produce any evidence relevant to the summary judgment motion).
[68] *See Motion*, ECF 44 at pages 13 and 17-18.
[69] *See Opposition*, ECF 51 at page 39.
[70] *See Hughson v. County of Antrim* 707 F. Supp. 304, 306 W. D. Mich. 1988)(Prosecutor's office is not a person subject to suit.); *Nouri v. TCF Bank,* No. 10–12436, 2011 U.S. Dist. LEXIS 23720, at pp. 36–37 (E. D. Mich. Mar. 9, 2011)(same); *Hancock v. Washtenaw County Prosecutor's Office,* 548 F. Supp. 1255, 1256 (E.D. Mich. 1982) (same); *Disney v. City of Dearborn,* 2006 U.S. Dist. LEXIS 53462, 2006 WL 2193029 (E.D.Mich.2006) (same); *Hughson v. County of Antrim,* 707 F. Supp. 304, 306 (W.D.Mich.1988)(same); *Jones v. Bergman,* No. 08–599, 2009 U.S. Dist. Lexis 93988 (W. D. Mich. Oct. 8, 2009) (same); *Bernard v. Brinkman,* No. 07–459, 2007 WL 2302354, at *3 (W. D. Mich. Aug.8, 2007) (same).
[71] *See Coopersmith v. Supreme Ct. of Colo.*, 465 F.2d 993, 994 (10th Cir.1972); *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir.1993); *Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1992).

## CONCLUSION

With respect to *Davis County Defendants*, for the reasons stated above and those proffered by Farmington Defendants in support of their *Motion to Dismiss*,[72] and the *Reply Memorandum*,[73] which are incorporated by reference,[74] Allan's *Petition* should be dismissed on the merits and with prejudice.

DATED this 6th day of December, 2022.

                                                                                            SUITTER AXLAND, PLLC

                                                                                            /s/ jesse c. trentadue
                                                                                            Michael W. Homer
                                                                                            Jesse C. Trentadue
                                                                                            *Attorneys for Davis County Defendants*

---

[72] ECF 37.
[73] ECF 49.
[74] ECF 49.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of December, 2022, I electronically filed **DAVIS COUNTY DEFENDANTS' REPLY MEMORANDUM RE: MOTION TO DISMISS and/or MOTION FOR JUDGMENT ON THE PLEADINGS** with the Clerk of the Court using the CM/ECF electronic filing system, which provided notice to the following parties:

Matthew D. Church
PLANT, CHRISTENSEN & KANELL
136 East South Temple, Suite 1700
Salt lake City, Utah 84111
*Attorneys for Dane Hanson, Eric Johnsen, Wayne Hansen, and Farmington City*

I further certify that I mailed a copy of **DAVIS COUNTY DEFENDANTS' MOTION TO DISMISS and/or MOTION FOR JUDGMENT ON THE PLEADINGS**, via United States Mail, postage prepaid, to:

Diane Killian Allan
1152 W. 475 S.
Farmington, UT 84025

                                                               /s/ jesse c. trentadue