IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ALLAN,<br><br>                  Plaintiff,<br><br>v.<br><br><br>HANSON, et al.,<br><br><br>                  Defendants. | REPORT & RECOMMENDATION<br>RE: ECF 37, 44, 57<br>AND<br>ORDER DENYING ECF 41, 43, 45<br><br>Case No. 1:22-cv-00117-DAK-CMR<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 24). Before the court is a Motion to Dismiss (ECF 37) filed by Defendants Dane Hanson, Eric Johnsen, Wayne Hansen, and Farmington City Corporation (collectively, Farmington City Defendants), and a Motion to Dismiss (ECF 44) filed by Defendants David Cole, Troy Rawlings, John Carl Ynchausti, Davis County Attorney's Office, and the Davis County Justice Court (collectively, Davis County Defendants). Also before the court are four motions filed by pro se Plaintiff Diane Killian Allan (Plaintiff): (1) Motion for Leave to File Excess Pages (First Motion for Excess Pages) (ECF 41); (2) "Notice to Vacate Order Extending Respondants [sic] Response Time" (Motion to Vacate) (ECF 43); (3) Motion for Leave to File Excess Pages (Second Motion for Excess Pages) (ECF 45); and (4) "Notice for Order Granting Summary Judgment" (Motion for Summary Judgment) (ECF 57). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the basis of written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court DENIES Plaintiff's Motion to Vacate Order (ECF 43) and Motions for Excess Pages (ECF 41; ECF 45). In addition, the undersigned RECOMMENDS that the court DENY Plaintiff's Motion for Summary Judgment (ECF 57);

GRANT IN PART and DENY IN PART Davis County Defendants' Motion to Dismiss (ECF 44); and Farmington City Defendants' Motion to Dismiss (ECF 37).

## I.     PROCEDURAL BACKGROUND

Plaintiff filed the Complaint (ECF 1) in this matter on September 9, 2022, alleging twelve causes of action against all Defendants: (1) Declaratory judgment and federal question; (2) False arrest under 42 U.S.C. § 1983; (3) Unreasonable search and seizure under 42 U.S.C. § 1983; (4) Conspiracy to commit constitutional violations under 42 U.S.C. § 1983; (5) Conspiracy against rights under 18 U.S.C. §§ 241, 242; (6) Prejudice and bias; (7) Failure to intervene under 42 U.S.C. § 1983; (8) Malicious prosecution under 42 U.S.C. § 1983; (9) State law claim for armed assault; (10) Simulation of legal process; (11) State law claim for respondeat superior; and (12) State law claim for indemnification (ECF 1 at ¶¶ 107–187). Plaintiff requests "actual, compensatory, special, punitive, and treble damages," pre- and post- judgment interest, and emergency injunctive relief (*id.* at ¶¶ 189, 195–96, 198).

On October 5, 2022, Davis County Defendants filed a motion for extension of time to respond to the Complaint (ECF 36). Two days later, the court issued a docket text order (ECF 38) directing Plaintiff to submit a response or notice of non-opposition to this motion no later than October 12, 2022. Plaintiff failed to timely file a response. On October 13, 2022, the court entered an Order (ECF 39) granting Davis County Defendants an extension of time to respond to the Complaint until October 27, 2022. On October 17, 2022, Plaintiff filed her First Motion for Excess Pages (ECF 41) to respond to the motion for extension and simultaneously filed an untimely 55-page Response (ECF 42). Plaintiff also filed her Motion to Vacate (ECF 43) regarding the court's October 13, 2022 Order (ECF 39). On October 31, 2022, Davis County Defendants filed their opposition (ECF 47) to the Motion to Vacate, and Plaintiff thereafter filed a Reply (ECF 50).

On October 6, 2022, Farmington City Defendants filed their Motion to Dismiss (ECF 37) pursuant to Federal Rule of Civil Procedure 12(b)(6). On October 27, 2022, Plaintiff filed her Second Motion for Excess Pages (ECF 45) to respond to Farmington City Defendants' Motion to Dismiss and simultaneously filed a 60-page Response (ECF 46). Farmington City Defendants thereafter filed a Reply (ECF 49), and without leave of court, Plaintiff filed an additional reply memorandum (ECF 52). On October 27, 2022, Davis County Defendants filed their Motion to Dismiss (ECF 44) pursuant to Rule 12(b)(6). On November 22, 2022, without seeking leave for excess pages, Plaintiff filed a 56-page Response (ECF 51). Davis County Defendants then filed a Reply (ECF 53) and a Request to Submit (ECF 54). Plaintiff filed two additional reply memoranda without leave of court for either (ECF 56; ECF 62).[1]

On December 19, 2022, Plaintiff filed her Motion for Summary Judgment (ECF 57) and an Affidavit of Support (ECF 58). On January 17, 2023, Farmington City Defendants filed their Opposition (ECF 60), and Davis County Defendants thereafter filed a Notice of Incorporation (ECF 61) incorporating by reference the arguments and authority therein.[2] Without leave of court, on February 3, 2023, Plaintiff filed a second Affidavit of Support (ECF 63).

## II.     FACTUAL BACKGROUND

### A.     Traffic Stop

As alleged in the Complaint (ECF 1), on April 7, 2022, Defendant Farmington Police Officer Dane Hanson (Officer Hanson) activated the emergency lights on his police vehicle to initiate a traffic stop of Plaintiff for expired registration in Farmington City (*id.* at ¶¶ 22–24, 28).

---

[1] Because Plaintiff filed additional reply memoranda (ECF 52, 56, 62) without leave of court, the court declines to consider these filings. DUCivR 7-1(a)(8) ("Unless otherwise ordered, the court will not consider additional memoranda.").

[2] Davis County Defendants also filed an Omnibus Response to Plaintiff's Recent Filings of Record (ECF 59) consisting of citations to religious texts, which the court declines to consider as irrelevant and procedurally improper.

When Officer Hanson asked Plaintiff for her driver's license, registration, and insurance information, Plaintiff responded by saying, "I'm not going to answer that" and presented a copy of her passport and a copy of the U.S. Constitution (*id.* at ¶¶ 33–35). Officer Hanson returned to his vehicle for some time before Defendant Farmington Police Lieutenant Eric Johnsen (Lt. Johnsen) arrived on scene (*id.* at ¶ 36). Officer Hanson approached Plaintiff's vehicle and asked for her date of birth to which Plaintiff again responded, "I'm not going to answer that," and Officer Hanson then returned to his vehicle for some time (*id.* at ¶¶ 38–40).

Officer Hanson again approached Plaintiff's vehicle and stated, "As I said the reason I stopped you was for the expired registration from September last year" (*id.* at ¶ 40). When questioned by Plaintiff, Officer Hanson claimed the probable cause for the stop was "for the expired registration" and stated, "I stopped you for expired registration and driving without a license" (*id.* at ¶¶ 40–41). Plaintiff handed Officer Hanson a "right to travel document" and information about 18 U.S.C. §§ 241, 242 and told him to read it (*id.* at ¶¶ 41–42). Officer Hanson gave Plaintiff a citation for expired registration in violation of Utah Code Ann. § 41-1A-1303 and for no drivers license in possession in violation of Utah Code Ann. § 53-3-217(1)(A) (*id.* at ¶ 43). After Officer Hanson and Lt. Johnsen stood at the bumper of Plaintiff's vehicle momentarily, Lt. Johnsen approached Plaintiff's vehicle and asked if she had questions (*id.* at ¶ 44). Plaintiff asked, "Am I being detained?" to which Lt. Johnsen responded, "You are free to go" (*id.*). Plaintiff alleges Defendant Farmington City Police Chief Wayne Hansen (Chief Hansen) failed to properly train or supervise "the other defendant officer . . . leading to their violations of rights" (*id.* at ¶ 45).

Plaintiff claims an "inherent right" to "access the public roads without her Liberty restrained" and "the public roadways are open to all to use freely to travel" (*id.* at ¶ 22). Plaintiff alleges Defendants lacked probable cause for the traffic stop because "she was traveling in

private," "she had a right to travel in her private property," and "she is under no obligation or duty to follow 'codes or statues [sic]' as a private state Citizen" (*id.* at ¶¶ 33–35, 46). Plaintiff also claims Defendants lack jurisdiction or authority "to enforce traffic codes under the Department of Transportation" or "in the face of Plaintiff's Constitutional Rights" (*id.* at ¶¶ 32, 47).

### B.    Justice Court Case

As further alleged in the Complaint (ECF 1), on April 7, 2022, Plaintiff sent a motion to dismiss for lack of jurisdiction to Defendant Davis County Justice Court (Justice Court), to which the Justice Court did not respond (*id.* at ¶¶ 65, 70). Plaintiff then received a notice of pretrial conference dated May 2, 2022 (*id.* at ¶ 66). Defendant Davis County Justice Court Judge Carl Ynchausti (Judge Ynchausti) and Davis County Prosecutor David Cole (Prosecutor Cole) were present at the conference, and Judge Ynchausti issued a continuance (*id.* at ¶ 73). Plaintiff submitted a second motion to dismiss on June 8, 2022 again challenging the Justice Court's jurisdiction, to which Prosecutor Cole did not respond (*id.* at ¶¶ 75, 77). The Justice Court issued an order denying Plaintiff's motion to dismiss (*id.* at ¶ 78). Plaintiff requested findings of fact and conclusions of law, which Judge Ynchausti did not provide to Plaintiff, and a court clerk indicated Judge Ynchausti would only discuss this at a pretrial conference (*id.* at ¶¶ 79–81). On August 4, 2022, Plaintiff filed a motion to reconsider and did not receive a response (*id.* at ¶ 84).

On August 24, 2022, Plaintiff attended a pretrial conference with another individual claiming to be her "lawful assistance of council [sic]" (*id.* at ¶¶ 86, 88). Judge Ynchausti stated, "You're not council [sic], unless you can show me a bar license" and instructed the court deputies to ask this individual to sit back in the galley (*id.* at ¶ 88). Judge Ynchausti twice stated he was going to give this individual "one chance to do what I am ordering you to do" (*id.* at ¶¶ 89, 92). This individual responded by asking, "Under Title 18 § 1583 are you committing slavery and

involuntary servitude?" (*id.* at ¶ 92). Judge Ynchausti then ordered the court deputies to remove this individual from the courtroom and closed the hearing to the public (*id.* at ¶¶ 93–94). Defendant Davis County Prosecutor Troy Rawlings (Prosecutor Rawlings) admitted there was no affidavit of probable cause, charging instrument, or an information on the record (*id.* at ¶ 102). Judge Ynchausti granted Prosecutor Rawlings additional time to submit an information and then set a trial date (*id.* at ¶¶ 104–105).

Plaintiff claims "there is no Real Party in interest" and "no Corpus Delecti" for her Justice Court case and that "a court may not summon Plaintiff for anything other than a hearing or a trial" because she "has never received service of process for any claim" (*id.* at ¶¶ 68–72). Plaintiff alleges the Justice Court "is NOT a court of record," and her Justice Court case must be dismissed because "Jurisdiction has NOT been proven on the record" (*id.* at ¶¶ 78, 91, 97, 99, 103). Plaintiff contends the failure to provide findings of fact and conclusions of law and the denial of her motions to dismiss show "clear bias and prejudice toward the Plaintiff" (*id.* at ¶¶ 83, 100).

### III.   PLAINTIFF'S MOTIONS

#### A.   Motions for Excess Pages

Plaintiff's Motions for Excess Pages request additional pages for response memoranda on the grounds that Defendants have "complicated the issues," and this case is "further complicated by the number of [Defendants] involved" (ECF 41 at 1; ECF 45 at 1). Under District of Utah Local Rule of Civil Procedure 7-1(a)(6), "a party must first obtain a court order authorizing the additional pages or words before filing a . . . response . . . that exceeds the page or word limits[.]" DUCivR 7-1(a)(6)(A). As such, the motion for excess pages "must be filed, and the order obtained, *before* filing the overlength . . . response[.]" *Id.* (emphasis added). The motion for excess pages must

include both "(i) the number of additional pages or words that are needed" and "(ii) a statement of good cause why additional pages or words are needed." DUCivR 7-1(a)(6)(A)(i)–(ii).

Here, Plaintiff's Motions for Excess Pages (ECF 41; ECF 45) fail to comply with Local Rule 7-1(a)(6). Although these Motions each include a statement of why additional pages are needed, Plaintiff failed to include the number of additional pages needed. More importantly, Plaintiff failed to file the Motions and obtain an order authorizing the additional pages *before* filing the overlength Responses (ECF 42; ECF 46) and instead filed them simultaneously. The First Motion for Excess Pages (ECF 41) was filed with a 55-page Response (ECF 42), which exceeds the applicable 10-page limitation by more than fivefold. *See* DUCivR 7-1(a)(4)(D)(i). Similarly, the Second Motion for Excess Pages (ECF 45) was filed with a 60-page Response (ECF 46), which exceeds the applicable 25-page limitation by more than double. *See* DUCivR 7-1(a)(4)(A)(i). Due to these procedural deficiencies, and because the court does not find good cause for the unusually excessive length of the Responses (ECF 42, 46), the court hereby DENIES the First Motion for Excess Pages (ECF 41) and the Second Motion for Excess Pages (ECF 45). In light of Plaintiff's pro se status, the court has nonetheless considered the Responses (ECF 42, 46) to the extent they assist with the court's resolution of the pending motions.

### B.    Motion to Vacate Order

Plaintiff asks the court to vacate its October 13, 2022 Order (ECF 39) granting Davis County Defendants additional time to respond to the Complaint. Rule 60(b) provides in relevant part that "[o]n motion and just terms, the court may relieve a party" from an order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Plaintiff seeks relief on the grounds of mistake because the Order "was granted before proper service of process and response time had run" (ECF 43 at 3). Plaintiff contends she was not properly served because the motion

for extension "lacks proper postage including only a metered mail label and does NOT contain a mail cancellation date" (ECF 43 at 1). Davis County Defendants respond that there is nothing in the rules that requires use of postage stamps rather than metered postage for service and their request for an extension was timely filed and supported by good cause (ECF 47 at 4–5).

The court agrees with Davis County Defendants. Plaintiff does not appear to dispute that she received the motion for extension of time, and her argument that proper service requires "proper postage" is meritless. Her contention that the court entered the Order before her response deadline is also baseless. The court issued a docket text order expediting the response deadline to October 12, 2022 (ECF 38). Because Plaintiff failed to respond before this date, the court entered its Order granting the extension on October 13, 2022 (ECF 39). Plaintiff's Response (ECF 42) filed on October 17, 2022 was therefore untimely. Moreover, as explained above, this 55-page Response (ECF 42) was improperly filed with 45 excess pages without obtaining prior leave of court. *See* DUCivR 7-1(a)(4)(D)(i); DUCivR 7-1(a)(6)(A). Notwithstanding these procedural deficiencies, the Response (ECF 42) fails to show any valid basis for denying Davis County Defendants' timely request for an extension of a reasonable amount of time. Because Plaintiff has thus failed to show grounds for relief from the court's October 13, 2022 Order (ECF 39), the court hereby DENIES the Motion to Vacate Order (ECF 43).

C.    **Motion for Summary Judgment**

Plaintiff's Motion for Summary Judgment asks the court to "Grant an Order for Summary Judgment for restitution of a redress of grievance" (ECF 57 at 1). Plaintiff claims to be entitled to summary judgment because Defendants "have failed to deny allegations against them" with "affidavits, sworn statements, depositions on the record, and have only submitted statements of counsel" (*id.* at 3). In support, Plaintiff filed two Affidavits of Support in which she affirms that

"the fact set forth in this petition are true and correct to the best of my knowledge" and cites to religious texts (ECF 58, 63). In their Opposition, Farmington City Defendants argue that Plaintiff has failed to meet her burden on summary judgment because she "failed to cite to any specific pieces of admissible evidence" (ECF 60 at 5).

Under Federal Rule of Civil Procedure 56, a court will grant summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(a). Rule 56 provides stringent requirements for supporting factual assertions:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Local Civil Rule 56-1 provides that a motion for summary judgment must "be supported by an Appendix of Evidence," contain "[a] concise statement of the undisputed material facts that entitle the moving party to judgment as a matter of law," and "cite with particularity the evidence in the Appendix that supports each factual assertion." DUCivR 56-1(b).

Here, Plaintiff's Motion for Summary Judgment fails to comply with the requirements set forth in Rule 56 and Local Rule 56-1. Although Plaintiff filed two Affidavits of Support, these filings do not contain any record evidence or the materials contemplated by Rule 56, but rather cite only to religious texts (ECF 58, 63). Further, the Motion does not include a concise statement of undisputed facts or citations to particular evidence. Due to Plaintiff's failure to comply with the procedural requirements set forth in Local Rule 56-1, the court declines to sift through Plaintiff's filings to discern whether there are disputes of material fact. *See Munoz v. St. Mary-Corwin Hosp.*,

221 F.3d 1160, 1167 n.6 (10th Cir. 2000) (declining to "search the record in an effort to determine whether there exists dormant evidence which might require submission of the case to a jury" (quoting *Thomas v. Wichita Coca–Cola Bottling Co.*, 968 F.2d 1022, 1025 (10th Cir. 1992))). Accordingly, the undersigned hereby RECOMMENDS that the court DENY Plaintiff's Motion for Summary Judgment (ECF 57) without prejudice.

## IV.   DEFENDANTS' MOTIONS

Farmington City Defendants and Davis County Defendants' Motions to Dismiss (ECF 37, 44) seek dismissal of the Complaint under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Because Plaintiff is proceeding pro se, the court construes her Complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]his liberal treatment is not without limits, and 'this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)). The court considers Farmington City Defendants and Davis County Defendants' arguments and reviews the Complaint in light of these standards.

A.      **Claims against Davis County Defendants**

1.      *Judge Ynchausti*

Davis County Defendants argue that Plaintiff's claims against Judge Ynchausti should be dismissed under judicial immunity (ECF 13 at 6). "A judge is absolutely immune from liability for his [/or her] judicial acts even if [the] exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). "Judges are generally immune from suits for money damages." *Pledger v. Russell*, 702 F. App'x 683, 684 (10th Cir. 2017) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). The Supreme Court has recognized "only two narrow exceptions to absolute judicial immunity: (1) 'actions not taken in the judge's judicial capacity (*i.e.* non-judicial actions) and (2) judicial actions 'taken in the complete absence of all jurisdiction.'" *Higley v. Utah*, No. 2:14-cv-00506-CW, 2016 WL 1170811, at *2 (D. Utah Jan. 19, 2016) (quoting *Mireles*, 502 U.S. at 11–12), *report and recommendation adopted sub nom. Higley v. Utah State Legislature*, No. 2:14-CV-00506-CW-EJF, 2016 WL 1171526 (D. Utah Mar. 24, 2016). A judge's action is "judicial" if "it is a function normally performed by a judge." *Id.* (quoting *Stump*, 435 U.S. at 362).

Here, Plaintiff alleges that Judge Ynchausti denied her motions to dismiss and failed to provide findings of fact and conclusions of law upon request. These actions are clearly judicial in nature and subject to absolute judicial immunity. Plaintiff further alleges that Judge Ynchausti removed an individual claiming to be her counsel from the courtroom and closed a hearing to the public. The Tenth Circuit has recognized that "it is the judge's responsibility to exercise control over the courtroom and take security precautions during a trial. . . and this responsibility directly concerns his duty to see that cases are decided in a peaceful and dignified atmosphere." *Martinez v. Winner*, 771 F.2d 424, 434–35 (10th Cir.), *opinion modified on denial of reh'g,* 778 F.2d 553

(10th Cir. 1985). Because Plaintiff has thus failed to allege any facts showing Judge Ynchausti acted outside his judicial capacity or in the absence of jurisdiction, her claim for money damages is barred as to Judge Ynchausti. Moreover, a claim for injunctive relief against Judge Ynchausti is unavailable under § 1983. *See Pledger*, 702 F. App'x at 685 (citing 42 U.S.C. § 1983). The undersigned therefore RECOMMENDS that Plaintiff's claims against Judge Ynchausti be dismissed without prejudice.

### 2. *Prosecutors Cole and Rawlings*

Davis County Defendants seek dismissal of Plaintiff's claims against Prosecutors Cole and Rawlings based on prosecutorial immunity. "Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *Nielander v. Bd. of Cty. Comm'rs of Cty. of Republic*, 582 F.3d 1155, 1164 (10th Cir. 2009) (citing *Imbler v. Pachtman*, 424 U.S. 409, 425–28 (1976)). Courts "have long drawn a distinction between a prosecutor's actions in connection with the judicial process, which are protected by prosecutorial immunity, and those that are primarily investigative or administrative in nature and hence are not so protected from suit." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1490 (10th Cir. 1991) (citing *Imbler*, 424 U.S. at 430–31).

Here, Plaintiff alleges that Prosecutor Cole and Rawlings were present at hearings before the Justice Court and that Prosecutor Rawlings admitted there was not a charging document. These actions were plainly in connection with the judicial process and protected by absolute prosecutorial immunity. Plaintiff has thus failed to allege any facts that show that Prosecutor Cole or Rawlings acted outside of their prosecutorial role within the judicial process or any other facts or law showing the doctrine of absolute prosecutorial immunity does not apply. The undersigned

therefore RECOMMENDS that Plaintiff's claims against Prosecutor Cole and Rawlings be dismissed without prejudice.

3.    *Davis County Attorney's Office and Davis County Justice Court*

Davis County Defendants move for dismissal of Davis County Attorney's Office and Davis County Justice Court as non-suable governmental subdivisions. "Normally governmental subdivisions do not qualify as separate suable entities." *Jensen v. Bureau of Crim. Info.*, No. 2:19-CV-168 DBP, 2019 WL 5788592, at *2 (D. Utah Nov. 6, 2019) (dismissing the Utah Bureau of Criminal Identification because it is not a suable entity) (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985)). Courts have held that justice courts and county attorney's offices are entities not capable of being sued. *See Burbank v. United States Dist. Court*, No. 2:04CV00742 JEC, 2006 U.S.Dist. LEXIS 33086, *8–9 (D. Utah Mar. 30, 2006) (dismissing claims against the Utah County Sheriff's Department and Utah County Justice Court); *Goings v. Sumner Cnty. Dist. Attorney's Off.*, No. 13-1107-RDR, 2013 WL 6440267, at *2 (D. Kan. Dec. 9, 2013), *aff'd and remanded in part*, 571 F. App'x 634 (10th Cir. 2014) ("Actions against Kansas district attorney's offices and county attorney's offices have routinely been dismissed because they are not entities capable of being sued."). The undersigned therefore RECOMMENDS that Plaintiff's claims against Davis County Attorney's Office and Davis County Justice Court be dismissed without prejudice.

**B.    Sovereign Citizen Claims**

Davis County Defendants and Farmington City Defendants seek dismissal of the Fifth, Sixth, and Tenth Causes of Action for failure to state a claim. Plaintiff's Fifth Cause of Action for "conspiracy against rights" under 18 U.S.C. §§ 241, 242, Sixth Cause of Action for "prejudice and bias," and Tenth Cause of Action for "simulation of legal process" are not cognizable claims. These frivolous claims are based on Plaintiff's baseless contention that Defendants lacked

jurisdiction or authority to enforce traffic laws against her. These types of "sovereign citizen" arguments "ha[ve] been rejected repeatedly by courts." *See Utah Dept. of Workforce Services v. Geddes*, No. 2:13-cv-24-TS, 2013 WL 1367025, at *2 (D. Utah Apr. 4, 2013) (quoting *Capital One Bank v. Glavin*, 2011 WL 1211512, at *1 (W.D. Wis. Mar. 31, 2011)); *see also Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) ("[A]n individual's belief that her status as a 'sovereign citizen' puts her beyond the jurisdiction of the courts 'has no conceivable validity in American law.'" (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990))). The undersigned therefore RECOMMENDS that Plaintiff's Fifth, Sixth, and Tenth Causes of Action be dismissed with prejudice as frivolous.

### C.   State Law Claims

Davis County Defendants and Farmington City Defendants assert that Plaintiff's state law claims for assault, respondeat superior, and indemnification set forth in the Ninth, Eleventh and Twelfth Causes of Action are subject to dismissal under the Governmental Immunity Act of Utah (UGIA). Under the UGIA, "[a]ny person having a claim against a governmental entity, or against the governmental entity's employee for an act or omission occurring during the performance of the employee's duties, within the scope of employment, or under color of authority shall file a written notice of claim with the entity before maintaining an action, regardless of whether or not the function giving rise to the claim is characterized as governmental." Utah Code Ann. § 63-G-7-401(2). "Compliance with the UGIA['s notice of claim requirement] is a prerequisite to vesting a district court with subject matter jurisdiction over claims against governmental entities [and employees of governmental entities]." *Myers v. St. George Police Dep't,*, No. 4:20-CV-00113-DN-PK, 2021 WL 4150888, at *5 (D. Utah Sept. 13, 2021), *aff'd sub nom. Myers v. Tufuga*, No. 22-4027, 2023 WL 2054061 (10th Cir. Feb. 17, 2023) (quoting *Amundsen v. Univ. of Utah*, 448

P.3d 1224, 1229 (Utah 2019)). Here, Plaintiff does not allege and the docket does not reflect that Plaintiff filed a "notice of claim" as required by Utah Code Ann. § 63-G-7-401(2). Due to Plaintiff's apparent failure to strictly comply with the UGIA, the court lacks subject matter jurisdiction over her state law claims. The undersigned therefore RECOMMENDS that Plaintiff's Ninth, Eleventh and Twelfth Causes of Action be dismissed without prejudice.

### D.    Section 1983 Claims

Davis County Defendants and Farmington City Defendants move for dismissal of Plaintiff's claims under 42 U.S.C. § 1983 asserted in the Second Cause of Action for false arrest, Third Cause of Action for unreasonable search and seizure, Fourth Cause of Action for conspiracy to commit constitutional violations, Seventh Cause of Action for failure to intervene, and Eighth Cause of Action for malicious prosecution. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law violated the plaintiff's constitutional rights. *See West v. Atkins*, 487 U.S. 42, 78 (1988). As relevant here, to state a claim for conspiracy, a plaintiff must allege "obstructing justice to deny a person equal protection of the laws; or depriving a person of his rights and privileges to deny him equal protection of the laws." *Higley*, 2016 WL 1170811, at *4 (citing 42 U.S.C. § 1985). These types of claims require a plaintiff to allege a "racial, or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' actions." *Id.* (quoting *Griffin v. Brekenridge*, 403 U.S. 88, 102 (1971)).

Here, Plaintiff makes only conclusory allegations violations of her rights but does not allege sufficient facts regarding individual misconduct or discriminatory animus by any of these Defendants. Plaintiff instead relies primarily on frivolous sovereign citizen arguments to support her claims. The "requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the

defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). Because Plaintiff has failed to identify the specific grounds for the claims against each Defendant, she has failed to sufficiently allege a plausible claim for constitutional violations against any of these Defendants. The undersigned therefore RECOMMENDS that Plaintiff's Second, Third, Fourth, Seventh, and Eighth Causes of Action be dismissed without prejudice for failure to state a claim.

### E.    Claims for Declaratory and Injunctive Relief

Farmington City Defendants and Davis County Defendants request dismissal of Plaintiff's claims for declaratory and injunctive relief in the First Cause of Action. Plaintiff requests declaratory relief to the effect that the traffic codes enforced by Defendants are unconstitutional (ECF 1 at ¶¶ 112–117). Similarly, Plaintiff requests injunctive relief to enjoin Defendants from enforcing unconstitutional traffic codes or taking any action against Plaintiff on this basis (*id.* at ¶¶ 112–117, 197–199, 202–07). While this type of relief is cognizable, these claims are once again based on frivolous sovereign citizen arguments and are therefore subject to dismissal for failure to state a claim. The undersigned RECOMMENDS that Plaintiff's First Cause of Action for declaratory and injunctive relief be dismissed without prejudice.

### ORDER

For the foregoing reasons, the court hereby ORDERS as follows:

1.    Plaintiff's First Motion for Excess Pages (ECF 41) is DENIED;

2.    Plaintiff's Second Motion for Excess Pages (ECF 45) is DENIED; and

3.    Plaintiff's Motion to Vacate Order (ECF 43) is DENIED.

## RECOMMENDATION

In addition, IT IS HEREBY RECOMMENDED that:

1.      Plaintiff's Motion for Summary Judgment (ECF 57) be DENIED;

2.      Davis County Defendants' Motion to Dismiss (ECF 44) and Farmington City Defendants' Motion to Dismiss (ECF 37) be GRANTED IN PART and DENIED IN PART as follows:

   a)      Plaintiff's claims against Davis County Defendants be DISMISSED without prejudice;

   b)      Plaintiff's Fifth, Sixth, and Tenth Causes of Action be DISMISSED with prejudice; and

   c)      Plaintiff's First, Second, Third, Fourth, Seventh, Eighth, Ninth, Eleventh, and Twelfth Causes of Action be DISMISSED without prejudice.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 26 July 2023.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah