IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **DIANE KILLIAN ALLAN,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**DANE HANSON,** *et al.***,**<br><br>　　　　**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 1:22-CV-117-DAK**<br><br>**Judge Dale A. Kimball** |

　　　　On September 19, 2023, Plaintiff Diane Killian Allan filed a document entitled "Advisement and Notice of Non-Consent," which the court construed to be a Motion to Reopen the case. The last paragraph of the "Advisement and Notice of Non-Consent" states that Plaintiff moves the court to reopen this case and to provide her an equitable opportunity to amend. Defendants have not responded to her motion and the time to do so has passed.

　　　　In order to have the court reopen the case, Plaintiff must meet the requirements of Rule 60(b) of the Federal Rules of Civil Procedure, which provides several grounds for relief from a final judgment including mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, and any other reason that justifies relief. Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is extraordinary and may only be granted in "exceptional circumstances." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999). "A plaintiff must overcome a higher hurdle to obtain relief from a post-judgment motion than on direct appeal from a judgment." *LeFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003). A plaintiff may not merely rehash arguments that were

already addressed and ruled on by the court. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

Plaintiff has not attempted to meet her burden under Rule 60. Plaintiff's motion states that she was not afforded an opportunity to amend her complaint prior to the court's dismissal. However, Plaintiff opposed Defendants' motions to dismiss and could have asked for leave to amend at that time. Stating that some facts may come to light during discovery is not seeking leave to amend and such speculative statements do not make a claim more plausible. Plaintiff also chose not to file anything in response to the Magistrate Judge's Report and Recommendation recommending that her claims be dismissed. In this court's Order adopting the Magistrate Judge's Report and Recommendation, the court concluded that amending several of Plaintiff's claims would be futile because she could not plead any set of facts that could state a claim against certain entities. In addition, Plaintiff's claims against individuals with absolute immunity demonstrated no facts that could plausibly state a claim outside that immunity. Plaintiff's speculation that such facts could exist is not supported by the facts Plaintiff alleged in her Complaint. Plaintiff had the opportunity to defend her claims while her case was open. She has provided no basis for setting aside the judgment in this case pursuant to Rule 60(b). Accordingly, Plaintiff's motion to reopen the case is denied.

DATED this 17th day of October 2023.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge